**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE MERCK & CO., INC. VYTORIN/ZETIA SECURITIES LITIGATION** | **Civil Action No. 08-2177 (DMC)**<br><br>**OPINION** |

This matter comes before the Court by way of Plaintiffs' motion to partially modify the PSLRA discovery stay [CM/ECF Docket Entry No. 53]. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Plaintiffs' motion is **denied.**

## BACKGROUND

Because the Court writes solely for the parties, a familiarity with the underlying factual and procedural history of this securities class action (and related multidistrict litigation) will be assumed and will not be repeated here except where necessary to provide context for the pending application. Suffice it to say that Plaintiffs commenced the instant cause of action in May 2008. Defendants filed a motion to dismiss the operative complaint in December 2008. This motion is now fully briefed and pending before the Honorable Dennis M. Cavanaugh, U.S.D.J. Discovery is proceeding in the non-securities cases comprising the related multidistrict litigation. Discovery in this securities matter, however, has been stayed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## DISCUSSION

The PSLRA provides, in relevant part, that "[i]n any private action arising under this chapter, all discovery and other proceedings **shall** be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).

Plaintiffs seek to modify the PSLRA's mandatory stay of discovery for the purpose of permitting Plaintiffs to obtain documents that have been produced to government regulators and investigators in connection with their ongoing investigations. Plaintiffs seek such a modification on the basis that they will be "unduly prejudiced by [their] . . . inability to make informed decisions about . . . litigation strategy in what is a rapidly shifting landscape, and could ultimately be left with nothing given the significant exposure facing the Defendants from numerous other fronts." (Pl. Br. at 29).

At this time, the Court finds, in its discretion, that the nature of Plaintiffs' request, in the context of this particular securities class action (and related multidistrict litigation), does not rise to the level of "undue prejudice" contemplated by Congress in creating the very narrow exceptions to the PSLRA's mandatory stay of discovery provision. See, e.g., Sisk v. Guidant Corp., No. 05-1658, 2007 WL 1035090, at *4 (S.D. Ind. March 30, 2007) (denying motion to lift the PSLRA stay and noting that "the fact that Defendants have already produced the requested documents to governmental entities does not, in our view, create undue prejudice for Plaintiffs."); In re Fannie Mae Sec. Litig., 362 F.Supp. 2d 37, 39 (D.D.C. 2005) (denying motion to lift PSLRA stay on the basis of "undue prejudice" even where documents had been produced to the government, and finding that

such did not result in defendants being "unfairly shielded from liability" or "disadvantaged during possible settlement negotiations."); Rampersand v. Deutsche Bank Sec., Inc., 381 F. Supp. 2d 131, 133 (S.D.N.Y. 2003) (denying motion to lift the PSLRA stay and finding "no authority" for the "categorical exception" to the PSLRA stay "when the information sought has already been provided to a governmental agency.").   The cases relied upon by Plaintiffs are largely distinguishable inasmuch as they involve unique circumstances not currently present here.   See, e.g., In re Enron Corp. Sec., Derivative & ERISA, No. 01-3642, 2002 WL 31845114, at *1 (S.D. Tex. Aug. 16, 2002) (granting motion to lift PSLRA discovery stay where defendant had filed for bankruptcy); In re WorldCom, Inc. Sec. Litig., 234 F. Supp. 2d 301, 305-306 (S.D.N.Y. 2002) (granting motion to lift PSLRA discovery stay where defendant had filed for bankruptcy, and given that global settlement negotiations were imminent).

## **CONCLUSION**

Based on the reasons set forth above, Plaintiffs' motion to partially modify the PSLRA discovery stay is **denied.**  An appropriate Order accompanies this Opinion.

**DATE: May 22, 2009**

**/s/ Mark Falk_____**
**Mark Falk**
**United States Magistrate Judge**

Orig.:  Clerk of the Court
cc:      Hon. Dennis M. Cavanaugh, U.S.D.J.
          All Parties
          File