UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. VYTORIN/ZETIA SECURITIES LITIGATION | Civil Action No. 08-2177 (DMC) (MF) |

**LEAD PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the District of New Jersey, Stichting Pensioenfonds ABP ("ABP"), International Fund Management, S.A. (Luxembourg) ("IFM"), Deka International (Ireland) Limited ("Deka-Ireland"), the Jacksonville Police and Fire Retirement System ("Jacksonville") and the General Retirement System of the City of Detroit ("Detroit") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby respond to the First Set of Interrogatories Directed to Plaintiffs, dated April 12, 2010, by Defendants Merck & Co., Inc. ("Merck" or the "Company"), Merck/Schering-Plough Pharmaceuticals Company, LLC ("M/S-P"), Richard T. Clark, Peter S. Kim, Judy C. Lewent, Deepak Khanna, and Wendy L. Yarno (collectively, "Defendants") (the "Interrogatories").

**GENERAL OBJECTIONS**

Plaintiffs generally object to the Interrogatories on the following grounds, each of which is expressly incorporated by reference in the responses to the individual requests below. All responses set forth herein are subject to and without waiver of any of these General Objections:

1.   Plaintiffs object to each and every instruction and definition set forth in the Interrogatories to the extent that they (a) seek to impose on Plaintiffs obligations that are not imposed by law, or are otherwise inconsistent with the Federal Rules of Civil Procedure, the

Local Civil Rules of the United States District Court for the District of New Jersey, or applicable case law; (b) are vague or ambiguous; (c) seek unreasonably duplicative responses; (d) are overbroad in terms of scope or duration; (e) are unduly burdensome or oppressive in that they would require a search for documents that are of little or no benefit with respect to the issues or controversies in this action, so that the value of information would be far outweighed by the burden of obtaining them; and/or (f) seek information that is not reasonably calculated to lead to the discovery of admissible evidence, is not relevant to any claim or defense of any party, or is immaterial.

2. Plaintiffs object to the Interrogatories to the extent that they seek or require the disclosure of information or documents that are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the joint prosecution or common interest privilege, the right to privacy, or any other applicable privilege or immunity. In particular, the identities of persons that Plaintiffs' attorneys in this matter selected to interview or relied upon regarding the Consolidated Class Action Complaint for Violations of the Federal Securities Laws filed by Plaintiffs on October 6, 2008 (the "Complaint") are protected under the attorney work-product doctrine. Inadvertent production of any such document is not intended to be and shall not operate as a waiver of any applicable privilege, protection or immunity, in whole or in part.

3. Plaintiffs object to the Interrogatories to the extent that they seek information or disclosures containing trade secrets, proprietary or confidential information.

4. Plaintiffs' objections are provided without prejudice to their right to produce evidence of any subsequently discovered facts or any facts that they may later recall, and with express rights to revise, correct, supplement or clarify any objections or responses set forth herein at a later time.

5.   By responding to the Interrogatories, Plaintiffs do not concede the relevancy, materiality or admissibility as evidence of any of the information sought.

6.   Plaintiffs object to the Interrogatories and each and every instruction, definition and interrogatory therein to the extent that they call for information or data readily available through public sources, from sources that are more convenient, less burdensome or less expensive.

7.   Plaintiffs object to the Interrogatories and each and every instruction, definition and interrogatory therein to the extent that they call for information outside the possession, custody, or control of Plaintiffs, or to the extent that they seek information that is already within Defendants' possession, custody or control.

8.   Plaintiffs object to the Interrogatories and each and every instruction, definition and interrogatory therein to the extent that they call for information unrelated to the subject matter of this litigation.

9.   Plaintiffs object to the Interrogatories and each and every instruction, definition and interrogatory therein to the extent that they call for the creation of new documents, reports, spreadsheets, or data compilations.

10.  Plaintiffs object to the Interrogatories and each and every instruction, definition and interrogatory therein to the extent that they are unreasonably cumulative and/or duplicative of Defendants' First Set of Requests for the Production of Documents.

11.  No objection, limitation, response, or lack thereof made in this Response is intended as an admission by Plaintiffs as to the existence or non-existence of information responsive to the Interrogatories.

3

12. Plaintiffs object to the Interrogatories on the grounds, and to the extent, that they use vague and ambiguous terms that are not defined in the "Definitions" section of the Interrogatories.

13. Plaintiffs object to the time period set forth in the "Instructions" section of the Requests to the extent it is overbroad as to time or scope. Unless otherwise specified below, the documents produced in response to the Interrogatories will be limited to documents relevant to the Class Period set forth in the Complaint.

14. This response to the Interrogatories is made without waiving (and expressly reserving) Plaintiffs' right (a) to object on any ground to the use of the information provided in the responses at any stage or proceeding in this action or any other action, (b) to object on any ground to other information that involves or relates to the subject matter of the Interrogatories, and (c) to revise, correct, supplement or clarify any of the responses set forth herein at a later time.

15. The inadvertent production or revelation of privileged or otherwise protected information shall not be deemed to waive the privilege or protection with respect to such information or any other information.

