UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. VYTORIN/ZETIA SECURITIES LITIGATION | Civil Action No. 08-2177 (DMC) (MF) |

## LEAD PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiffs, Stichting Pensioenfonds ABP, International Fund Management, S.A. (Luxembourg), Deka International (Ireland) Limited, the Jacksonville Police and Fire Retirement System and the General Retirement System of the City of Detroit (collectively, "Plaintiffs," and each individually, "Plaintiff"), by and through their undersigned counsel, hereby respond to the First Set of Requests for the Production of Documents dated April 12, 2010 by Defendants Merck Sharp & Dohme Corporation ("Merck" or the "Company"), Merck/Schering-Plough Pharmaceuticals Company, LLC ("M/S-P"), Richard T. Clark, Peter S. Kim, Judy C. Lewent, Deepak Khanna, and Wendy L. Yarno (collectively, "Defendants") (the "Requests").

## INTRODUCTION

Plaintiffs' responses to these Requests are made for the sole purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, privacy and the like and any and all other objections are reserved and may be interposed at trial.

No incidental or implied admissions are intended in these responses. Plaintiffs' responses to all or any part of the Requests should not be taken as an admission that: (a) Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by that request; (b) Plaintiffs have in their possession, custody or control any document responsive to that request;

(c) documents responsive to that request exist; or (d) Plaintiffs' responses constitute admissible evidence. Plaintiffs' response to all or any part of a request is not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of their objection(s) to that request.

While Plaintiffs' prefiling and subsequent investigative efforts have been substantial, they have not completed their: (a) investigation of the facts relating to this case; (b) discovery in this action; or (c) preparation for trial. The following responses are based upon information known at this time. Plaintiffs reserve the right to make use of, or to introduce at any deposition, hearing and/or trial, documents responsive to the Requests but discovered subsequent to the date of service of Plaintiffs' responses to the Requests, including, but not limited to, any documents obtained in discovery.

## GENERAL OBJECTIONS

Plaintiffs generally object to the Requests on the following grounds, each of which is expressly incorporated by reference in the responses to the individual requests below. All responses set forth herein are subject to and without waiver of any of these General Objections:

1. Plaintiffs object to the instructions and definitions set forth in the Requests to the extent that they seek to impose on Plaintiffs obligations that are not imposed by law, or are otherwise inconsistent with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of New Jersey, or applicable case law.

2. Plaintiffs object to the Requests to the extent that they seek or require the disclosure of information or documents that are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the joint prosecution or common interest privilege, the right to privacy, or any other applicable privilege or immunity. In particular, the identities of persons Plaintiffs' attorneys in this matter selected to interview or relied upon regarding the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the

2

"Complaint") are protected under the attorney work-product doctrine. Such production as may hereafter occur pursuant to the Requests shall not include any documents protected by such privileges or doctrines. Inadvertent production of any such document is not intended to be and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

3. Plaintiffs object to the Requests to the extent that they seek production of documents containing trade secrets, proprietary or confidential information.

4. Plaintiffs' objections are provided without prejudice to their right to produce evidence of any subsequently discovered facts or any facts that they may later recall, and with express rights to revise, correct, supplement or clarify any objections or responses set forth herein at a later time.

5. Plaintiffs object to the Requests to the extent that they are unduly burdensome and oppressive in that they would require a search for documents that are of little or no benefit with respect to the issues or controversies in this action, so that the value of information would be far outweighed by the burden of obtaining them.

6. By responding to the Requests, Plaintiffs do not concede the relevancy, materiality or admissibility as evidence of any of the information sought.

7. Plaintiffs object to the Requests and each and every instruction, definition and request therein to the extent that they call for the production of documents outside of Plaintiffs' possession, custody or control, or to the extent that they seek information that is already within Defendants' possession, custody or control.

8. Plaintiffs object to the Requests and each and every instruction, definition and request therein to the extent that they call for the production of documents or data readily

available through public sources, from sources that are more convenient, less burdensome or less expensive.

9. No objection, limitation, response, or lack thereof made in this Response is intended as an admission by Plaintiffs as to the existence or non-existence of information responsive to the Requests.

10. Plaintiffs object to the time period contained in the "Instructions" section of the Requests to the extent it is overbroad as to time or scope. Unless otherwise specified below, the documents produced in response to the Requests will be limited to documents relevant to the Class Period set forth in the Complaint.

