# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | |
|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | RAYMOND W. FISHER | RAYMOND E. STAUFFER° |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | | STEPHEN R. DANEK |
| JAN ALAN BRODY | CARL R. WOODWARD, III | OF COUNSEL | ERIC MAGNELLI |
| JOHN M. AGNELLO | MELISSA E. FLAX | | DONALD A. ECKLUND |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | AUDRA E. PETROLLE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | MEGAN A. NATALE |
| | G. GLENNON TROUBLEFIELD | | °MEMBER N.Y. BAR ONLY |
| | BRIAN H. FENLON | | |
| JAMES D. CECCHI (1933-1995) | KHOREN BANDAZIAN | | |
| JOHN G. GILFILLAN III (1936-2008) | LINDSEY H. TAYLOR | | |

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

August 24, 2011

**VIA ECF**

The Honorable Joseph A. Dickson, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey  07101

Re:   *In re Schering-Plough Corporation/ENHANCE Securities Litigation*
       Civil Action No. 2:08-397 (DMC) (JAD) (D.N.J.)

       *In re Merck & Co, Inc. VYTORIN/ZETIA Securities Litigation*
       Civil Action No. 2:08-2177 (DMC) (JAD) (D.N.J.)

Dear Judge Dickson:

We represent Lead Plaintiffs in the above-referenced actions and write to respond to Defendants' August 16, 2011 letter insofar as it relates to *In re BankAtlantic Bancorp., Inc. Sec. Litig.,* No. 07-CV-61542 (S.D. Fla. Aug. 3, 2011), and Lead Plaintiffs' decision not to call certain confidential witnesses ("CWs") at trial.

First, in *BankAtlantic*, after a month-long trial, plaintiffs secured a jury verdict in November 2010 against BankAtlantic and its former Chairman and CEO on charges of securities fraud.  In April of this year, the trial court granted the defendants' motion for judgment as a matter of law and set aside the jury's verdict.  That ruling is currently on appeal to the Eleventh Circuit.

The *BankAtlantic* decision highlighted in Mr. McGuire's letter is irrelevant to the *Merck* Plaintiffs' motion to amend (pending before Judge Cavanaugh), and it in no way supports Defendants in the dispute before Your Honor concerning Defendants' request for Plaintiffs' work product relating to confidential witnesses.  Indeed, to the extent *BankAtlantic* provides guidance, it counsels in favor of rejecting Defendants' request.

The work product memoranda of Plaintiffs' counsel's investigators were **never** provided to the *BankAtlantic* defendants during discovery, even after "several of [the confidential witnesses] testified at deposition that they do not believe the substance of the statements

Hon. Joseph A. Dickson, U.S.M.J.
August 24, 2011
Page 2

attributed to them [in the complaint] to be true." *BankAtlantic* at 16.  Indeed, *BankAtlantic* was at a much different procedural posture - a "mandatory" post-trial sanctions review the court was required to undertake "upon final adjudication of the action."[1]  And even at that stage, Plaintiffs' counsel provided Defendants with only a chart containing excerpts of its investigative reports, not the reports themselves.

Whereas Defendants seek to argue that (largely mischaracterized or nonexistent[2]) discrepancies between CWs' deposition testimony concerning what they told Plaintiffs' investigators years ago and the allegations in Plaintiffs' complaint are bases to launch their fishing expedition against Plaintiffs' counsel, the *BankAtlantic* court correctly notes that discrepancies between a witness's statements in a complaint and at a deposition present a "credibility question" with respect to the witness (*id.* at 19), and that "[s]uch discrepancies may be attributed to a witness's changing memory or, in the case of a whistleblowing confidential witness, the desire to remain in a former employer's good graces once the protection of confidentiality has been removed" (*id.* at 20 (citations omitted)).

Second, Defendants wrongly insinuate that Lead Plaintiffs have elected not to call certain of the CWs at trial because Defendants attacked certain CW statements in the Merck complaint.  To the contrary, Lead Plaintiffs have elected not to call certain of the CWs at trial due to the strength of the other evidence adduced to date.

Very truly yours,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

/s/ James E. Cecchi

JAMES E. CECCHI

cc:  Counsel of Record (via ECF)

---

[1]  PSLRA § 21D(c)(1), 15 U.S.C. § 78u-4(c)(2).

[2]  *See* Dkt. No. 160 in C.A. No. 08-2177 at 4-9; Dkt. No. 231 in C.A. No. 08-397 at 4-5.