Jay W. Eisenhofer
Daniel L. Berger
John C. Kairis
Jeff A. Almeida
Diane Zilka
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, New York  10017
(646) 722-8500

*Co-Lead Counsel For Lead Plaintiffs And The Class*

Salvatore J. Graziano
Adam H. Wierzbowski
Laura H. Gundersheim
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 554-1400

*Co-Lead Counsel For Lead Plaintiffs And The Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE MERCK & CO., INC. VYTORIN/ZETIA SECURITIES LITIGATION | Civil Action No. 08-2177 (DMC) (JAD)<br><br>**ORDER GRANTING LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

THIS MATTER having been opened to the Court by Lead Plaintiffs Stichting Pensioenfonds ABP ("ABP"), International Fund Management, S.A. (Luxemburg) ("IFM"), the Jacksonville Police and Fire Retirement System ("Jacksonville") and the General Retirement System of the City of Detroit ("Detroit") (collectively, "Plaintiffs"), by way of motion for class certification pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; in the presence of Counsel for Defendants, and the Court having considered the papers and argument submitted in support of and in opposition to the motion; and good cause having been shown;

IT IS THIS            day of             , 2011

ORDERED as follows:

1.  Plaintiffs' motion for class certification is GRANTED in its entirety.

2.  ABP, IFM, Jacksonville and Detroit shall act as representatives of the certified Class defined below (the "Class") pursuant to Rule 23(a).

3. The Court finds, pursuant to Rule 23(a), that: (i) the Class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the Class; (iii) Plaintiffs' claims are typical of the claims of other members of the Class; and (iv) Plaintiffs will fairly and adequately represent other members of the Class.

4. The Court further finds, pursuant to Rule 23(b)(3), that common questions of law and fact predominate over the questions affecting only individual members of the Class, and a class action is superior to other methods for the fair and efficient adjudication of this controversy.

5. The Class is defined as follows:[1]

All persons and entities that purchased or acquired Merck common stock, or call options, and/or sold Merck put options, during the period between December 6, 2006 through and including and March 28, 2008, and who were damaged thereby.

Excluded from the Class are: (a) Defendants; (b) members of the immediate families of the Individual Defendants; (c) the subsidiaries and affiliates of Defendants, as these terms are defined by the federal securities laws, including the 401(k) plans of Merck and Schering; (d) any person or entity who was a partner, executive officer, director, or controlling person of Merck, M/S-P or Schering (including any of their subsidiaries or affiliates), or any other Defendants; (e) any entity in which any Defendant has a controlling interest; (f) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors and assigns of any such excluded party.

6. The Court appoints the law firms of Grant & Eisenhofer P.A. and Bernstein Litowitz Berger & Grossmann LLP as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

---

[1] The terms used herein have the same meanings as set forth in the First Amended Consolidated Class Action Complaint For Violation of the Federal Securities Laws, dated June 3, 2011 (Dkt. No. 150).