# Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
## Counsellors at Law

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD**<br>**ROSELAND, N.J.  07068-1739**<br>**PHONE (973) 994-1700**<br>**FAX (973) 994-1744**<br>www.carellabyrne.com | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | | RAYMOND W. FISHER | RAYMOND E. STAUFFER° |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | | _____ | STEPHEN R. DANEK |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | OF COUNSEL | ERIC MAGNELLI |
| JOHN M. AGNELLO | MELISSA E. FLAX | | | DONALD A. ECKLUND |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | AUDRA E. PETROLLE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | MEGAN A. NATALE |
| | G. GLENNON TROUBLEFIELD | | | AMANDA J. BARISICH |
| | BRIAN H. FENLON | | | °MEMBER N.Y. BAR ONLY |
| | LINDSEY H. TAYLOR | | | |
| JAMES D. CECCHI (1933-1995) | | | | |
| JOHN G. GILFILLAN III (1936-2008) | | | | |

September 22, 2011

<u>VIA ECF</u>

The Honorable Joseph A. Dickson, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation,*
              **Civil Action No. 08-2177 (DMC) (JD)**

Dear Judge Dickson:

    We represent Plaintiffs in the above-captioned action. We write in response to Defendants' letter dated September 20, 2011 (Docket Entry 182), and pursuant to the Court's request at the September 6 hearing for a proposed Order regarding Plaintiffs' motion to amend the Merck securities complaint and Defendants' request for production of investigative memoranda and other documents referencing Plaintiff' Confidential Witnesses.

    Enclosed herewith is a proposed Order submitted on behalf of Plaintiffs. As briefly discussed below, Plaintiffs believe that their proposed Order more accurately reflects the Court's rulings at the September 6 hearing than the competing order submitted by Defendants.

    <u>First</u>, it is clear that the Court granted Plaintiffs' motion to file the First Amended Consolidated Complaint, filed June 3, 2011 (Docket Entry 150) and letter request to amend paragraph 165 of the First Amended Consolidated Complaint. Defendants *only* filed a "limited" opposition to Plaintiffs' motion to file the First Amended Consolidated Complaint and letter request to amend paragraph 165 thereto. Specifically, Defendants opposed the First Amended Consolidated Complaint and letter request to amend paragraph 165 on the basis that the Confidential Witness allegations were incorrect. Defendants *did not* oppose the other amendments in the First Amended Consolidated Complaint or the letter request to amend

The Honorable Joseph A. Dickson, U.S.M.J.
September 22, 2011
Page 2

paragraph 165 on any other grounds. At the September 6 hearing, the Court clearly granted Plaintiffs' motion to amend the First Amended Consolidated allegations relating to the Confidential Witnesses. *See e.g.*, Ex. A at p. 14 ("But in terms of the other allegations, I am not seeing tremendous prejudice, unless I missed the point, to the defendants to allow them to take certain people out, but not everybody you wanted). *See also*, Ex. A at p. 16-19. Accordingly, Plaintiffs' motion to file the First Amended Consolidated Complaint and letter request to further amend paragraph 165 of the First Amended Consolidated Complaint was granted. The only issue outstanding for Court resolution is Plaintiffs' letter request to further amend the First Amended Consolidated Complaint to add paragraphs 356 and 357 (Docket Entry 175).

Second, it is also clear – as Defendants admit – that the Court denied Defendants' letter motion to compel production of Plaintiffs' investigative memoranda and other documents reflecting interviews with confidential witnesses (Docket Entry 169). Specifically, the Court held that, "I agree with the plaintiff that there's no exception to get to this work product today." *See* Exh. B at 29. Despite Defendants' assertions to the contrary, Plaintiffs do not – and never did – object to the proposed Order specifying that Plaintiffs may not use their investigative memoranda or other documents reflecting interviews with confidential witnesses for any purpose in this case, except as a defense to any Rule 11 sanctions motion Defendants may make in this matter. Indeed, the proposed Order submitted herewith specifically states the following in paragraph 5: "Plaintiffs may not use their investigative memoranda or other documents reflecting interviews with confidential witnesses for any purpose in this case, except as a defense to any Rule 11 sanctions motion Defendants may make in this matter."

If the Court has any questions or would like to discuss this matter further with the parties, Lead Plaintiffs are available at your convenience.

Respectfully submitted,

CARELLA, BYRNE, CECCHI
OLSTEIN, BRODY & AGNELLO

/s/ James E. Cecchi

JAMES E. CECCHI

Enclosure

cc:   All Counsel (via ECF)(w/encl.)