# TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP

*Counselors at Law*

FOUR GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4056
Newark (973) 622-3000
New York (212) 714-1720
Fax (973) 623-7780
www.tompkinsmcguire.com

William B. McGuire
*Managing Partner*

Tel: (973) 623-7750
E-Fax: (973) 623-7744
wmcguire@tompkinsmcguire.com

September 30, 2011

**VIA ECF**

The Honorable Joseph A. Dickson, U.S.M.J.
United States District Court
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

> *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*
> Civil Action No. 08-2177 (DMC) (JAD)

Dear Judge Dickson:

We represent Merck & Co., Inc. ("Merck") in the above-captioned matter. We respectfully submit this response to Plaintiffs' September 20 letter concerning their untimely attempt to further amend the Merck securities complaint. (Docket Entries 150, 175, 183.)

## Background

Rule 16(b) of the Federal Rules of Civil Procedure requires each case to be governed by a scheduling order that limits the time to amend the pleadings, and provides that such orders may only be amended through a showing of "good cause." *See* Fed. R. Civ. P. 16(b)(3)(A) & (4). In this litigation, the Court issued a Scheduling Order that gave the parties until June 3, 2011 to move to amend their pleadings. (Docket Entry 148, ¶ 1.)

Plaintiffs filed a motion to amend their pleadings on June 3, 2011, and Defendants filed a limited objection to that motion. (Docket Entries 150, 156.) While that motion was pending, and without seeking leave of Court, Plaintiffs sent a letter to the Court on August 23, 2011, purporting to "*replace*" their proposed June 3 pleading with a "revised" First Amended Complaint that sets forth a new disclosure claim against the Defendants. (Docket Entry 175, ¶¶ 356-57.) This letter comes two-and-a-half months after the Court-Ordered deadline for Plaintiffs to seek permission to amend their pleading, and after the August 1 close of fact discovery. Even worse, the new disclosure claim Plaintiffs seek to

## TOMPKINS, McGUIRE, WACHENFELD & BARRY

2

add is based upon statements that were fully available to Plaintiffs when they filed their case in 2008 and after dozens of witnesses testified about the very week in which the statements involved in the new disclosure claim were made.

This Court held a conference regarding Plaintiffs' proposed amendments on September 6, 2011. At the conference, Defendants argued, among other things, that the purported amendment violates Rules 15 and 16 of the Federal Rules of Civil Procedure. (Transcript of Status Conference Before Hon. Joseph A. Dickson dated Sept. 6, 2011, attached as Ex. A, at 9, 32.) Defendants specifically noted that Rule 16 requires a threshold showing of "good cause" to amend a scheduling order and cited, among other things, Your Honor's decision earlier this year in *Joy* v. *Perez*, Civil Action No. 10-CV-01636, 2011 WL 221700, at *3 (D. N.J. Jan. 21, 2011). (Ex. A at 9, 32.)

Defendants also argued that the proposed "revised amended complaint" fails under Rule 15. The disclosure Plaintiffs now complain about was available to them when they filed their Complaint in 2008. Moreover, the parties have deposed over 30 witnesses about the days surrounding the disclosure at issue. Accordingly, it would be unfairly prejudicial to allow Plaintiffs to add this claim three years after filing suit, and after the close of fact discovery.

At the conclusion of the September 6, 2011 hearing, the Court asked the parties to submit additional briefing on the disclosure claim Plaintiffs seek to add in paragraphs 356 and 357 of the "revised amended complaint." Plaintiffs were asked to "go first" because they shoulder the burden of justifying their late amendment. (Ex. A at 12-13; *see also id.* at 32.) As we explain below, Plaintiffs have not satisfied their burden.

