UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE MERCK & CO., INC.
VYTORIN/ZETIA SECURITIES
LITIGATION

Hon. Dennis M. Cavanaugh
Civil Action No. 08-cv-2177 (DMC-JAD)

**OPINION**

This matter comes before the Court upon motion by Stichting Pensioenfonds ABP, International Fund Management, S.A. (Luxemburg), the Jacksonville Police and Fire Retirement System, and the General Retirement System of the City of Detroit (collectively referred to as "Lead Plaintiffs") for leave to file an Amended Complaint. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiff's motion is granted.

**I.     BACKGROUND**

Pursuant to the Fifth Stipulated Amendment to the Pretrial Scheduling Order ("Pretrial Scheduling Order") entered on May 2, 2011, all motions to amend pleadings were to be filed by June 3, 2011. On June 3, 2011, Lead Plaintiffs filed a motion for leave to file an Amended Complaint (ECF #150). On June 20, 2011, Defendants filed a limited opposition (ECF #156). Specifically, Defendants objected to the inclusion of several statements attributed to "confidential witnesses" ("CW"), which Defendants asserted were false and/or misleading.

While the motion to amend was pending, and without leave of the Court, Lead Plaintiffs filed a letter attaching a "revised" proposed amended complaint (the "Revised Amended Complaint") on August 23, 2011. The Revised Amended Complaint was intended to "replace" the documents originally submitted in connection with the motion. The Revised Amended

1

Complaint contained the following changes: (1) Paragraph 165 was amended to (a) describe more specifically the employment position of CW 8 at Merck, and (b) change the end date of his Merck employment based on information obtained at CW 8's deposition, which took place after Lead Plaintiffs filed their motion to amend; and (2) Paragraphs 356 and 357 were added to include a new disclosure claim against Defendants. Specifically, Paragraphs 356 and 357 concern allegedly false and misleading statements made on December 6, 2006 (the "December 6, 2006 statements") relating to Defendants' Vytorin and Zetia 2007 guidance. Lead Plaintiffs stated that Paragraphs 356 and 357 were "inadvertently" not included in the prior submission.

On September 6, 2011, there was a hearing before this Court regarding the revised proposed amended complaint. During that hearing, this Court stated that it would grant Lead Plaintiffs' motion to amend their complaint, including Paragraph 165 in the Revised Amended Complaint, subject to further briefing on whether Paragraphs 356 and 357 should be allowed. Accordingly, this Opinion will focus on Paragraphs 356 and 357.

## II. STANDARD OF REVIEW

Amendments of pleadings are governed by FED. R. CIV. PRO. 15 and FED. R. CIV. PRO. 16. A motion to amend a pleading that is filed <u>before</u> the deadline for amendments of pleadings has passed in a RULE 16 Scheduling Order will be governed by RULE 15(a) only. Pursuant to RULE 15(a), after a responsive pleading has been filed:

> [A] party may amend its pleading only with the opposing party's written consent or the courts leave. The court should freely give leave when justice so requires.

RULE 15(a)(2).

"The grant or denial of leave to amend is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a liberal approach to the amendment of pleadings under RULE 15 to

ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dale v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted. *Foman v. Davis*, 371 U.S. 178 (1962).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Unfair prejudice is the most common factor used by courts to deny leave. Unfair prejudice is usually found when there has been a significant unjustified delay in moving to amend that creates an unfair disadvantage for the defendant. Delay alone will not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (holding that mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay). Only where delay becomes " 'undue,' placing an unwarranted burden on the court, or ... 'prejudicial,' placing an unfair burden on the opposing party" is denial of a motion to amend appropriate. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984) ("The question of undue delay, as well as the question of bad faith, requires that [the Court] focus on the plaintiff['s] motives for not amending [its] complaint to assert [the] claim[s] earlier; the issue of prejudice requires that [the Court] focus on the effect on the [defendant]."). Delay may become undue when there has been previous opportunity to amend the complaint. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir.1993) (finding that a three-year lapse between the filing of the complaint and the proposed amendment was "unreasonable" delay when plaintiff had previous opportunities to amend). In such cases, the Court must focus on the moving party's reasons for not amending the pleading sooner. *USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir. 2004).

