# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | **PHONE (973) 994-1700** | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | **FAX (973) 994-1744** | RAYMOND W. FISHER | STEPHEN R. DANEK |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | www.carellabyrne.com | | ERIC MAGNELLI |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | OF COUNSEL | DONALD A. ECKLUND |
| JOHN M. AGNELLO | MELISSA E. FLAX | | | AUDRA E. PETROLLE |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | MEGAN A. NATALE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | AMANDA J. BARISICH |
| | G. GLENNON TROUBLEFIELD | | | ZACHARY S. BOWER+ |
| | BRIAN H. FENLON | | | °MEMBER NY BAR ONLY |
| JAMES D. CECCHI (1933-1995) | LINDSEY H. TAYLOR | February 15, 2012 | | +MEMBER FL BAR ONLY |
| JOHN G. GILFILLAN III (1936-2008) | CAROLINE F. BARTLETT | | | |

<u>VIA ECF</u>

Honorable Dennis M. Cavanaugh, U.S.D.J.
United States District Court
United States Post Office and Courthouse Building
Newark, New Jersey 07101-0999

      Re:   *In re Schering-Plough Corp. ENHANCE Sec. Litig.*,
              <u>Civil Action No. 08-397 (DMC) (JAD)</u>

            *In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*,
            <u>Civil Action No. 08-2177 (DMC) (JAD)</u>

Dear Judge Cavanaugh:

      This firm, together with Co-Lead Counsel, represent Lead Plaintiffs in the above-referenced actions. I am writing in response to Defendants' February 13 letter requesting that the Court consider Defendants' sur-reply in further opposition to Plaintiffs' motions for class certification. (*Schering* ECF No. 264, *Merck* ECF No. 209). As discussed below, Defendants' request should be denied.

      First, Defendants failed to disclose their intent to file a sur-reply when the parties were before the Court last week. At that time, class certification briefing had been completed, with the filing of Lead Plaintiffs' reply briefs on January 31, 2012, under a schedule agreed to by Defendants. The Court specifically asked all parties if they had anything further to bring to the Court's attention and Defendants were silent on the issue of a sur-reply. Feb. 8, 2012 Tr. at 31:10-13; 35:13-16. At a minimum, Defendants should have, respectfully, raised their desire to file a sur-reply at that time. Had they done so, Lead Plaintiffs could have explained to Your Honor that a sur-reply was unnecessary, not supported by the facts, and simply an improper attempt to have the "last word" on Lead Plaintiffs' own motion.

      Second, the premise of Defendants' sur-reply – that Lead Plaintiffs purportedly raised "new" arguments in their reply briefs – is demonstrably wrong. Each of the supposed "new" issues that Defendants discuss in their sur-reply actually had been raised in Lead Plaintiffs'

Complaints or Class certification moving papers.[1] Indeed, Lead Plaintiffs have always alleged that the January Disclosure was only a partial disclosure of the fraud. *See, e.g., Schering* Compl. at ¶¶ 11, 179, 201-04 ("Schering and M/SP released partial, negative results of ENHANCE on January 14, 2008 that partially revealed the Exchange Act Defendants' fraudulent concealment of the ENHANCE results"); *Merck* Compl. at ¶¶ 253-270 (discussing the disclosure of the "complete [ENHANCE] results" on March 30, 2008). Moreover, Lead Plaintiffs are under no affirmative obligation in their moving papers to anticipate each of Defendants' arguments in opposition to class certification.

Similarly, each of the arguments raised in Defendants' sur-reply were refuted in Lead Plaintiffs' reply briefs.[2] At best, Defendants' arguments raise a question of fact not appropriate for disposition at the class certification stage, and should be disregarded.

As such, Defendants' submission is improper and, respectfully, should not be considered.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ James E. Cecchi

JAMES E. CECCHI

cc:   All Counsel (via ECF)
#470805

---

[1] Lead Plaintiffs alleged in their Complaints and argued in their class certification moving papers (and discovery responses) that data quality and patient population concerns obscured the clinical and economic significance of the ENHANCE trial. *See, e.g., Schering* Compl. at ¶¶ 192-93; *Merck* Compl. at ¶ 251; *Schering* Pl. Mem. in Support of Class Certification at 6-7; *Merck* Pl. Mem. in Support of Class Certification at 8, 10; Coffman Rep. at 68-69, 74-79; Jarrell Decl. at 56-57, 64, 73-81, 103-04. *See also Schering* Pl. Resp. and Obj. to Def. Third Set of Inter. at 44-47, 62-67; *Merck* Pl. Resp. and Obj. to Def. Second Set of Inter. at 33-37, 47-50-52.

[2] *Schering* Pl. Reply Mem. at 6-23; *Merck* Pl. Reply Mem. at 10-21. *See also Schering* Compl. at ¶ 218; *Merck* Compl. at ¶ 266.