# TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP
*Counselors at Law*

FOUR GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4056
Newark (973) 622-3000
New York (212) 714-1720
Fax (973) 623-7780
www.tompkinsmcguire.com

William B. McGuire
*Managing Partner*

Tel: (973) 623-7750
E-Fax: (973) 623-7744
wmcguire@tompkinsmcguire.com

February 16, 2012

**VIA ECF**

The Honorable Dennis M. Cavanaugh
United States District Court
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

   *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*
   Civil Action No. 08-2177 (DMC) (JAD)

   *In re Schering-Plough Corporation/ENHANCE Securities Litigation*
   Civil Action No. 08-397 (DMC) (JAD)

Dear Judge Cavanaugh:

  We represent Merck & Co., Inc. ("Merck") and Schering-Plough Corporation ("Schering") in the above-captioned cases. We write to set the record straight in response to Plaintiffs' letter to the Court, dated February 15, 2012, concerning the arguments Plaintiffs made for the first time in the Reply Briefs submitted in support of their motions for class certification. (Merck Docket Entry 211; Schering Docket Entry 266.)

  By letter dated February 13, 2012, Defendants pointed out that Plaintiffs had submitted more than 100 new exhibits with their Reply Briefs, and that the Reply contained several new arguments that were not part of Plaintiffs' moving briefs. Defendants also requested permission to respond briefly to two of those new arguments.

  First, we addressed Plaintiffs' claim that Defendants made four statements that purportedly undermined their disclosure on January 14, 2008 that the ENHANCE trial had failed. None of the statements from Plaintiffs' Reply that are cited in our February 13 letter appear in Plaintiffs' moving brief.

  Second, we addressed Plaintiffs' claim on Reply that the class period should extend to March 30, 2008 because that is when new facts were disclosed about the

**TOMPKINS, McGUIRE, WACHENFELD & BARRY**

2

ENHANCE trial's secondary endpoints and Merck's "equity income" guidance for 2008. Those arguments also were not made in Plaintiffs' moving brief.

Plaintiffs concede that it is impermissible to raise new arguments for the first time in their Reply brief. Yet, in asserting that they have "demonstrably" not done so, Plaintiffs switch the subject by citing their complaint, declarations, and interrogatory responses. In fact, they cite the opening brief only once (a passing reference buried in the middle of footnote 1), and that reference does not direct the Court to any portion of their moving brief that argued the narrow points discussed in our February 13 letter.[1]

Finally, Plaintiffs fault Defendants for not raising the prospect of a surreply at the February 8 conference. As Your Honor knows, that conference was focused on mediation and settlement issues. On February 8, Defendants were still in the process of analyzing Plaintiffs' massive Reply submission and determining what steps they would take to address the new arguments and exhibits presented in those submissions. Once a response to Plaintiffs' Reply had been authorized for filing on February 13, Defendants requested the Court's permission to address Plaintiffs' Reply in the appropriate context.

We appreciate the Court's consideration of this matter, and are available to discuss these issues at Your Honor's convenience.

Respectfully submitted,

*[signature]*

William B. McGuire
For    TOMPKINS, McGUIRE, WACHENFELD & BARRY

cc:  All Counsel (Via ECF)

---

[1] *See* Merck Pl. Mem. In Supp. Class Cert. at 8, 10; Schering Pl. Mem. In Supp. Class Cert. at 6-7.