UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SCHERING-PLOUGH CORP. ENHANCE SECURITIES LITIGATION | Civil Action No. 08-397 (DMC) (JAD) |
| IN RE MERCK & CO., INC. VYTORIN/ZETIA SECURITIES LITIGATION | Civil Action No. 08-2177 (DMC) (JAD) |

Amended

NOTICE OF INTENTION TO APPOINT SPECIAL MASTERS PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 23(h)(4) and 54 (d)(2)(D)

On February 27, 2013, the Court was notified that the parties had entered into an agreement in principle to settle both the Schering-Plough Corporation Enhance Securities Litigation (the "Schering Class Action") and the Merck & Co., Inc. Vytorin/Zetia Securities Litigation (the "Merck Class Action"), the parties were using their best efforts to document the settlement within 30 days, and a motion for preliminary approval would follow shortly thereafter. (Schering Docket Entry 391; Merck Docket Entry 310.) The Court takes judicial notice that the parties publicly announced, and it was widely reported, that the settlement amount for the Schering Class Action was $473 million and the settlement amount for the Merck Class Action was $215 million. Under these circumstances, it is inevitable that the motion to approve the settlements will be

accompanied by applications for attorneys' fees and expenses on behalf of the law firms representing the lead plaintiffs and the class.

It is well established that "active judicial involvement in measuring fee awards is singularly important to the proper operation of the class action process" and that the "district court must ensure that the amount and mode of attorneys' fees are fair and proper whether the fees come from a common fund or are otherwise paid." (Advisory Committee Notes to Fed. R. Civ. P. 23(h).) As the Court of Appeals has stated, "at the fee determination stage, the district judge must protect the class's interest by acting as a fiduciary for the class." In re Rite Aid Corporation Securities Litigation, 396 F.3d 294, 307 (3d Cir. 2005). Accord, In re Cendant Corp. Litig., 264 F.3d 201, 231 (3d Cir. 2001) ("[T]he district court acts as a fiduciary guarding the rights of absent class members").

For a variety of reasons, this judicial responsibility presents challenges. Once a settlement is reached, the defendants have no impetus to litigate the amount of requested attorneys' fees because they are paid out of the settlement amount and any fee reduction benefits only the class, not the defendants. As a result, the illumination normally provided by the adversary system is lacking, unless an absent class member objects. The responsibility of "protecting" the class also "places the Court in the uncomfortable position of appearing to act as an adversary of plaintiffs' counsel for whom the Court has great respect and who undertook this case when there was no assurance that there would be any recovery." Hallet v. Li & Fung, Ltd., 1998 WL 698354 (S.D.N.Y. 1998) (Martin, J.).

In acknowledging these issues, the Third Circuit has indicated district judges may consider appointing special masters to aid them in considering the amount of attorneys' fees and expenses to be awarded in class actions. Rite Aid, 396 F.3d 308. In class actions, courts frequently utilize special masters to assist in determining issues relating to the amount of attorneys' fees and expenses to be awarded to class counsel. See, e.g., UFCW Local 880-Retail Food Employees Joint Pension Fund v. Newmont Mining Corp., 2009 WL 2902565 (10th Cir. 2009) (affirming and rejecting challenge to report of Special Master); in re US Bioscience Sec. Litig., 155 FRD 116, 119 (E.D. Pa. 1994); In re TFT-CCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Ca. 2002) (Amended Order appointing Special Master); Vioxx Products Liability Litig., MDL No. 11657 (E.D.N.Y. 2011) (Report of Special Master, dated June 27, 2011); Azizian v. Federated Department Stores, No. 4:03-CV-033595BA (N.D. Ca., March 13, 2007) (Order appointing Special Master to allocate attorneys' fees).

Given the complexity and duration of both the Schering and Merck Class Actions, which were not settled until shortly before the trial was scheduled to commence, and the substantial settlement funds created in both of these cases, it reasonably can be expected that the applications by class counsel for fees and expenses themselves will be voluminous and the amounts sought substantial. Under these circumstances, the Court has determined to exercise its discretion under Rule 23 (h)(4) to refer the issues relating to the amount of attorneys' fees and expenses to special masters.

Where, as here, the applications for attorneys' fees and expenses are made in class actions, Rule 23(h)(4), added to the Federal Rules of Civil Procedure in 2003, specifically provides "the court may refer issues related to the amount of the award to a

3

Special Master . . . as provided in Rule 54 (d)(2)(D). In turn, Rule 54(d) which addresses motions for attorney's fees, specifies that a Special Master may be appointed to address issues related to attorney's fees without the need to meet the criteria of Rule 53(a)(1): "[t]he court may also refer issues concerning the value of services to a Special Master under Rule 53 with regard to the limitations of Rule 53 (a)(1). . . ." (Fed. R. Civ. P. 54(d)(2)(D).)[1]

Based on the foregoing, the Court intends to appoint Stephen M. Greenberg and Jonathan J. Lerner, who previously were appointed by the Court (Schering Docket Entry 289; Merck Docket Entry 232), and served, as Mediators in these cases, and who were instrumental in assisting the parties in reaching a settlement, as Special Masters to address, recommend and report to the Court on the issues arising from applications of class counsel for legal fees and expenses to be awarded in the Schering and Merck Class Actions. The Mediators were extensively involved in settlement negotiations, personally met with representatives of the lead plaintiffs and are in a position to initially evaluate the issues relating to the amount of legal fees and expenses to be awarded. They are also both extremely experienced in securities class actions and the legal fees typically awarded. For these reasons, the Court believes the Special Masters will be able to expedite and assist the Court's consideration of the applications by class counsel for fees and expenses, and that appointing the Mediators as Special Masters, therefore, will materially advance final resolution of the cases and achieve cost-

---

[1] Even absent Rule 23(h), the Court readily would conclude appointment of a Special Master to timely address issues relating to attorneys' fees and expenses would be appropriate in these cases under Rules 53(a)(1)(B)(ii) and 53 (a)(1)(c). See, Agostino v. Quest Diagnostics, Inc., CA 04-4362 (Chesler, J.) (D.N.J. 2012) (appointing Special Master to report and recommend amount of statutory attorneys' fees pursuant to Rule 53 (a)(1)(c) and (a)(1)(B)(ii): "[T]he work required to decide plaintiffs' motion for attorneys' fees constitutes both exceptional circumstances and detailed accounting.")

savings to the parties. Given the magnitude of the cases, the Court concludes that any expense would not be unfair, and the charges for the Special Masters shall be considered an administrative expense of the settlement. The Court will communicate with the Special Masters regularly to protect against any unreasonable expenses.

Under Fed. R. Civ. P. 53 (b)(1), this shall constitute notice to the parties of the Court's intention to appoint the Mediators to serve as Special Masters as described above. The parties are directed to advise the Court in writing of their consent, objections or any other views no later than March 25, 2013.

Dated: March 18, 2013

_____
Dennis M. Cavanaugh
United States District Judge

5