16. Plaintiffs reserve the right to make any use of, or to introduce at any hearing and at trial, information responsive to the Interrogatories but discovered subsequent to the date of Plaintiffs' responses to the Interrogatories, including but not limited to any information obtained during discovery.

17. The information provided herein is based on Plaintiffs' present knowledge, information, and belief. Plaintiffs reserve the right to supplement, amend or correct all or any parts of any response provided herein, which are subject to such additional or different

4

information as discovery or further investigation may disclose. Plaintiffs further reserve the right to object to the admissibility of all or any part of the responses provided herein and any information contained herein.

18. Plaintiffs object to the definitions of "Plaintiffs," "you," and "your" in the Interrogatories to the extent that they are overbroad and would impose upon Plaintiffs an undue burden with regard to the collection of information responsive to the Interrogatories but are cumulative and/or duplicative of responses offered in relation to named plaintiffs only.

19. By making a specific objection to a particular interrogatory, Plaintiffs do not imply that the specific objection is not applicable in response to any other particular interrogatory, or that the general objections are not applicable to that request.

## OBJECTIONS TO DEFINITIONS

1. Plaintiffs object to the definition of "Merck" as vague and ambiguous because it appears to contain a typographical error for Merck's current corporate name.

2. Plaintiffs object to the definition of "Merck Stock" as it is vague and ambiguous, overly broad, unduly burdensome, seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information relating to securities other than the securities which are the subject of this lawsuit, including its vague and overbroad inclusion of securities "related to Merck." To the extent that Plaintiffs disclose publicly available information that is relevant to Plaintiffs' transactions in Merck securities between May 1, 2006 and March 28, 2008, inclusive ("Class Period"), but also contain information concerning securities other than those which are the subject of this lawsuit, such disclosure does not constitute a waiver of (and Plaintiffs

5

expressly reserve) their objections to the Interrogatories concerning any securities transactions other than Plaintiffs' Class Period transactions in Merck securities.

3. Plaintiffs object to the definition of "Plaintiffs" on the grounds that the definition is overly broad, unduly burdensome, and vague and ambiguous. The definition includes unknown and unknowable numbers of "attorneys", "agents", "representatives", "affiliates", and "anyone acting on its behalf." Plaintiffs also object to this definition to the extent it purports to require Plaintiffs to provide information not within their custody or control. In responding to the Interrogatories, Plaintiffs will construe "you" or "your" to mean ABP, IFM, Deka-Ireland, Jacksonville and Detroit, and their board members, officers and employees.

### SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

Subject to, and without waiver of, the foregoing General Objections, which are incorporated by reference into each of the following Responses to Interrogatories, Plaintiffs respond and object to the Interrogatories as follows:

**INTERROGATORY NO. 1:** Identify each person or entity with knowledge or information relevant to the subject matter of Plaintiffs' claims against the Defendants.

**RESPONSE TO INTERROGATORY NO. 1:** Plaintiffs object to this Interrogatory as it is overly broad, vague and ambiguous, and unduly burdensome. Specifically, Plaintiffs object to the vagueness, ambiguity, and unduly burdensome nature of the Interrogatory insofar as it purports to require the identification of each person and entity with knowledge or information about the ill-defined "subject matter" of claims against Defendants. Plaintiffs further object to the Interrogatory to the extent that it calls for responses concerning subject matter as to which discovery is not complete.

Subject to and without waiving the foregoing Specific and General Objections, Plaintiffs refer to the persons and entities listed in response "A" to Defendants' Initial Discovery

6

Disclosures, dated February 1, 2010, as well as the persons and entities listed in response 1, parts B and C in the Joint Initial Disclosure Statement of Lead Plaintiffs in the Schering-Plough and Merck Securities Actions Pursuant to Federal Rule of Civil Procedure 26(A)(1), dated February 1, 2010.

**INTERROGATORY NO. 2:** For each Plaintiff (a) state the amount of damages allegedly sustained as a result of Defendants' actions; (b) explain in detail how such alleged damages were calculated; and (c) state the time period over which any alleged damages that Plaintiffs seek to recover in this Action were incurred.

**RESPONSE TO INTERROGATORY NO. 2:** Plaintiffs object to this Interrogatory as it is overly broad, vague and ambiguous, and unduly burdensome. Plaintiffs further object to this Interrogatory as compound or complex and not narrowly focused. Additionally, Plaintiffs object to this Interrogatory to the extent that it seeks improperly to impose upon Plaintiffs a duty to provide information that is not within the possession, custody or control of Plaintiffs but is instead in the possession of their attorneys. Plaintiffs further object to this Interrogatory to the extent that it calls for a legal conclusion or a legal argument.

Subject to and without waiving the foregoing Specific and General Objections, Plaintiffs refer to the losses, methodology and time period identified in the June 3, 2008 Memorandum of Law in Support of the Institutional Investor Group's Motion for Consolidation, Appointment as Lead Plaintiffs and for Approval of their Selection of Counsel and the exhibits submitted therewith. Plaintiffs reserve the right to supplement their response to this Interrogatory, and subject to and without waiving the foregoing Specific and General Objections, Plaintiffs will provide Defendants with an expert damages report in accordance with the schedule set forth in the December 22, 2009 Pretrial Scheduling Order.