11. This response to the Requests is made without waiving (and expressly reserving) Plaintiffs' rights to: (a) object on any ground to the use of the information provided in the responses in any stage or proceeding in this action or any other action; (b) object on any ground to other information that involves or relates to the subject matter of the Requests; or (c) revise, correct, supplement or clarify any of the responses set forth herein at a later time.

12. The inadvertent production or revelation of privileged or otherwise protected documents or information shall not be deemed to waive the privilege or protection with respect to such documents or information or any other documents or information.

## OBJECTIONS TO DEFINITIONS

13. Plaintiffs object to the definition of "Merck Stock" as it is vague and ambiguous, overly broad, unduly burdensome, seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information relating to securities other than the securities which are the subject of this lawsuit, including its vague and overbroad inclusion of securities "related to Merck." To the extent that Plaintiffs produce publicly available documents that are relevant to

4

Plaintiffs' transactions in Merck securities between May 1, 2006 and March 28, 2008, inclusive ("Class Period"), but also contain information concerning securities other than those which are the subject of this lawsuit, in un-redacted form, such production does not constitute a waiver of (and Plaintiffs expressly reserve) their objections to the production of documents concerning any securities transactions other than Plaintiffs' Class Period transactions in Merck securities.

14. Plaintiffs object to the definition of "Plaintiffs" on the grounds that the definition is overly broad, unduly burdensome, and vague and ambiguous. The definition includes unknown and unknowable numbers of "attorneys", "agents", "representatives", "affiliates", and "anyone acting on its behalf." Plaintiffs also object to this definition to the extent it purports to require Plaintiffs to provide information not within their custody or control. In responding to the Document Requests, Plaintiffs will construe "you" or "your" to mean ABP, IFM, Deka-Ireland, Jacksonville and Detroit, and their board members, officers and employees.

15. Plaintiffs object to the definition of "Representative" on the grounds that the definition is overly broad, unduly burdensome, and vague and ambiguous. The definition includes unknown and unknowable numbers of "attorneys", "agents", "accountants", "servants", "investigators", "analysts", "brokers", and "dealers." Plaintiffs also object to this definition to the extent it purports to require Plaintiffs to provide information not within their custody or control.

### SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents referred to, or relied upon, in drafting the Complaint.

**RESPONSE TO REQUEST NO. 1:** Plaintiffs object to this Request as it is vague, ambiguous, overly broad, unduly burdensome, and seeks and purports to require disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other

applicable privilege, protection or immunity, including without limitation its reference to "All documents referred to . . . in drafting the Complaint." Plaintiffs further object to this Request to the extent that it seeks information which is public or to which Defendants have equal or greater access and which is more convenient, less burdensome or less costly to obtain from sources other than Plaintiffs.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive non-public, relevant documents that are not privileged and do not constitute attorney work-product, for the Class Period to the extent such documents exist and are in Plaintiffs' possession, custody or control.

**REQUEST NO. 2:** All documents and electronically stored information concerning Merck or Merck securities, including, but not limited to, any documents concerning any communications regarding Merck or Merck securities that are in the Plaintiffs' possession, custody, or control.

**RESPONSE TO REQUEST NO. 2:** Plaintiffs object to this Request as it is vague, ambiguous, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation its request for "All documents" and "any documents" concerning the stated subject matter. Plaintiffs further object to the Request insofar as it: (a) seeks information relating to securities other than the securities which are the subject of this lawsuit; and (b) is not limited to topics concerning "Merck or Merck securities" relevant to this litigation.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney work-product, to the extent such documents exist and are in Plaintiffs' possession, custody or control, sufficient to show: (a) all transactions in Merck securities by the Plaintiffs during the Class Period; and (b) materials that Plaintiffs relied upon in engaging in such transactions, if any.

6

limitation *its request for "All documents" regarding the stated subject matter.* Plaintiffs further object to this Request to the extent that it is duplicative.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney work-product, for the Class Period to the extent they exist and are in the Plaintiffs' possession, custody, or control.

**REQUEST NO. 27:** All documents relating to your allegation that the market for Merck securities is efficient.

**RESPONSE TO REQUEST NO. 27:** Plaintiffs object to this Request *as it is vague, ambiguous, overly broad and unduly burdensome, including without limitation its request for "All documents" relating to the stated subject matter.* Plaintiffs further object to the Request insofar as it seeks from Plaintiffs the production of documents from non-parties to this action. Plaintiffs further object to this request to the extent that it calls for a legal conclusion, a legal argument or expert testimony. Plaintiffs further object to this Request *to the extent that it is duplicative.*

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney work-product, for the Class Period to the extent they exist and are in the Plaintiffs' possession, custody, or control at the time they move for class certification.