A. **Plaintiffs Have Not Satisfied Rule 16**

    1. Plaintiffs Do Not Attempt To Show "Good Cause" For Their Late Amendment

Unlike a motion seeking leave to amend a complaint *within* the deadline set by the scheduling order, "where a party seeks to amend its pleadings after a deadline set by court order, the decision whether to allow the amendment is controlled by Rule 16(b)." *Price* v. *Trans Union, LLC*, 737 F. Supp.2d 276, 279 (E.D. Pa. 2010); *see Dimensional Comm'ns, Inc.* v. *OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (plaintiffs must first show "good cause" to amend the scheduling order under Rule 16). This is because the party seeking to amend is "effectively asking the court not only for leave to amend its pleadings, but also the scheduling order." *Price*, 737 F. Supp.2d at 279. Accordingly, the moving party must first demonstrate "good cause" to amend the Rule 16 scheduling order before seeking to extend the deadline to amend pleadings. *See* Wright, Miller & Kane, 6A FED. PRAC. & PROC. CIV. § 1522.2 (3d ed. 2010) ("the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading

amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15").

"Only once the party has shown sufficient 'good cause' to amend the Rule 16 Order, will the Court evaluate the proposed amendment under Rule 15(a)." *Joy* v. *Perez*, Civil Action No. 10-CV-01636, 2011 WL 221700, at *3 (D. N.J. Jan. 21, 2011). *See also Price*, 737 F. Supp. at 279 ("party must, under Rule 16(b), demonstrate good cause for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading"); *Chancellor* v. *Pottsgrove Sch. Dist.*, 501 F. Supp.2d 695, 701 (E.D. Pa. 2007) (citing seven circuit court decisions applying the "good cause" standard on a motion for leave to amend the pleadings after passage of the scheduling order deadline).

As this Court stated in *Joy* v. *Perez*:

> Plaintiffs make no attempt – and therefore fail – to demonstrate any "good cause" to amend the Pretrial Scheduling Order to extend the deadline to file a motion to amend the Complaint. Because Plaintiffs have not shown "good cause," the Court need not – and, in fact, cannot – proceed to an analysis of whether prejudice exists and whether to grant leave to amend the Complaint under Rule 15(a).

*Joy*, 2011 WL 221700, at *3-4.

Even though Rule 16 was the subject of discussion at the September 6 conference and Defendants cited this Court's ruling in *Joy*, Plaintiffs' submission ignores Rule 16 and makes no attempt to satisfy the "good cause" standard. This failure requires that their proposed amendment be denied. *See id.* (where movants "completely ignore the heightened additional standard under Rule 16," the inquiry should end); *Price*, 737 F. Supp.2d at 279-80 (same).

2. Plaintiffs Cannot Show "Good Cause"

In any event, it is clear that Plaintiffs cannot show "good cause" for their late amendment. In their August 23 letter to the Court, Plaintiffs conceded that the allegations proposed in paragraphs 356 and 357 of the revised amended complaint were "inadvertently not included in our prior submission." (Docket Entry 175.) Similarly, at the September 6 hearing, Plaintiffs' counsel represented that their new disclosure claim was "just an allegation that we had missed in the previous complaints" (Ex. A at 10), and something they had "overlooked" for the past three years. (Ex. A at 11.)

Plaintiffs' oversight does not constitute "good cause" under Rule 16(b). "Good cause" focuses on the moving party's diligence and reasons for not amending the pleadings sooner. *See Graham* v. *Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119

(W.D. Pa. 2010); *Stallings v. IBM Corp.*, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009). Significantly, "[c]arelessness, or attorney error, which might constitute 'excusable neglect' under Rule 6(b), is insufficient to constitute 'good cause' under Rule 16(b)." *Graham*, 271 F.R.D. at 112. Accordingly, courts have held that "carelessness" is not compatible with the "finding of diligence" required by Rule 16(b), *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); an assertion that plaintiff "overlooked the additional claims" is not good cause to amend the complaint after the deadline provided in the scheduling order, *Harris v. Watner*, 1995 WL 30601, at *1 (E.D. Pa. Jan. 12, 1995); and "inadvertence" is tantamount to "no explanation at all," *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

### B.   Plaintiffs Also Have Not Satisfied Rule 15

Under Federal Rule of Civil Procedure 15(a)(2), a motion to amend may be denied for various reasons, including undue delay, bad faith, dilatory motive on the part of the movant, or undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981). "This standard encompasses a broad range of equitable factors, including a party's delay in seeking leave to amend and any prejudice to the opposing party." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