3

A proposed amendment will be denied as futile if it "would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d at 115. Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* To survive dismissal under RULE 12(b)(6), a complaint "must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

After the deadline in a court's RULE 16 Scheduling Order for amendments of pleadings has passed, however, a motion for leave to amend is governed by both RULE 15 and RULE 16. RULE 16(b)(4) provides that "[a Scheduling Order] may be modified only for good cause and with the judge's consent." As such, a party must first demonstrate "good cause" to amend the RULE 16 Scheduling Order in order to extend the deadline to amend pleadings. *Stallings v. IBM Corp.*, No. 08-3121, 2009 WL 2905471, at *15 (D.N.J. Sept. 8, 2009). Only once the party has shown sufficient "good cause" to amend the RULE 16 Order to extend the deadline will the Court evaluate the proposed amendment under RULE 15(a). If the moving party is unable to demonstrate "good cause", the Court will deny the motion and will not proceed to a RULE 15 analysis.

### III. DISCUSSION

As stated above, the deadline set forth in the Pretrial Scheduling Order for filing all motions to amend pleadings was June 3, 2011. Lead Plaintiffs' *original* motion to amend complied with this deadline, and had the proceedings stopped there, it is clear RULE 16 would not be a part of this Court's analysis. However, on August 23, 2011, Lead Plaintiffs filed a Revised Amended Complaint.

Lead Plaintiffs argue that the Revised Amended Complaint merely corrects the proposed amended complaint originally submitted in compliance with the Pretrial Scheduling Order by

adding two paragraphs. Therefore, according to Lead Plaintiffs, RULE 16 is inapplicable because they did not seek to modify the scheduling order, but rather "sought to amend or correct a pre-existing, timely-filed motion." Pl. Ltr. Br. at 2, ECF #191.

At the outset, the Court notes that, in essence, all amended complaints seek to "amend or correct" the previously filed complaint; Lead Plaintiffs are not attempting to "correct" minor typos, but rather are attempting to add two additional paragraphs that set forth an additional set of false statements. Additionally, Lead Plaintiffs are aiming to make the Revised Amended Complaint the operative complaint, and, in that regard, the Revised Amended Complaint is more accurately considered the Second Amended Complaint. Furthermore, Lead Plaintiffs have not cited to any authority to support their argument that the Revised Amended Complaint should be considered filed as of the same date as the original motion to amend. In actuality, the Revised Amended Complaint contained new allegations of wrongdoing by the Defendants. These are not mere corrections but substantive issues that were known to Plaintiffs at the time they filed their motion. It should have been filed by June 3, 2011.

As stated above, neither party provided any law or authority that allows, or disallows, the later filing to relate back to the original motion date. The Court notes that, to the extent the later filing was a surprise to Defendants and there was no opportunity to brief the issue, that defect was cured by the Court's decision to allow the parties to brief the issues raised by the Revised Amended Complaint.

The question remains: should the effort by Plaintiffs to file the Revised Amended Complaint be reviewed under RULE 15 or RULE 16?

This Court finds that RULE 16 applies, and Lead Plaintiffs are required to show "good cause" to amend the Pretrial Scheduling Order to extend the deadline to amend pleadings before

the Court can address Plaintiff's motion for leave to amend under RULE 15(a). *See Stallings*, 2009 WL 2905471, at *15.

The Court has "discretion in determining what kind of showing the moving party must make in order to satisfy RULE 16(b)'s good cause requirement." *Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006). "The determination as to whether good cause exists depends on the diligence of the moving party." *Id.* Under some circumstances, good cause may be found based on a "mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the [s]cheduling [o]rder." *Id.*

The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed. *Stallings*, 2009 WL 2905471, at *16 (citing *Dimensional Commc'ns, Inc. v. Oz. Optics, Ltd.*, 148 Fed. Appx. 82, 85 (3d Cir. 2005) (defendant "could not satisfy Rule 16(b)'s good cause requirement because [it] was in possession of the facts underlying the proposed counterclaim well before the amendment deadline.")); *Prime Ins. Syndicate v. United Risk Mgmt. Srvcs.*, 2006 WL 2085388, at *5 (D.N.J. July 25, 2006) ("Plaintiff provided no reason for why it could not have asserted these new claims against [the defendant] within the requisite deadlines. In fact, in Plaintiff's brief for this appeal it acknowledges that it 'had knowledge of [the allegations] since October 2004.'"); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990) ("This is most definitely not a motion in which any of defendant's six proposed new affirmative defenses arose from recent discovery in the case.").