**INTERROGATORY NO. 3:** Identify any documents or sources of information on which Plaintiffs relied in making any decisions relating to their investments in Merck Stock.

Subject to and without waiving the foregoing Specific and General Objections, Plaintiffs refer Defendants to Plaintiffs' Complaint at paragraphs 542-53 as well as the Form 4s filed by Defendants during the Class Period.

**INTERROGATORY NO. 8:** Identify each of the confidential witnesses referenced in the Complaint and set forth the specific information or knowledge relating to any of Plaintiffs' allegations that was provided by each confidential witness.

**RESPONSE TO INTERROGATORY NO. 8:** Plaintiffs object to this Interrogatory as it is overly broad, vague and ambiguous, unduly burdensome, and duplicative. Specifically, Plaintiffs object to this Interrogatory to the extent that it calls for the identification of individuals already identified in the Joint Initial Disclosure Statement of Lead Plaintiffs in the Schering-Plough and Merck Securities Actions Pursuant to Federal Rule of Civil Procedure 26(a)(1), dated February 1, 2010, and thus requests information that is readily available to Defendants. Additionally, the nature of the information or knowledge possessed by such individuals is similarly disclosed in the Joint Initial Disclosure Statement of Lead Plaintiffs in the Schering-Plough and Merck Securities Action Pursuant to Federal Rule of Civil Procedure 26(a)(1), section 1.C. Plaintiffs further object to this Interrogatory on the ground that the identities of confidential witnesses that Plaintiffs' counsel decides to communicate with as part of its investigation are protected by the attorney work product doctrine.

DATED: June 2, 2010

| | |
|---|---|
| GRANT & EISENHOFER P.A.<br><br>_____<br>Jay W. Eisenhofer<br>Geoffrey C. Jarvis<br>John C. Kairis<br>James R. Banko<br>James P. McEvilly, III<br>1201 North Market Street<br>Wilmington, DE 19801<br>Telephone: (302) 622-7000<br>Facsimile: (302) 622-7100<br><br>*Co-Lead Counsel for the Class* | Salvatore J. Graziano<br>Adam Wierzbowski<br>Laura Gundersheim<br>Sean O'Dowd<br>BERNSTEIN LITOWITZ BERGER &<br>GROSSMANN LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 554-1400<br>Facsimile: (212) 554-1444<br><br>*Co-Lead Counsel for the Class* |
| James E. Cecchi<br>CARELLA BYRNE BAINE GILFILLAN<br>CECCHI STEWART & OLSTEIN<br>5 Becker Farm Road<br>Roseland, NJ 07068-1739<br>Telephone: (973) 994-1700<br>Facsimile: (973) 994-1744<br><br>*Co-Liaison Counsel for the Class* | Stephen A. Weiss<br>Christopher A. Seeger<br>SEEGER WEISS LLP<br>550 Broad Street<br>Newark, NJ 07102<br>Telephone: (973) 639-9100<br>Facsimile: (212) 584-0799<br><br>*Co-Liaison Counsel for the Class* |
| Christopher J. McDonald<br>Stephen W. Tountas<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, NY 10005<br>(212) 907-0700<br><br>*Counsel for Named Plaintiff Genesee County Employees' Retirement System* | Robert D. Klausner<br>KLAUSNER & KAUFMAN, PA<br>10059 N.W. 1st Court<br>Plantation, FL 33324<br>Telephone: (954) 916-1202<br>Facsimile: (954) 916-1232<br><br>*Additional Counsel for Lead Plaintiff Jacksonville Police and Fire Retirement System* |

## CERTIFICATE OF SERVICE

The undersigned, hereby certifies that on June 2, 2010, the below listed documents

1. LEAD PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

2. LEAD PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

were served via overnight mail on:

| | |
|---|---|
| William B. McGuire<br>William H. Trousdale<br>TOMPKINS, MCGUIRE,<br>WACHENFELD & BARRY LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102 | Douglas S. Eakeley<br>Gavin J. Rooney<br>LOWENSTEIN SANDLER PC<br>65 Livingston Avenue<br>Roseland, NJ 07068 |
| Daniel J. Kramer<br>Robyn F. Tarnofsky<br>Andrew G. Gordon<br>PAUL WEISS RIFKIND WHARTON &<br>GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019 | |

I further certify that the same documents were additionally emailed as a courtesy to the following email addresses: dkramer@paulweiss.com; rtarnofsky@paulweiss.com; agordon@paulweiss.com; wmcguire@tompkinsmcguire.com; grooney@lowenstein.com; wtrousdale@tompkinsmcguire.com; deakeley@lowenstein.com

/s/ James R. Banko
James R. Banko
GRANT & EISENHOFER P.A.
1201 North Market Street
Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7100