**REQUEST NO. 28:** All documents relating to any communications between you and any confidential witnesses about the subject matter of Plaintiffs' claims against Defendants.

**RESPONSE TO REQUEST NO. 28:** Plaintiffs object to this Request *insofar as it seeks information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection or immunity.* Plaintiffs further

21

object to this Request as it is vague, ambiguous, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent that it seeks disclosure of the identities of confidential witnesses, the names of whom were produced in the Joint Initial Disclosure Statement of Lead Plaintiffs in the Schering-Plough and Merck Securities Actions Pursuant to Federal Rule of Civil Procedure 26(a)(1), dated February 1, 2010. Plaintiffs further object to this Request on the grounds that the identities of confidential witnesses that Plaintiffs' counsel decides to communicate with as part of its investigation, and its communications with those confidential witnesses, are protected by the attorney work product doctrine.

**REQUEST NO. 29:** All documents relating to any of the individuals identified in (a) Plaintiffs' Rule 26 Disclosures; (b) Defendants' Rule 26 Disclosures; (c) Defendants' Responses to Plaintiffs' First Set of Interrogatories; and (d) the Rule 26 Disclosures of any other plaintiffs in the five other coordinated Vytorin-related litigations pending before Judge Cavanaugh.

**RESPONSE TO REQUEST NO. 29:** Plaintiffs object to this Request insofar as it seeks information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection or immunity. Furthermore, Plaintiffs object to this Request as it is vague, ambiguous, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the Request insofar as it: (a) seeks information to which Defendants have equal or greater access and which is more convenient, less burdensome, or less costly to obtain from other sources than Plaintiffs; and (b) seeks from Plaintiffs the production of documents from non-parties to this action. Plaintiffs also object to this Request to the extent that it is duplicative. Plaintiffs further object to this Request to the extent that it seeks disclosure of documents relating

22

DATED: June 2, 2010

GRANT & EISENHOFER P.A.

By: _____
Jay W. Eisenhofer
Geoffrey C. Jarvis
John C. Kairis
James R. Banko
James P. McEvilly, III
1201 North Market Street
Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7100

*Co-Lead Counsel for the Class*

CARELLA BYRNE BAINE GILFILLAN
CECCHI STEWART & OLSTEIN
James E. Cecchi
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

*Co-Liaison Counsel for the Class*

Christopher J. McDonald
Stephen W. Tountas
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700

*Counsel for Named Plaintiff Genesee County Employees' Retirement System*

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
Salvatore J. Graziano
Adam Wierzbowski
Laura Gundersheim
Sean O'Dowd
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Co-Lead Counsel for the Class*

SEEGER WEISS LLP
Stephen A. Weiss
Christopher A. Seeger
550 Broad Street
Newark, NJ 07102
Telephone: (973) 639-9100
Facsimile: (212) 584-0799

*Co-Liaison Counsel for the Class*

KLAUSNER & KAUFMAN, PA
ROBERT D. KLAUSNER
10059 N.W. 1st Court
Plantation, FL 33324
Telephone: (954) 916-1202
Facsimile: (954) 916-1232

*Additional Counsel for Lead Plaintiff Jacksonville Police and Fire Retirement System*

## CERTIFICATE OF SERVICE

The undersigned, hereby certifies that on June 2, 2010, the below listed documents

1. LEAD PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

2. LEAD PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

were served via overnight mail on:

| | |
|---|---|
| William B. McGuire<br>William H. Trousdale<br>TOMPKINS, MCGUIRE,<br>WACHENFELD & BARRY LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102 | Douglas S. Eakeley<br>Gavin J. Rooney<br>LOWENSTEIN SANDLER PC<br>65 Livingston Avenue<br>Roseland, NJ 07068 |
| Daniel J. Kramer<br>Robyn F. Tarnofsky<br>Andrew G. Gordon<br>PAUL WEISS RIFKIND WHARTON &<br>GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019 | |

I further certify that the same documents were additionally emailed as a courtesy to the following email addresses: dkramer@paulweiss.com; rtarnofsky@paulweiss.com; agordon@paulweiss.com; wmcguire@tompkinsmcguire.com; grooney@lowenstein.com; wtrousdale@tompkinsmcguire.com; deakeley@lowenstein.com

*James R. Banko*
James R. Banko
GRANT & EISENHOFER P.A.
1201 North Market Street
Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7100