#### 1.   Plaintiffs Engaged in Undue Delay in Making This Amendment

Undue delay is a sufficient independent ground to deny leave to amend under Rule 15. *See Maersk*, 434 F.3d at 203 ("'Undue delay' is a reason to deny leave to amend"); *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 122-23 (W.D. Pa. 2010) (denying leave to amend under Rule 15 where relevant facts were "known to Plaintiffs early on in this litigation and their delay in seeking amendment until after the close of discovery is undue"). The question of undue delay requires the court to "focus on the movant's reasons for not amending sooner." *Cureton v. Nat. Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

Here, Plaintiffs have offered no acceptable reason for failing to amend their complaint before August 2011. The statements that form the basis of the new claim in paragraphs 356 and 357 of the "revised amended complaint" are public statements made in December 2006, which were fully available to Plaintiffs at that time. It should not have taken Plaintiffs almost five years, and after the close of fact discovery in August 2011, to discover them. Indeed, the Third Circuit has affirmed denial of leave to amend in just such circumstances. *See USX Corp. v. Barnhart*, 395 F.3d 161, 167-69 (3d Cir. 2004) (upholding denial of leave to amend on grounds of "undue delay" where movants waited three years to amend and had notice of the underlying issue prior to filing the original complaint and first amended complaint); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) ("delay was unreasonable" where proposed amendment came three years after the action was filed and most of the relevant facts were available before

plaintiff filed her original complaint); *compare Maersk*, 434 F.3d at 204-05 (amendment allowed when filed within a year of the original complaint, and movant could not have known the basis for his amendment any earlier).

In a half-hearted attempt to justify their delay, Plaintiffs now suggest that they learned the importance of the December 2006 guidance call reflected in paragraphs 356 and 357 during three depositions taken after the June 3, 2011 deadline to move to amend their complaint. (Docket Entry 183, at 5.) This argument is pure pretext. None of the transcripts attached to Plaintiffs' letter say anything about the December 6, 2006 guidance call Plaintiffs now seek to add. (Docket Entry 184.) To the extent plaintiffs are arguing that these depositions told them the importance of earnings guidance *in general*, any such claim would be wholly incredible and belied by the numerous citations to other such calls in their October 6, 2008 and June 3, 2011 Complaints. (Docket Entry 24, ¶¶ 346-80.) Moreover, Plaintiffs cannot credibly claim that they only recently discovered the importance of December 2006. During the long course of discovery in this case, they asked at least 30 witnesses about events occurring in the week of December 2006 when the guidance was given. (Ex. B.) Thus, it is clear that Plaintiffs' initial explanations to this Court are the accurate ones: as Plaintiffs admitted, the claim they now seek to add was "inadvertently not included in our prior submission" and was "just an allegation that we had missed in the previous complaints." (Docket Entry 175; Ex. A at 10-11.)

The fact is that Plaintiffs failed for years to bring a claim they could have included in their initial Complaint in 2008. And that delay was undue.

2. Defendants Would Suffer Unfair Prejudice From This Amendment

Finally, while the Court need not reach the issue of prejudice under Rule 15(a)(2), allowing Plaintiffs to add a new disclosure claim at this late date would cause substantial prejudice to Defendants.

Plaintiffs argue that Defendants will not be prejudiced because no one asked questions at deposition about the December 6, 2006 guidance call itself. (Docket Entry 183, at 4.) Of course they didn't – Plaintiffs did not allege that the guidance was misleading until after the close of discovery. But dozens of witnesses were asked about events in the first week of December 2006 (Ex. B), and Plaintiffs allege that the December 6, 2006 guidance was "actionable in light of the relevant facts and circumstances in this case." (Docket Entry 183, at 5.) Had Defendants known during discovery that Plaintiffs would claim the December 6 guidance was false and misleading, they could have addressed the December 6 guidance during those depositions. Now it is too late.

**TOMPKINS, McGUIRE, WACHENFELD & BARRY**

6

We are available to discuss these issues further at the Court's convenience.

Respectfully submitted,

*/s/ William B. McGuire*

William B. McGuire
For    TOMPKINS, McGUIRE, WACHENFELD & BARRY


cc: All Counsel (Via ECF)