In arguing that they have demonstrated good cause, Lead Plaintiffs emphasize that the deadline in the Pretrial Scheduling Order was approximately two months before the close of

6

discovery, and the Revised Amended Complaint was filed approximately three weeks after the close of discovery. In this respect, Lead Plaintiffs assert that it was not until they were assessing all discovery, including the July 2011 depositions of Merck's then- and current-Chief Executive Officer ("CEO") and then-Chief Financial Officer ("CFO"), and preparing their responses to Defendants' contention interrogatories and expert reports, that Lead Plaintiffs realized that the proposed amended complaint omitted the December 6, 2006 statements. According to Lead Plaintiffs, the inadvertent omission and brief delay are sufficient to demonstrate good cause.

It is clear that Lead Plaintiffs were well aware of the importance of the earnings guidance in general prior to the filing of the Revised Amended Complaint, and the transcripts from the July depositions attached to Lead Plaintiffs' letter do not address the December 6, 2006 statements nor reveal their alleged importance. Additionally, Lead Plaintiffs asked approximately 30 witnesses about the events occurring in the first week in December 2006 when the guidance was given. Therefore, this Court finds that Lead Plaintiffs had knowledge of the claim prior to the deadline in the Pretrial Scheduling Order.[1]

To the extent that Lead Plaintiffs are arguing for a good cause based on mistake, the Court notes that both in the letter that accompanied the Revised Amended Complaint, and during the September 6, 2011 hearing, counsel for Lead Plaintiffs indicated that Paragraphs 356 and 357 were inadvertently and mistakenly left out of the original amended complaint. This Court is mindful not only of the complexities of this case, but also of the reality that even skilled and diligent lawyers occasionally make mistakes. The rules are not meant to trap those who may be caught off guard – they are meant to assure fair, efficient and focused conduct of litigation. *See e.g., Housing Authority of City of Jersey City v. Jackson*, 749 F.Supp. 622, 627 (D.N.J. 1990) (noting that the federal rules of civil procedure "are not designed to lay a subtle snare for the

---

[1] Of course, this also implies that Defendants had full knowledge of this aspect of the case.

unwary pleader, but rather to avoid multiple lawsuits, except where a showing of oppression, prejudice or delay is made."); *Frommeyer v. L. & R. Construction Co.*, 139 F.Supp. 579, 585 (D.N.J. 1956) ("[t]he aim of procedural rules is facilitation not frustration of decisions on the merits"). Moreover, and importantly in the context of this motion, it seems clear, based on the Defendants' position on the June 3, 2010 motion and the liberal standards under RULE 15, that if the Lead Plaintiffs had included the paragraphs at issue in the June 3, 2010 filing, the motion would have been granted. Therefore, it is not logically consistent to hold that counsels' conceded inadvertence, recognized relatively quickly and addressed in the same motion (albeit two and a half months later), should be barred. This case is different than *Joy v. Perez*, No. 10-1636, 2011 WL 221700 (D.N.J. Jan. 21, 2011). In *Joy*, the Plaintiff sought to change the entire complexion of the case by adding a new plaintiff, a new defendant, and new causes of action. Here, two <u>allegations</u> are at issue and those two allegations have <u>already</u> been the subject of discovery.

Consequently, this Court finds that good cause has been met and RULE 16 is satisfied. Furthermore, turning to RULE 15 and the principles underlying it, this Court finds no undue delay, undue prejudice, bad faith or futility of amendment.

## IV. CONCLUSION

For the foregoing reasons, Lead Plaintiffs' motion for leave to file an amended complaint is granted; the Revised Amended Complaint will be docketed as the operative complaint in this matter.

_____
Joseph A. Dickson, U.S.M.J.