# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE MERCK & CO., INC.<br>VYTORIN/ZETIA SECURITIES<br>LITIGATION | Civil Action No. 08-2177 (DMC) (JAD) |

## [PROPOSED] ORDER PRELIMINARILY
## APPROVING PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *In re Merck &*

*Co., Inc. Vytorin/Zetia Securities Litigation*, Civil Action No. 08-2177 (DMC) (JAD) (D.N.J.)

(the "Action");

WHEREAS, by Order dated September 25, 2012, the Court certified the Action to

proceed as a class action on behalf of all persons and entities that purchased or acquired Merck

&Co., Inc. ("Merck") common stock, or call options, and/or sold Merck put options, during the

period between December 6, 2006 through and including March 28, 2008 (the "Class Period"),

and who did not sell their stock and/or options on or before January 14, 2008, and who were

damaged thereby (the "Class");[1]

---

[1]  Excluded from the Class by definition are (a) Defendants; (b) members of the Immediate Families of
the Individual Defendants; (c) the subsidiaries and affiliates of Defendants, as these terms are defined by
the federal securities laws, including the 401(k) plans of Merck and Schering; (d) any person or entity
who was a partner, executive officer, director, or controlling person of Merck, M/S-P or Schering
(including any of their subsidiaries or affiliates), or any other Defendants; (e) any entity in which any
Defendant has a controlling interest; (f) Defendants' directors' and officers' liability insurance carriers,
and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors and assigns of
any such excluded party.  Also excluded from the Class are any Persons listed in Appendix 1 to the
Stipulation and Agreement of Settlement dated June 3, 2013 (the "Stipulation") who do not opt back into
the Class in accordance with the terms set forth in the Stipulation and in the Notice of (I) Proposed
Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; and (III) Motion for an Award of
Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice").

WHEREAS, pursuant to this Court's Order entered December 28, 2012, the Notice of Pendency of Class Action (the "Class Notice") was mailed to potential members of the Class to notify them of, among other things:   (a) the Action pending against the Defendants; (b) the Court's certification of the Action as a class action on behalf of the Court-certified Class; and (c) the effect of remaining in the Class (including that Class Members will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable); and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion;

WHEREAS, (a) Lead Plaintiffs Stichting Pensioenfonds ABP, International Fund Management, S.A. (Luxemburg), the Jacksonville Police and Fire Retirement System, and the General Retirement System of the City of Detroit (collectively, "Lead Plaintiffs" or "Class Representatives"), on behalf of themselves and the Class; (b) Merck & Co., Inc. ("Merck" as defined in the Stipulation), and (c) Legacy Merck (as defined in the Stipulation), Merck/Schering-Plough Pharmaceuticals, MSP Distribution Services (C) LLC, MSP Singapore Company LLC, Richard T. Clark, and Deepak Khanna (collectively, "Defendants"), have entered into the Stipulation to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to the Class Members as more fully described herein;

WHEREAS, the Court has read and considered (a) the Second Amended Consolidated Complaint for Violation of the Federal Securities Laws, filed in this Action on February 9, 2012; (b) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (c) the Stipulation and the exhibits attached thereto, including the proposed Settlement Notice, Claim Form, Summary Settlement Notice, and Judgment, and finds substantial and sufficient grounds for entering this Order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Preliminary Approval of Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate as to Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _Oct 1_, 2013 at _10:00 A_m. in Courtroom PO 04 of the United States Post Office and Courthouse Building, Newark, NJ 07101, for the following purposes:    (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses

3

should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in Paragraph 4 of this Order.

       3.     The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

       4.     **Retention of Claims Administrator and Manner of Notice** – Co-Lead Counsel are hereby authorized to retain Epiq Systems, Inc. (the "Claims Administrator" or "Epiq"), which was previously approved by the Court to be the Notice Administrator, to supervise and administer the notice procedure as well as the processing of Claims.  Notice of the Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

       (a)     not later than ten (10) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause copies of the Settlement Notice and Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to Class Members who were identified in connection with the mailing of the Notice of Pendency of Class Action (the "Class Notice") or who may otherwise be identified through reasonable effort;

       (b)     contemporaneously with the mailing of the Notice Packet, the  Claims Administrator shall cause copies of the Settlement Notice and Claim Form to be posted on the website designated for the Action, www.merckvytorinsecuritieslitigation.com, from which Class Members may download copies of the Settlement Notice and Claim Form;

       (c)     not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Settlement Notice, substantially in form attached hereto

as Exhibit 3, to be published once in the national edition of *The Wall Street Journal*, and to be transmitted once over the *PR Newswire*; and

      (d)    not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

      5.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice Packet and the publication of the Summary Settlement Notice in the manner and form set forth in Paragraph 4 of this Order (i) is the best notice practicable under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the proposed Settlement, of the effect of the proposed Settlement (including the Releases contained therein), and of their right to object to any aspect of the proposed Settlement, opt-back into the Class if they previously submitted a request for exclusion in connection with the Class Notice, and appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7), and all other applicable laws and rules. The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published.

      6.    **Nominee Procedures** – In the previously disseminated Class Notice, brokers and other nominees ("Nominees") were advised that if, for the beneficial interest of any person or

entity other than themselves, they purchased or acquired Merck common stock or call options and/or sold Merck put options during the period between December 6, 2006 through and including March 28, 2008, they must either:  (a) within seven (7) calendar days of receipt of the Class Notice, request from Epiq sufficient copies of the Class Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of the copies of the Class Notice forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and addresses of all such beneficial owners to Epiq.

(a)     For Nominees who previously chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), Epiq shall forward the same number of Notice Packets to such Nominees, and the Nominees shall within seven (7) calendar days of receipt of the Notice Packets mail them to the beneficial owners;

(b)     For Nominees who previously chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to Epiq), Epiq shall promptly mail a copy of the Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee purchased or acquired Merck common stock or call options and/or sold Merck put options during the Class Period for beneficial owners whose names and addresses were not previously provided to Epiq, such Nominees need not take any further action;

(c)     For Nominees that purchased or acquired Merck common stock or call options and/or sold Merck put options during the Class Period for beneficial owners whose names and addresses were not previously provided to Epiq, such Nominees shall within seven (7) calendar days of receipt of the Notice Packet, provide a list of the names and addresses of all such beneficial owners to Epiq, or shall request from Epiq sufficient copies of the Notice Packet

6

to forward to all such beneficial owners which the Nominee shall, within seven (7) calendar days of receipt of the Notice Packets from Epiq, mail to the beneficial owners; and

(d)      Upon full compliance with this Order, Nominees who mail the  Notice Packets to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing Epiq with proper documentation supporting the expenses for which reimbursement is sought.   Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses subject to review by the Court.

7.      **Participation in Settlement** – Class Members who wish to participate in the Settlement and receive a distribution from the proceeds of the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred and fifty (150) calendar days after the Notice Date.   Notwithstanding the foregoing, Co-Lead Counsel may, at their discretion, accept late Claims for processing provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

8.      Each Claim Form that is submitted must satisfy the following conditions:   (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker

7

confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (e) it must be signed under penalty of perjury.

9.     Any Class Member that does not submit a timely and valid Claim Form, or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation, the Settlement, and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment (or Alternative Judgment, if applicable), and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any and all of the Defendants and the other Defendants' Releasees, as more fully described in the Stipulation and the Settlement Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10.     **Opting-Back into the Class** – Any Person listed in Appendix 1 to the Stipulation may elect to opt-back into the Class. By opting back into the Class, such Person shall be eligible to receive payment from the Net Settlement Fund, subject to the requirement applicable to all Persons that he, she, or it establish membership in the Class. Any such Person who wishes to

8

opt-back into the Class must either, individually or through counsel, request to opt-back into the Class in writing to Epiq within the time and in the manner set forth in the Settlement Notice, which provides that any such request to opt-back into the Class must be mailed or delivered such that it is received no later than forty-five (45) calendar days after the Notice Date, at the address set forth in the Settlement Notice. Each request to opt-back into the Class must: (a) provide the name, address and telephone number of the person or entity requesting to opt-back into the Class; (b) state that such person or entity "requests to opt-back into the Class in *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*, Civil Action No. 08-2177 (DMC) (JAD)"; and (c) be signed by the person or entity requesting to opt-back into the Class or an authorized representative. A Person may not opt-back into the Class for the purpose of objecting to any aspect of the Settlement, the Plan of Allocation, or Co-Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses.

11.     Any Person listed in Appendix 1 to the Stipulation that does not opt-back into the Class in accordance with the requirements set forth in this Order and the Settlement Notice, shall remain excluded from the Class. Such Person shall not be a Class Member, shall not be bound by the terms of the Settlement, the Stipulation, or any other orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

12.     **No Second Opportunity to Request Exclusion From the Class** – The Court, in the exercise of its discretion, determines and directs that there shall not be a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.

13.     **Appearance and Objections at Settlement Hearing** – Any Class Member who did not previously submit a request for exclusion from the Class, *i.e.*, is not listed in Appendix 1

9

to the Stipulation, may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Co-Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 14 below, such that it is received no later than forty-five (45) calendar days after the Notice Date, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

14.    Any Class Member who is not listed in Appendix 1 to the Stipulation may file a written objection to any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and enter an appearance to show cause (if any can be shown) as to why the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; provided, however, that no Class Member shall be heard or entitled to contest any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than forty-five (45) calendar days after the Notice Date.

| Jay W. Eisenhofer | Salvatore J. Graziano | Daniel J. Kramer |
|---|---|---|
| Daniel L. Berger | Bernstein Litowitz Berger | Paul, Weiss, Rifkind Wharton |
| Grant & Eisenhofer P.A. | & Grossmann LLP | & Garrison LLP |
| 485 Lexington Avenue | 1285 Avenue of the Americas | 1285 Avenue of the Americas |
| New York, NY 10017 | New York, NY  10019 | New York, NY 10019 |

15.    Any objections, filings, or other submissions by an objecting Class Member must: (a) provide the name, address, telephone number, and signature of the objector; (b) state the

10

objection(s), and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) include documents sufficient to prove the objector's membership in the Class, such as the number of shares of Merck common stock, Merck call options, and/or Merck put options purchased, acquired and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.

16.      Any Class Member who does not make his, her, or its objection in the  manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses.  Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, and otherwise from being heard concerning the Settlement, the Plan of Allocation, or the attorneys' fees and expense request in this or any other proceeding.

17.      **Stay** – Until and unless otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final approval of the Settlement, the Court enjoins Lead Plaintiffs and all other Class Members from commencing or prosecuting any and all of the Released Plaintiffs' Claims against any and all of the Defendants and the other Defendants' Releasees in this or any other court or forum.  "Released Plaintiffs' Claims" means:

> any and all claims, actions, causes of action, controversies, demands, duties, debts, damages, obligations, contracts, agreements, promises, issues, judgments, liabilities, losses, sums of money, matters, suits, proceedings, and rights of every nature and description, whether known claims or Unknown Claims, suspected or unsuspected, concealed or unconcealed, foreseen or unforeseen, fixed or contingent, matured or unmatured, accrued or unaccrued, liquidated or

11

unliquidated, whether based on federal, state, local or foreign statutory law, rule, regulation, common law, or equity, and whether direct, representative, class, or individual, to the fullest extent permitted by law, that Class Representatives or any other member of the Class: (i) asserted in the Action, including in the Complaint; or (ii) could have asserted in any forum arising out of, related to, or based in whole or in part upon, in connection with, or in any way involving any of the occurrences, causes, breaches of duty, neglect, error, misstatements, misleading statements, representations, omissions, acts, or facts, circumstances, situations, events, or transactions alleged, involved, set forth, contained, or referred to in the Action, including in the Complaint, and arise out of the purchase, acquisition or holding of Merck common stock or call options, or sale of Merck put options during the Class Period. Released Plaintiffs' Claims do not release, bar, or waive: (i) claims which were asserted in the actions entitled *Cain v. Hassan*, Civil Action No. 2:08-cv-01022 (D.N.J.), *In re Schering-Plough Corp. ENHANCE ERISA Litigation*, Civil Action No. 08-CV-1432 (D.N.J.), *In re Vytorin/Zetia Marketing Sales Practices and Products Liability Litigation*, 08-cv-0285 (DMC) (D.N.J.), *In re Schering-Plough Corporation/ENHANCE Securities Litigation*, 08-cv-0397 (DMC) (D.N.J.), *Local No. 38 International Brotherhood Of Electrical Workers Pension Fund v. Clark, et al.*, 09-cv-05668 (DMC) (D.N.J.), or *In re Merck & Co. Inc. Vytorin ERISA Litigation*, 08-cv-1974 (DMC) (D.N.J.) that are not already released, barred or waived by the orders or judgments therein, or by operation of law; (ii) any claims of any Person listed in Appendix 1 to the Stipulation that submitted a valid or Court-approved request for exclusion and who does not opt back into the Class; or (iii) if and only if the Court affords a second opportunity to request exclusion from the Class, any claims of any Person that submits a valid or Court-approved request for exclusion in connection with the Settlement Notice who does not withdraw his, her or its request for exclusion and whose request is accepted by the Court (collectively, the "Excluded Claims"). Additionally, Released Plaintiffs' Claims do not include claims relating to the enforcement of the Settlement.

18. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying and notifying Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation without further order of the Court.

19. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and otherwise to perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21. **Termination of Settlement** – If the Stipulation is terminated, the Settlement is not approved, or the Effective Date of the Settlement does not occur, this Order (except for Paragraph 22 below) shall become null and void and be without prejudice to the rights of Lead Plaintiffs, the other Class Members, the Defendants, and the Parties – all of whom shall be restored to their respective positions in the Action immediately prior to February 25, 2013, as provided in the Stipulation. Within fourteen (14) business days after written notification of termination is sent by Merck's Counsel and Co-Lead Counsel to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including accrued interest thereon and any funds received by Co-Lead Counsel consistent with ¶ 19 of the Stipulation), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to Merck and/or the entity(ies) that paid any portion of the Settlement Amount in proportion to their contributions pursuant to instructions to be provided by Merck to Co-Lead Counsel. Co-Lead Counsel shall return any attorneys' fees, as set forth in ¶ 19 of the Stipulation. In the event that the funds received by Co-Lead Counsel consistent with ¶ 19 of the Stipulation have not been refunded to the Settlement Fund within the fourteen (14) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Merck and/or the entity(ies) that paid any portion of the Settlement Amount in proportion to their contributions

13

pursuant to instructions to be provided by Merck to Co-Lead Counsel, immediately upon their deposit into the Escrow Account consistent with ¶ 19 of the Stipulation.

22.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation or any proceedings taken pursuant to them:     (a) shall be offered against any of the Defendants or any of the other Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or any of the other Defendants' Releasees with respect to the truth of any fact alleged by Class Representatives or the Class, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, damages, or other wrongdoing of any kind by any of the Defendants or any of the other Defendants' Releasees; (b) shall be offered against any of the Class Representatives, any other Class Members, or any of the other Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind of the Class Representatives, any of the other Class Members, or any of the other Plaintiffs' Releasees; (c) shall be referred to for any reason against the Parties or other Releasees in any other civil, criminal, or administrative action or proceeding; (d) shall be construed against any of the Parties or other Releasees as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; nor (e) shall they be construed against the Class Representatives, other Class Members, or other Plaintiffs' Releasees as an admission, concession, or presumption that any of their claims are without merit, that any of the Defendants

14

or any of the other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

23.     Notwithstanding the foregoing, the Parties and other Releasees may file or refer to this Order, the Stipulation, Judgment, and/or any Claim Form:  (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under the PSLRA; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or the Judgment.  The Parties and other Releasees submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

24.     **Supporting Papers** – Co-Lead Counsel shall file and serve papers in support of the proposed Settlement, the Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than twenty-five (25) calendar days after entry of this Order.  If reply papers are necessary, they are to be filed and served no later than fifty-three (53) calendar days after the Notice Date.

25.     The Court retains jurisdiction to consider all further applications arising out of the proposed Settlement.

SO ORDERED this _____6_____ day of ____June_____, 2013.

The Honorable Dennis M. Cavanaugh
United States District Judge

# 716247

15

# Exhibit 1

EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. VYTORIN/ZETIA SECURITIES LITIGATION | Civil Action No. 08-2177 (DMC) (JAD) |

### NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**If you purchased or acquired Merck & Co., Inc. common stock or call options, and/or sold Merck put options, during the period between December 6, 2006 through and including March 28, 2008 (the "Class Period"), and did not sell all of those shares and/or options on or before January 14, 2008, you might be a member of the class in this action making you eligible for relief in connection with a settlement achieved in the action.[1]**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- This Notice relates to the above-captioned securities class action (the "Action") brought by investors who claim that the prices of Merck & Co., Inc. ("Merck") securities were artificially inflated or depressed as a result of allegedly false statements, non-disclosures, and fraudulent conduct in violation of the federal securities laws.

- Lead Plaintiffs Stichting Pensioenfonds ABP, International Fund Management, S.A. (Luxembourg), the Jacksonville Police and Fire Retirement System, and the General Retirement System of the City of Detroit (collectively, "Lead Plaintiffs") have reached a proposed settlement that, if approved, will resolve all claims in the Action on behalf of Lead Plaintiffs and the other members of the Class (as defined in the response to Question 5 below) against Defendants Merck & Co., Inc., Merck/Schering-Plough Pharmaceuticals, MSP Distribution Services (C) LLC, MSP Singapore Company LLC, Richard T. Clark, and Deepak Khanna (collectively, "Defendants").

- The settlement provides for the payment of $215,000,000 in cash (the "Settlement Amount") by or on behalf of Merck for the benefit of the Class. The Settlement Amount will be deposited into an escrow account (the "Settlement Fund").

- After payment of Taxes, the costs of providing notice and administering the Settlement, and any attorneys' fees and Litigation Expenses awarded by the Court, the remainder of the Settlement

---

[1] All capitalized terms that are not defined in this Notice have the meaning ascribed to them in the Stipulation and Agreement of Settlement dated June 3, 2013 (the "Stipulation"), which is available on the website established for this Action, www.merckvytorinsecuritieslitigation.com, or on Co-Lead Counsel's respective websites, www.blbglaw.com and www.gelaw.com.

Fund (the "Net Settlement Fund") will be distributed in accordance with a plan of allocation that is approved by the Court to Class Members who submit Claim Forms that are valid and approved for payment by the Court. The plan of allocation that is being proposed by Lead Plaintiffs (the "Plan of Allocation") is set forth on pages __-__ below.

- Lead Plaintiffs' damages expert estimates that approximately 1.386 billion shares of Merck common stock and 95 million Merck call options[2] purchased, and 78 million Merck put options sold, during the Class Period may have been affected by the conduct at issue in the Action. If all eligible Class Members elect to participate in the Settlement, the estimated average recovery would be approximately $0.15 per affected share of common stock, $0.03 per affected call option, and $0.05 per affected put option, before deduction of Court-awarded attorneys' fees and expenses, Taxes, and the costs of providing notice and administering the Settlement. Class Members should note, however, that these are only estimates based on the overall number of potentially affected shares and options. Some Class Members may recover more or less than these estimated amounts.

- Only Class Members are eligible to share in the proceeds of the Settlement. If you excluded yourself from the Class, pursuant to the Notice of Pendency of Class Action ("Class Notice") that was previously sent, you will not be eligible to share in the proceeds of the Settlement unless you opt back into the Class in accordance with the requirements set forth in the response to Question 18 below.

- Lead Plaintiffs and Defendants disagree as to both liability and damages, and do not agree on the average amount of damages per share, call option, and put option that would be recoverable if Lead Plaintiffs were to have prevailed on each claim alleged. The issues on which the parties disagree include, among others: (i) whether Defendants engaged in conduct that would give rise to liability under the federal securities laws; (ii) whether Defendants have valid defenses to any of the claims against them; (iii) the amount, if any, by which the prices of Merck's common stock and call options were artificially inflated and the amount, if any, that the price of Merck's put options was artificially depressed, as a result of Defendants' alleged violations of the federal securities laws; (iv) the appropriate economic model for measuring damages; and (v) the extent to which confounding news influenced the trading price of Merck's common stock or options at various times during the Class Period.

- Plaintiffs' Counsel, which collectively is Co-Lead Counsel, Liaison Counsel, and all other legal counsel who, at the direction and under the supervision of Co-Lead Counsel, performed services on behalf of or for the benefit of the Class, have prosecuted this Action on a wholly contingent basis since its inception in 2008. Co-Lead Counsel (defined below), on behalf of Plaintiffs' Counsel, will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel in an amount not to exceed 28 % of the Settlement Fund (which includes accrued interest). In addition, Co-Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action in an amount not to exceed $_____, plus accrued interest and will also apply for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class in an amount not to exceed $_____. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. If the Court approves Co-Lead Counsel's fee and expense

---

[2] All options related amounts in this paragraph are per share of the underlying security (*i.e.*, 1/100 of a contract).

application, the average cost of fees and expenses, assuming claims are filed for all affected shares, call options, and put options will be approximately $_____ per affected share of Merck common stock, $_____ per affected call option, and $_____ per affected put option.

- Lead Plaintiffs and the Class are being represented by Daniel L. Berger, Esq., of Grant & Eisenhofer P.A. and Salvatore J. Graziano, Esq., of Bernstein Litowitz Berger & Grossmann LLP, the Court-appointed Lead Counsel ("Co-Lead Counsel"). Any questions regarding the Settlement should be directed to Mr. Berger, at Grant & Eisenhofer P.A., 485 Lexington Ave., New York, NY 10017, (646) 722-8500, dberger@gelaw.com or Mr. Graziano at Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, (800) 380-8496, blbg@blbglaw.com.

- **If you are a member of the Class and the Settlement is approved, your legal rights will be affected whether you act or not. Read this notice carefully and in its entirety to see what your options are in connection with the Settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
| --- | --- |
| **Submit a Claim Form by _____ 2013.** | The only way to get a payment is if you are a Class Member, as set forth in the response to Question 14 below. |
| **Opt-back into the Class by submitting a written request to withdraw your previously submitted request for exclusion so that it is *received* no later than _____, 2013.** | If you previously submitted a request for exclusion from the Class in connection with the Class Notice and now want to be part of the Class in order to be eligible to receive a payment from the Settlement Fund, you must follow the steps for "Opting-Back Into the Class" as set forth in the response to Question 18 below. If you previously submitted a request for exclusion from the Class in connection with the Class Notice and wish to remain excluded from the Class, no further action is necessary. |
| **Object to the Settlement by submitting a written objection so that it is *received* no later than _____, 2013.** | If you did not exclude yourself, but you wish to object to any part of the Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court about your objections. |
| **Attend the Hearing on _____, 2013 and file a Notice of Intention to Appear so that it is *received* no later than _____, 2013.** | Filing a written objection and notice of intention to appear by _____, allows you to speak in Court at the discretion of the Court about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but do not have to) attend the hearing and speak to the Court about your objection. |

3

| | |
|---|---|
| **Do nothing.** | If you are a member of the Class and you do not submit a Claim Form by _____, 2013, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you gave up your right to sue about the claims that are resolved by the Settlement, and you are bound by any judgments or orders entered by the Court in the Action |

- These rights and options -- **and the deadlines to exercise them** -- are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  The Net Settlement Fund will be available for distribution only if the Settlement is approved and that approval is upheld following any appeals.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**..................................................................................... Page __
1.   Why did I get this Notice?
2.   What is a class action?
3.   What is this lawsuit about?
4.   What should I do if my address changes, or if this notice was sent to the wrong address?

**WHO IS IN THE CLASS**................................................................................. Page __
5.   How do I know whether I am part of the Class?
6.   Are there exceptions to being included?
7.   What should I do if I am still not sure whether I am included?

**SUMMARY OF THE SETTLEMENT**........................................................... Page __
8.   How and when was the Settlement reached?
9.   What does the Settlement provide?
10.  What are the reasons for the Settlement?
11.  What is the potential outcome of the lawsuit without the Settlement?

**THE BENEFITS OF THE SETTLEMENT - WHAT YOU GET** ................................ Page __
12.  How much will be distributed to investors?
13.  How much will my payment be?

**HOW TO GET A PAYMENT** ..................................................................... Page __
14.  What do I have to do to receive a share of the Settlement?
15.  When will I receive my payment?
16.  As a Class Member, what am I giving up in the Settlement?

**REQUESTING EXCLUSION FROM THE CLASS**
17.  May I now request exclusion from the Class?

**"OPTING-BACK" INTO THE CLASS** ....................................................... Page __

18.   What if I previously requested exclusion from the Class and now want to be eligible to receive a payment from the Settlement Fund? How do I opt-back into the Class?

19.   If I am a Class Member and didn't exclude myself, can I sue Defendants or the Other Defendants' Releasees for the same thing later?

20.   If I excluded myself, can I get money from the Settlement?

**THE LAWYERS REPRESENTING YOU** ..................................................................... Page __

21.   Do I have a lawyer in this case?

22.   How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION** ............................................................ Page __

23.   How do I tell the Court that I don't like the Settlement?

24.   What's the difference between objecting and requesting exclusion?

25.   When and where will the Court decide whether to approve the Settlement?

26.   Do I have to come to the Settlement Hearing?

27.   May I speak at the Settlement Hearing?

**IF YOU DO NOTHING** ................................................................................................. Page __

28.   What happens if I do nothing at all?

**GETTING MORE INFORMATION** .............................................................................. Page __

29.   Are there more details about the Settlement?

30.   How do I get more information?

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES** ............................................................................................................... Page __

## BASIC INFORMATION

### 1. Why did I get this Notice?

You or someone in your family or an investment account for which you serve as a custodian may have purchased or acquired common stock of Merck or call options on Merck common stock, or sold put options on Merck common stock during the period December 6, 2006 through and including March 28, 2008. The Court ordered that this Notice to be sent to you because, as a potential Class Member, you have a right to know about the proposed Settlement and about all of your options before the Court decides whether to approve the Settlement.

This Notice describes the Settlement, the lawsuit, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the District of New Jersey. The case is known as *In re Merck & Co., Inc., Vytorin/Zetia Securities Litigation*, Case Number 2:08-cv-2177 (DMC) (JAD).

### 2. What is a class action?

In a class action, one or more persons, called "plaintiffs" sue on behalf of people who have similar claims. The court must certify the action to proceed as a class action and it will appoint the "class representatives." All of the individuals and entities on whose behalf the class representatives are suing are known as class members. One court resolves the issues in the case for all class

members, except for those who choose to exclude themselves from the class if exclusion is permitted by applicable rules of procedure. In this Action, the Court has appointed Lead Plaintiffs to serve as the class representatives and has appointed Co-Lead Counsel to serve as class counsel.

## 3.  What is this lawsuit about?

This Action is a class action alleging that Defendants Merck; Merck/Schering-Plough Pharmaceuticals, MSP Distribution Services (C) LLC, and MSP Singapore Company LLC (collectively, "M/S-P"); Richard T. Clark; and Deepak Khanna (collectively, the "Defendants") violated the federal securities laws, for among other reasons, failing to disclose material information concerning the commercial prospects of Vytorin (a cholesterol-lowering drug that is a combination of a drug developed by Merck (Zocor) and a drug developed by Schering-Plough Corporation (Zetia)), and the results of a clinical trial known as ENHANCE that tested whether Vytorin was more effective than Zocor alone in reducing the intima-media thickness of the carotid arteries.

Specifically, Lead Plaintiffs alleged that beginning in 2002, Merck and Schering undertook the ENHANCE trial, which was designed as double-blinded to prevent the sponsors from learning the results before their publication. Lead Plaintiffs alleged, however, that beginning in the fall of 2006, Defendants began to improperly use a series of statistical analyses to discover the results of the ENHANCE trial, and learned that the trial results would show that Vytorin was no better than generic simvastatin in reducing the intima-media thickness of the carotid arteries. Lead Plaintiffs alleged that, thereafter, Defendants improperly delayed releasing the results of the ENHANCE trial so that they could continue to sell larger amounts of Vytorin than they would have been able to sell had the truth about the drug's efficacy been known. Lead Plaintiffs further alleged that, during this delay, Defendants knowingly or recklessly made public statements that were false and misleading. When the results of the ENHANCE trial were ultimately disclosed to the public, the price of Merck common stock and call options dropped and the price of Merck put options increased significantly, causing substantial investor losses.

In October 2008, Lead Plaintiffs filed their Consolidated Class Action Complaint for violations of the Federal Securities Laws (the "Consolidated Complaint") asserting claims against each of the Defendants under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"). Additionally, claims were asserted against Defendants Clark and Khanna under Section 20(a) of the Exchange Act and against Defendant Clark under Section 20A of the Exchange Act.

In December 2008, Defendants moved to dismiss the claims asserted against them. By Order dated September 2, 2009, the Court denied Defendants' motions to dismiss. On October 19, 2009, Defendants answered the Consolidated Complaint. Defendants denied any violations of the securities laws and asserted affirmative defenses to Lead Plaintiffs' allegations.

On February 9, 2012, Lead Plaintiffs filed a Second Amended Consolidated Complaint for Violation of the Federal Securities Laws (the "Complaint"), which again asserted claims under Section 10(b) and 20(a) of the Exchange Act and Rule 10b-5. The Complaint adds additional allegations concerning the alleged false statements and dropped all claims against two of Merck's officers who had been named as defendants in the Consolidated Complaint. Defendants denied all violations of the securities laws and asserted affirmative defenses to Lead Plaintiffs' allegations. Lead Plaintiffs, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, entered into a stipulation voluntarily dismissing without prejudice the claims against Defendant Kim, as well as all claims asserted under Section 20A of the Exchange Act. The Stipulation was so ordered by the Court on November 28, 2012.

On February 7, 2011, Lead Plaintiffs filed their motion for class certification and, on September 16, 2011, amended that motion. Following class certification discovery, on September 25, 2012, the Court issued an Opinion and entered an Order granting Lead Plaintiffs' motion certifying the Class, appointing Lead Plaintiffs as class representatives, and appointing Co-Lead Counsel as class counsel. The Class Notice mailed to potential Class Members informed Class Members of their right to be excluded from the Class, the requirements for requesting exclusion, and the deadline by which requests for exclusion must have been received.

On March 1, 2012, Defendants moved for summary judgment, seeking dismissal of Lead Plaintiffs' claims. The Court denied this motion by Order dated September 25, 2012.

The trial in this Action was scheduled by the Court to begin on March 4, 2013.

Defendants continue to deny any allegations of fault, wrongdoing or liability with respect to the allegations in the Complaint, and the Court has not ruled on the merits of the allegations.

## 4. What should I do if my address changes, or if this notice was sent to the wrong address?

If this Notice was sent to you at the wrong address, or if your address changes in the future, please send prompt written notification of your correct address to the Claims Administrator at the following address:

> *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*
> P.O. Box 4178
> Portland, OR 97208-4178

### WHO IS IN THE CLASS

## 5. How do I know whether I am part of the Class?

The Court has certified a Class, subject to certain exceptions identified below, of the following individuals and entities:

> *All persons or entities that purchased or acquired Merck common stock, or call options, and/or sold Merck put options, during the period between December 6, 2006 through and including March 28, 2008, and who did not sell their stock and/or options on or before January 14, 2008, and who were damaged thereby.*

## 6. Are there exceptions to being included?

Even if a person or entity falls within the Class, they may be excluded from the Class by definition. Persons and entities excluded from the Class by definition are (a) Defendants in the Action; (b) members of the Immediate Families of the Individual Defendants; (c) the subsidiaries and affiliates of Defendants, as these terms are defined by the federal securities laws, including the 401(k) plans of Merck and/or Schering-Plough Corporation ("Schering"); (d) any person or entity who was a partner, executive officer, director, or controlling person of Merck, M/S-P, or Schering (including any of their subsidiaries or affiliates), or any other Defendants; (e) any entity in which any Defendant has a controlling interest; (f) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors and assigns of any such excluded party.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS**

7

FROM THE SETTLEMENT.  **IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2013.**

## 7.  What should I do if I am still not sure whether I am included?

If you are still not sure whether you are included, you can ask for help, which will be provided to you at no cost.  You can call the Claims Administrator toll free at (877) 866-5915, or write to the Claims Administrator at the address stated in the answer to Question 4 above.  Please note that the Claims Administrator does not have access to your trading records, but will be happy to explain the requirements for membership in the Class.

## SUMMARY OF SETTLEMENT

## 8.  How and when was the Settlement reached?

Lead Plaintiffs reached an agreement-in-principle to settle with Defendants on February 25, 2013.  Thereafter, the terms and conditions of the Settlement were formalized in the Stipulation.

The Settlement was reached only after arm's-length negotiations between Co-Lead Counsel and Defendants' Counsel.  The Settlement was reached after Plaintiffs' Counsel had:  (a) completed fact discovery during which they obtained access to, and reviewed more than twelve million pages of documents pertinent to the claims and Defendants' defenses to those claims, and took or participated in over fifty (50) depositions, including depositions of Defendants and other employees of Merck, M/S-P, and Schering and of numerous expert witnesses; (b) fully briefed Defendants' motion for summary judgment; (c) conducted numerous mediations with Defendants before the Hon. Layn R. Phillips, a retired judge, and before Stephen Greenberg and Jonathan Lerner; (d) investigated and analyzed all available evidence; and (e) researched the applicable law with respect to the claims against Defendants and the potential defenses thereto.  At the time the agreement-in-principle to settle was reached, on February 25, 2013, the case was essentially trial ready.  As noted above, the trial had been scheduled to begin on March 4, 2013.  When the agreement was reached, the Pretrial Order, which included the stipulated and contested facts, deposition transcript designations, witness lists, exhibit lists, and several thousand exhibits, had been submitted to the Court, and Daubert motions and motions *in limine* had been filed.

## 9.  What does the Settlement provide?

The Settlement provides for Merck to cause a total of $215,000,000 in cash to be paid to the Class.  If the Settlement is approved by the Court, then as of the Effective Date, all members of the Class will be deemed to have released all Released Plaintiffs' Claims (as defined in the response to Question 16 below) against Defendants and the other Defendants' Releasees (as defined in the response to Question 16 below).  This means, among other things, that, upon the Effective Date, all Class Members will be permanently barred from asserting any of the Released Plaintiffs' Claims against Defendants and other Defendants' Releasees.  In addition, upon the Effective Date, Defendants will be precluded from suing Lead Plaintiffs, the other members of the Class, or Plaintiffs' Counsel in connection with the institution, prosecution, or resolution of the Action.

If the Settlement is approved by the Court and becomes effective, the Action will be over.

## 10.  What are the reasons for the Settlement?

Lead Plaintiffs agreed to the Settlement because of the certain, substantial, and immediate monetary benefit it will provide to the Class, compared to the risk that a lesser or no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.  If the Action were to proceed to trial, Lead Plaintiffs would have to overcome significant defenses asserted by multiple defendants.  Among other things, Defendants contended that: (a) they did not make any misrepresentations or omissions, did not engage in any wrongful conduct, and did not violate the securities laws; (b) the alleged misrepresentations and omissions were immaterial as a matter of law; (c) Defendants did not act with the requisite state of mind; (d) Lead Plaintiffs and the other members of the Class did not rely on the alleged misrepresentations or omissions; (e) the price of Merck common stock and call options was not artificially inflated, and the price of Merck put options was not artificially deflated, as a result of the alleged misrepresentations or omissions; (f) Lead Plaintiffs and the other members of the Class did not suffer any damages as a result of their conduct; and (g) the alleged misinformation was publicly disclosed more than two months before the end of the Class Period, and did not cause investor loss when it was disclosed.  While Lead Plaintiffs believe that the claims asserted against Defendants have merit, they recognize that the expense, uncertainty, and risks inherent in every action was heightened here because of the numerous complex legal and factual issues requiring extensive expert medical and statistical testimony.  There is no way to predict whether a jury would find liability in a "battle of experts."  Even after conducting an extensive investigation and completing expert and fact discovery, Lead Plaintiffs recognize that risks remain with respect to establishing Defendants' liability.  Additionally, Lead Plaintiffs are confident that even if they were to prevail at trial, Defendants would appeal such a verdict and this could lead to further delays at best, and at worst, no recovery at all.

Defendants deny any wrongdoing, maintain that the claims in the Action are without merit, and believe that they would ultimately prevail.  Nevertheless, Defendants also recognize the uncertainty, risks, and costs of complex securities litigation.  Defendants agreed to resolve the matter solely to eliminate the burden and expense of further litigation, including imminent trial.

## 11.  What is the potential outcome of the lawsuit without the Settlement?

If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the members of the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

### THE BENEFITS OF THE SETTLEMENT– WHAT YOU GET

## 12.  How much will be distributed to investors?

The Settlement will create a cash Settlement Fund in the aggregate principal amount of $215,000,000.  If the Settlement is approved by the Court and the Effective Date occurs, after deduction of Notice and Administration Costs, Taxes, and any attorneys' fees and expenses that are approved by the Court, the balance of the Settlement Fund plus accrued interest – the Net Settlement Fund – will be available for distribution to members of the Class.

Class Members who submit timely and valid Claim Forms will be eligible to receive a distribution from the Net Settlement Fund.

## 13. How much will my payment be?

At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement. The amounts to be distributed to individual Class Members will depend on a variety of factors, including: the number of other Class Members who submit valid Claim Forms; the number of shares of common stock or number of call options purchased or put options sold; the prices and dates of those purchases; and the prices and dates of any sales of the stock or options. The Net Settlement Fund will be distributed in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

No entity that paid any portion of the Settlement Amount is entitled to get back any portion of the Settlement Fund if the Court approves the Settlement and the Court's order or judgment approving the Settlement becomes Final.

### PROPOSED PLAN OF ALLOCATION

1.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

2.      In developing the Plan of Allocation, Lead Plaintiffs' damages expert's analysis included a review of publicly available information regarding Merck and statistical analysis of the price movements of Merck common stock ("Common Stock") and put and call options ("Put Options" and "Call Options, collectively "Options") (Merck Common Stock and Options are collectively referred to as "Merck Securities") and the price performance of relevant market and peer indices during the Class Period. The expert isolated the losses in Merck Securities that resulted from the alleged violations of the federal securities laws, eliminating losses attributable to market factors, industry factors, or Company-specific factors unrelated to the alleged violations of law. The Plan of Allocation, however, is not a formal damage analysis.

3.      For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of the security. Lead Plaintiffs' damages expert has determined that allegedly corrective information released to the market had a statistically significant impact on the market prices of Merck Common Stock on three separate days: January 17, 2008, January 29, 2008, and March 31, 2008. In order to have a Recognized Loss Amount under the Plan of Allocation, with respect to Common Stock and Call Options, the stock or call options must have been purchased during the Class Period and held through at least one of the statistically significant changes in market price and, with respect to Put Options, those options must have been sold (written) during the Class Period and not closed through at least one statistically significant change in market price.

4.      Recognized Loss Amounts under Section 10(b) of the Exchange Act are based primarily on the change in the level of alleged artificial inflation (or deflation in the case of Put Options) in the respective prices of the Merck Securities at the time of purchase or acquisition and at the time of sale. Accordingly, in order to have a Recognized Loss Amount under Section 10(b), a

10

Class Member who purchased Merck Securities (or wrote Put Options) prior to January 17, 2008 (the first price reaction to an alleged corrective disclosure) must have held his, her or its respective Merck Securities through at least the opening of trading on January 17, 2008.  With respect to Common Stock or Call Options contracts purchased and Put Options contracts sold (written) on January 17, 2008 through the close of trading on March 28, 2008, those securities must have been held through at least one of the subsequent corrective disclosures specified in paragraph 3 above.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

5.     For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of like securities will first be matched on a First In/First Out basis as set forth in paragraph 13 below.

6.     With respect to shares of Merck Common Stock and Call and Put Options, a "Recognized Loss Amount" or a "Recognized Gain Amount" will be calculated as set forth below for each purchase or acquisition of Merck Common Stock and Call Option contracts and each writing of Merck Put Option contracts from December 6, 2006 through and including March 28, 2008, that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that a calculation of a Recognized Loss Amount or a Recognized Gain Amount results in a negative number, that number shall be set to zero.

## COMMON STOCK CALCULATIONS

7.     For each share of Merck Common Stock purchased or acquired from December 6, 2006 through and including March 28, 2008, and:

A.     sold before the opening of trading on January 17, 2008,

    (i)     the Recognized Loss Amount for each such share shall be zero; and

    (ii)    the Recognized Gain Amount for each such share shall be the dollar artificial inflation applicable to each such share on the date of sale as set forth in Table 1 below *minus* the dollar artificial inflation applicable to each such share on the date of purchase as set forth in Table 1 below.

B.     sold after the opening of trading on January 17, 2008 and before the close of trading on March 28, 2008,

    (i)     the Recognized Loss Amount for each such share shall be the dollar artificial inflation applicable to each such share on the date of purchase as set forth in Table 1 below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in Table 1 below; and

    (ii)    the Recognized Gain Amount for each such share shall be zero.

C.     sold after the opening of trading on March 31, 2008 and before the close of trading on June 27, 2008,

    (i)     the Recognized Loss Amount for each such share shall be ***the lesser of***:

        (a)    the dollar artificial inflation applicable to each such share on the date of purchase as set forth in Table 1 below; or

11

        (b)     the actual purchase price of each such share (excluding all fees, taxes and commissions) *minus* the average closing price from March 31, 2008, up to the date of sale as set forth in Table 2 below; and

    (ii)    the Recognized Gain Amount for each such share shall be zero.

D.     held as of the close of trading on June 27, 2008,

    (i)    the Recognized Loss Amount for each such share shall be ***the lesser of***:

        (a)     the dollar artificial inflation applicable to each such share on the date of purchase as set forth in Table 1 below; or

        (b)     the actual purchase price of each such share (excluding all fees, taxes and commissions) *minus* $38.54[3]; and

    (ii)    the Recognized Gain Amount for each such share shall be zero.

## CALL AND PUT OPTION CALCULATIONS

8.     Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call) or sell (in the case of a put) 100 shares of the underlying security, which in this case is Merck Common Stock. Throughout this Plan of Allocation, all price quotations are *per share of the underlying security (i.e., 1/100 of a contract)*.

9.     Each option contract specifies a strike price and an expiration date. Contracts with the same strike price and expiration date are referred to as a "series" and each series represents a different security that trades in the market and has its own market price (and thus artificial inflation or deflation). Under the Plan of Allocation, the dollar artificial inflation per share (*i.e.*, 1/100 of a contract) for each series of Merck Call Options and the dollar artificial deflation per share (*i.e.*, 1/100 of a contract) for each series of Merck Put Options has been calculated by Lead Plaintiffs' damages expert. Table 3 below sets forth the dollar artificial inflation per share in Merck Call Options during the Class Period. Table 4 below sets forth the dollar artificial deflation per share in Merck Put Options during the Class Period.

10.    For each Merck Call Option purchased or acquired from December 6, 2006 through and including March 28, 2008, and:

A.     closed (through sale, exercise or expiration) before the opening of trading on January 17, 2008,

    (i)    the Recognized Loss Amount for each such Option shall be zero; and

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Merck Common Stock during the 90-day look-back period beginning on the date of the last corrective disclosure. The mean (average) closing price for Merck Common Stock during this 90-day look-back period was $38.54 per share.

    (ii)    the Recognized Gain Amount for each such Option shall be the dollar artificial inflation applicable to each such Option on the date of sale as set forth in Table 3 below *minus* the dollar artificial inflation applicable to each such Option on the date of purchase as set forth in Table 3 below.

B.    closed (through sale, exercise or expiration) after the opening of trading on January 17, 2008 and before the close of trading on March 28, 2008,

    (i)    the Recognized Loss Amount for each such Option shall be the dollar artificial inflation applicable to each such Option on the date of purchase as set forth in Table 3 below *minus* the dollar artificial inflation applicable to each such Option on the date of close as set forth in Table 3 below; and

    (ii)    the Recognized Gain Amount for each such Option shall be zero.

C.    open as of the opening of trading on March 31, 2008,

    (i)    the Recognized Loss Amount for each such Option shall be ***the lesser of***:

        (a)    the dollar artificial inflation applicable to each such Option on the date of purchase as set forth in Table 3 below; or

        (b)    the actual purchase price of each such Option (excluding all fees, taxes and commissions) *minus* the closing price on March 31, 2008 for each such Option (*i.e.*, the "Holding Price") as set forth on Table 3 below; and

    (ii)    the Recognized Gain Amount for each such Option shall be zero.

11.    For each Merck Put Option sold (written) from December 6, 2006 through and including March 28, 2008, and:

A.    closed (through purchase, exercise or expiration) before the opening of trading on January 17, 2008,

    (i)    the Recognized Loss Amount for each such Option shall be zero; and

    (ii)    the Recognized Gain Amount for each such Option shall be the dollar artificial deflation applicable to each such Option on the date of close as set forth in Table 4 below *minus* the dollar artificial deflation applicable to each such Option on the date of sale as set forth in Table 4 below.

B.    closed (through purchase, exercise or expiration) after the opening of trading on January 17, 2008 and before the close of trading on March 28, 2008,

    (i)    the Recognized Loss Amount for each such Option shall be the dollar artificial deflation applicable to each such Option on the date of sale as set forth in Table 4 below *minus* the dollar artificial deflation applicable to each such Option on the date of close as set forth in Table 4 below; and

    (ii)    the Recognized Gain Amount for each such Option shall be zero.

C.    open as of the opening of trading on March 31, 2008,

    (i)    the Recognized Loss Amount for each such Option shall be ***the lesser of***:

(a)     the dollar artificial deflation applicable to each such Option on the date of sale as set forth in Table 4 below; or

(b)     the closing price on March 31, 2008 for each such Option (*i.e.*, the "Holding Price") as set forth on Table 4 below *minus* the actual sale price of each such Option (excluding all fees, taxes and commissions); and

(ii)    the Recognized Gain Amount for each such Option shall be zero.

12.     The Settlement proceeds available for Merck Call Options purchased during the Class Period and Merck Put Options sold (written) during the Class Period shall be limited to an amount equal to three percent (3%) of the Net Settlement Fund.

## ADDITIONAL PROVISIONS

13.     **FIFO Matching:** If a Class Member made more than one purchase/acquisition or sale of any Merck Security during the Class Period, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis. With respect to Merck Common Stock and Call Options, Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. For Merck Put Options, Class Period purchases will be matched first to close out positions open at the beginning of the Class Period, and then against Put Options sold (written) during the Class Period in chronological order.

14.     **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Merck Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Merck Securities during the Class Period shall not be deemed a purchase, acquisition or sale of these Merck Securities for the calculation of a Claimant's Recognized Loss or Gain Amounts, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Merck Securities unless (i) the donor or decedent purchased or otherwise acquired such Merck Securities during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Merck Securities.

15.     **Short Sales:** With respect to Merck Common Stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Common Stock. The date of a "short sale" is deemed to be the date of sale of the Merck Common Stock. In accordance with the Plan of Allocation, however, the Recognized Loss and Gain Amounts on "short sales" during the Class Period is zero.

16.     In the event that a Claimant has an opening short position in Merck Common Stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

17.     If a Class Member has "written" Call Options, thereby having a short position in the Call Options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the Call Option. The date on which the Call Option was written is deemed to be the date of sale of the Call Option. In accordance with the Plan of Allocation, however, the Recognized Loss and Gain Amounts on "written" Call Options is zero. In the event that a Claimant has an

opening written position in Call Options, the earliest Class Period purchases or acquisitions of like Call Options shall be matched against such opening written position, and not be entitled to a recovery, until that written position is fully covered.

18.     If a Class Member has purchased or acquired Put Options, thereby having a long position in the Put Options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the Put Option. The date on which the Put Option was sold, exercised, or expired is deemed to be the date of sale of the Put Option. In accordance with the Plan of Allocation, however, the Recognized Loss and Gain Amounts on purchased/acquired Put Options is zero. In the event that a Claimant has an opening long position in Put Options, the earliest Class Period sales or dispositions of like Put Options shall be matched against such opening position, and not be entitled to a recovery, until that long position is fully covered.

19.     **Common Stock Acquired/Sold Through the Exercise of Options**: With respect to Merck Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the Common Stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

20.     **Netting Gains and Losses**:  Gains and losses in Merck Securities trades will be netted for purposes of calculating whether a Claimant had an overall gain or loss on his, her or its transactions. The netting will occur both with respect to the Claimant's calculated Recognized Gain and Loss Amounts as set forth in ¶¶ 5-11 above as well as with respect to the Claimant's gains or losses based on his, her or its market transactions.

      (a)    **Netting of Calculated Gains and Loss Amounts**: The Claimant's Recognized Loss Amounts for Common Stock and Options will be totaled (the "Total Loss Amount") and the Claimant's Recognized Gain Amounts for Common Stock and Options will be totaled (the "Total Gain Amount"). If the Claimant's Total Loss Amount *minus* the Claimant's Total Gain Amount is a positive number, that will be the Claimant's Recognized Loss Amount; if the number is a negative number or zero, that will be the Claimant's Recognized Gain Amount.

      (b)    **Netting of Market Gains and Losses:**  With respect to all Merck Common Stock and Call Options purchased or acquired or Put Options sold during the Class Period, the Claims Administrator will also determine if the Claimant had a Market Gain or a Market Loss with respect to his, her or its overall transactions during the Class Period in those shares and options. For purposes of making this calculation, with respect to Merck Common Stock and Call Options, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[4] and (ii) the sum of the Claimant's Sales Proceeds[5] and

---

[4] For Merck Common Stock and Call Options, the "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all such Merck securities purchased or acquired during the Class Period.

[5] For Merck Common Stock and Call Options, the Claims Administrator shall match any sales of such Merck securities during the Class Period first against the Claimant's opening position in the like Merck securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received for sales of the remaining like Merck securities sold during the Class Period is the "Sales Proceeds."

the Claimant's Holding Value.[6]  For Merck Common Stock and Call Options, if the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.  With respect to Merck Put Options, the Claims Administrator shall determine the difference between (i) the sum of the Claimant's Total Purchase Amount[7] and the Claimant's Holding Value;[8] and (ii) the Claimant's Sale Proceeds.[9]  For Merck Put Options, if the sum of the Claimant's Total Purchase Amount and the Claimant's Holding Value *minus* the Claimant's Sales Proceeds is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

21.     **Calculation of Claimant's "Recognized Claim":** If a Claimant has a Recognized Gain Amount *or* a Market Gain, the Claimant's "Recognized Claim" will be zero.  If the Claimant has a Recognized Loss Amount *and* a Market Loss, the Claimant's "Recognized Claim" will be the lesser of those two amounts.

22.     **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

23.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

24.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant

---

[6]  The Claims Administrator shall ascribe a "Holding Value" of $37.95 to each share of Merck Common Stock purchased or acquired during the Class Period that was still held as of the close of trading on March 28, 2008.  For each Merck Call Option purchased or acquired during the Class Period that was still held as of the close of trading on March 28, 2008, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be the Holding Price set forth on Table 3 below.

[7]  For Merck Put Options, the Claims Administrator shall match any purchases during the Class Period to close out positions in Put Options first against the Claimant's opening position in Put Options (the total amount paid with respect to those purchases will not be considered for purposes of calculating market gains or losses).  The total amount paid for the remaining purchases during the Class Period to close out positions in Put Options is the "Total Purchase Amount."

[8]  For each Merck Put Option sold (written) during the Class Period that was still outstanding as of the close of trading on March 28, 2008, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be the Holding Price set forth on Table 4 below.

[9]  For Merck Put Options, the total amount received for Put Options sold (written) during the Class Period is the "Sales Proceeds."

calculates to less than $10.00, it will not be included in the calculation (*i.e.*, the Recognized Claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant.

25.     To the extent that any monies remain in the Net Settlement Fund after Epiq has caused distributions to be made to all Authorized Claimants, whether by reason of un-cashed distributions or otherwise, then, after Epiq has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Net Settlement Fund at least one (1) year after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, including for such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Co-Lead Counsel and Lead Plaintiffs, in consultation with Epiq, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the funds, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance in the Net Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Co-Lead Counsel and Lead Plaintiffs and approved by the Court.

26.     Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel or any of the other Releasees, or the claims administrator, Epiq, or other agent designated by Co-Lead Counsel arising from the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or any actions taken (or not taken) by the claims administrator, Epiq, the payment or withholding of taxes owed by the Settlement Fund made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court.

27.     The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs and Co-Lead Counsel to the Court for approval. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any orders regarding a modification of the Plan of Allocation will be posted to the website for this Action, www.Merckvytorinsecuritieslitigation.com.

## HOW TO GET A PAYMENT

### 14.  What do I have to do to receive a share of the Settlement?

To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and timely complete and return a valid Claim Form with adequate supporting documentation **postmarked no later than _____, 2013**. A Claim Form is included with this Notice, or you may obtain one on the Internet at www.merckvytorinsecuritieslitigation.com or by calling the Claims Administrator, Epiq Systems, Inc. ("Epiq") at 877-866-5915. Please retain all records of your transactions in Merck common stock, call options and put options, as they may be needed to document your Claim.

Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2013 shall be fully and forever barred from receiving payments

17

pursuant to the Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in the response to Question 16 below) against the Defendants and the other Defendants' Releasees (as defined in the response to Question 16 below) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants or any of the other Defendants' Releasees, whether or not such Class Member submits a Claim Form.

The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

Persons and entities that either are excluded from the Class by definition or whose names appear on Appendix 1 to the Stipulation because they previously submitted a request for exclusion in connection with the Class Notice who do not elect to opt-back into the Class (*see* response to Question 18 below), will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## 15. When will I receive my payment?

Lead Plaintiffs cannot, at this time, say when they will be able to distribute the proceeds of the Settlement to members of the Class. Any payments from the Settlement proceeds are contingent upon the Court approving the Settlement and on such approval becoming final and no longer subject to any appeals. Even if the Court approves the Settlement, there still might be appeals, which can take more than a year to resolve.

The Settlement Amount will be kept in an escrow account until it is ready for distribution, and any accrued interest will be added to the funds available for distribution to the Class.

## 16. As a Class Member what am I giving up in the Settlement?

If you are a member of the Class, you will be bound by the orders and judgments entered by the Court in the Action, whether or not you submit a Claim Form. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiffs and all other Class Members, by operation of the Judgment, shall release and forever discharge each and every one of the Defendants and the other Defendants' Releasees (as defined below) from any and all of the Released Plaintiffs' Claims (as defined below). Class Members will not be able to sue, continue to sue, or be part of any other lawsuit involving any claims released in the Settlement. Class Members will be bound by the orders of the Court whether or not they submit a Claim Form and/or receive a payment.

"Defendants' Releasees" means the Defendants and their respective present and former parents, subsidiaries, divisions, joint ventures and affiliates, and each of their respective present and former employees, members, partners, principals, officers, directors, attorneys, advisors, accountants, auditors, and insurers (but only in such insurers' capacity as insurers of the foregoing); and the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, fiduciaries, consultants, representatives and assigns of each of them, in their capacity as such.

"Released Plaintiffs' Claims" means any and all claims, actions, causes of action, controversies, demands, duties, debts, damages, obligations, contracts, agreements, promises, issues, judgments, liabilities, losses, sums of money, matters, suits, proceedings, and rights of every nature and

description, whether known claims or Unknown Claims, suspected or unsuspected, concealed or unconcealed, foreseen or unforeseen, fixed or contingent, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether based on federal, state, local or foreign statutory law, rule, regulation, common law, or equity, and whether direct, representative, class, or individual, to the fullest extent permitted by law, that Class Representatives or any other member of the Class (i) asserted in the Action, including in the Complaint; or (ii) could have asserted in any forum arising out of, related to, or based in whole or in part upon, in connection with, or in any way involving any of the occurrences, causes, breaches of duty, neglect, error, misstatements, misleading statements, representations, omissions, acts, or facts, circumstances, situations, events, or transactions alleged, involved, set forth, contained, or referred to in the Action, including in the Complaint, and arise out of the purchase, acquisition or holding of Merck common stock or call options, or sale of Merck put options during the Class Period. Released Plaintiffs' Claims do not release, bar, or waive: (i) claims which were asserted in the actions entitled *Cain v. Hassan*, Civil Action No. 2:08-cv-01022 (D.N.J.), *In re Schering-Plough Corp. ENHANCE ERISA Litigation*, Civil Action No. 08-CV-1432 (D.N.J.), *In re Vytorin/Zetia Marketing Sales Practices and Products Liability Litigation*, 08-cv-0285 (DMC) (D.N.J.), *In re Schering-Plough Corporation/ENHANCE Securities Litigation*, 08-cv-0397 (DMC) (D.N.J.), *Local No. 38 International Brotherhood Of Electrical Workers Pension Fund v. Clark, et al.*, 09-cv-05668 (DMC) (D.N.J.), or *In re Merck & Co. Inc. Vytorin ERISA Litigation*, 08-cv-1974 (DMC) (D.N.J.) that are not already released, barred or waived by the orders or judgments therein, or by operation of law; (ii) any claims of any Person listed in Appendix 1 to the Stipulation that submitted a valid or Court-approved request for exclusion and who does not opt back into the Class; or (iii) if and only if the Court affords a second opportunity to request exclusion from the Class, any claims of any Person that submits a valid or Court-approved request for exclusion in connection with the Settlement Notice who does not withdraw his, her or its request for exclusion and whose request is accepted by the Court (collectively, the "Excluded Claims"). Additionally, Released Plaintiffs' Claims do not include claims relating to the enforcement of the Settlement.

"Unknown Claims" means any Released Claims which Class Representatives, any other Class Member, or each of the Defendants or any of the other Releasees, does not know or suspect to exist in his, her or its favor at the time of the release of each or any of the other Releasees, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives and each of the Defendants expressly waive, and each of the other Class Members and each of the other Releasees shall be deemed to have waived, and by operation of the Judgment, or, if applicable, the Alternative Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Class Representatives, any other Class Member, Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives and each of the

Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment, or if applicable, the Alternative Judgment, shall have expressly waived any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts.

## REQUESTING EXCLUSION FROM THE CLASS

**17.  May I now request exclusion from the Class?**

No.  As set forth in the Class Notice, the Court-ordered deadline to request exclusion from the Class expired on March 1, 2013.  The Class Notice also advised you that it was within the Court's discretion as to whether a second opt-out would be permitted if there were a settlement in the Action.  The Court has exercised its discretion and ruled that there will not be a second opportunity to request exclusion from the Class.

## "OPTING-BACK" INTO THE CLASS

**18.  What if I previously requested exclusion from the Class and now want to be eligible to receive a payment from the Settlement Fund?  How do I opt-back into the Class?**

If you previously submitted a request for exclusion from the Class in connection with the Class Notice (*see* Appendix 1 to the Stipulation, available online at www.merckvytorinsecuritieslitigation.com) which is the list of all persons and entities who requested exclusion), you may elect to opt-back into the Class and be eligible to receive a payment from the Settlement.

If you believe that you previously submitted a request for exclusion but your name does not appear on Appendix 1 to the Stipulation, you can contact the Claims Administrator, Epiq, at (877) 866-5915 for assistance.

In order to opt-back into the Class, you, individually or through counsel, must submit a written Request to Opt-Back Into the Class to Epiq, addressed as follows: *In re Merck& Co., Inc. Vytorin/Zetia Securities Litigation*, "Opt-In Request", P.O. Box 4178, Portland, OR 97208-4178. This request must be *received* no later than _____, 2013.  Your Request to Opt-Back Into the Class must (a) state the name, address and telephone number of the person or entity requesting to opt-back into the Class; (b) state that such person or entity "requests to opt-back into the Class in the *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*, Civil Action No. 08-2177 (DMC)(JAD))"; and (c) be signed by the person or entity requesting to opt-back into the Class or an authorized representative.

You may not opt-back into the Class for the purpose of objecting to any aspect of the Settlement, the Plan of Allocation, or Co-Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses.

**PLEASE NOTE:  OPTING-BACK INTO THE CLASS IN ACCORDANCE WITH THE REQUIREMENTS SET FORTH ABOVE DOES NOT MEAN THAT YOU WILL AUTOMATICALLY BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU OPT-BACK INTO THE CLASS AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE ALSO REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING**

DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2013.

**19.  If I am a Class Member and didn't exclude myself, can I sue Defendants or the Other Defendants' Releasees for the same thing later?**

No.  Unless you followed the procedure outlined in the Class Notice, you have given up any right to sue Defendants or the other Defendants' Releasees for the claims that the Settlement resolves.  If you have a pending lawsuit against any of the Defendants or any of the other Defendants' Releasees, speak to your lawyer in that case immediately.  You must have excluded yourself from the Settlement to continue your own lawsuit against the Defendants or other Defendants' Releasees.

**20.  If I excluded myself, can I get money from the Settlement?**

No.  Only Class Members who did not exclude themselves, or who opt-back into the Class, will be eligible to recover money in the Settlement.

## THE LAWYERS REPRESENTING YOU

**21.  Do I have a lawyer in this case?**

The Court has appointed the law firms of Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A. as Co-Lead Counsel to represent Lead Plaintiffs and all other Class Members in the Action.  If you have any questions about the proposed Settlement, you may contact Co-Lead Counsel as follows:  Daniel L. Berger, Esq., Grant & Eisenhofer P.A., 485 Lexington Avenue, New York, NY 10017, (646) 722-8500; or Salvatore J. Graziano, Esq., Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, New York 10019, (800) 380-8496.

If you want to be represented by your own lawyer, you may hire one at your own expense.

**22.  How will the lawyers be paid?**

You will be not charged directly for the fees or expenses of Plaintiffs' Counsel.  Instead, Co-Lead Counsel will apply to the Court for payment of Plaintiffs' Counsel's fees and expenses out of the proceeds of the recovery achieved in the Action.  The Court has appointed Mr. Greenberg and Mr. Lerner as Special Masters to review the fee and expense application.

Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have they been reimbursed for their Litigation Expenses.  Before final approval of the Settlement, Co-Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 28 % of the Settlement Fund (which will include accrued interest).  At the same time, Co-Lead Counsel also intend to apply for reimbursement of Litigation Expenses in an amount not to exceed $_____, plus accrued interest,and will also apply for reimbursement of the reasonable costs and expense incurred by Lead Plaintiffs directly related to their representation of the Class in an amount not to exceed $_____.  The Court will determine the amount of any award of attorneys' fees and reimbursement of expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION
## OR THE FEE AND EXPENSE APPLICATION

**23. How do I tell the Court that I don't like the Settlement?**

Any Class Member who did not submit a request for exclusion from the Class in connection with the Class Notice can object to the Settlement or any part of it, the proposed Plan of Allocation and/or Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and give reasons why the Court should not approve them. To object, you must send a letter or other filing saying that you object to the proposed Settlement, the Plan of Allocation, and/or Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses in *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*, Civil Action No.08 -2177 (DMC)(JAD). Any objection (a) must state the name, address, telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reason(s) for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove the objector's membership in the Class such as the number of shares of Merck common stock, Merck call options, and/or Merck put options purchased, acquired and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition and sale. The written objection must be filed with the clerk of the United States District Court for the District of New Jersey and sent to Co-Lead Counsel and Defendants' Counsel at the addresses set forth below so that the papers are *received* by the clerk of the Court and counsel no later than _____, 2013:

| Clerk of the Court | Co-Lead Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the U.S. District Court for the District of New Jersey<br>Martin Luther King Building & U.S. Courthouse<br>50 Walnut Street Room 4015<br>Newark, NJ 07101 | Daniel L. Berger, Esq.<br>GRANT & EISENHOFER P.A<br>485 Lexington Avenue<br>New York, NY 10017<br>and<br>Salvatore J. Graziano, Esq.<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>1285 Avenue of the Americas<br>New York, NY 10019 | Daniel J. Kramer, Esq.<br>PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON, LLP<br>1285 Avenue of the Americas<br>New York, NY 10019 |

Persons who intend to object and present evidence at the Settlement Hearing must include in their written objection the identity of any witnesses they may call to testify, and any exhibits they intend to introduce into evidence at the hearing.

You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you have first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

Any member of the Class who does not object in the manner provided above will be deemed to have waived all objections to the Settlement, the Plan of Allocation and Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses.

## 24. What's the difference between objecting and requesting exclusion?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you are a Class Member.

Excluding yourself is telling the Court that you do not want to be part of the Class. If you excluded yourself, you have no basis to object, because the case no longer affects you. If you did not exclude yourself, you will be bound by the Settlement and all orders and judgments entered by the Court regarding the Settlement, regardless of whether the Court accepts or denies your objection.

## 25. When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a hearing on the proposed Settlement for _____, 2013 at _____, before the Honorable Dennis M. Cavanaugh in the U.S. District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101. At the Settlement Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, whether the proposed Plan of Allocation is fair and reasonable, and whether Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (and any recommendation by the Special Masters with respect to the fee and expense motion) should be approved. If there are objections, the Court will consider them. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement, the Plan of Allocation, and the motion for attorneys' fees and reimbursement of Litigation Expenses.

Please note that the date of the Settlement Hearing is subject to change without further notice. If you plan to attend the hearing, you should check with Co-Lead Counsel to be sure that no change to the date and time of the hearing has been made.

## 26. Do I have to come to the Settlement Hearing?

No. Co-Lead Counsel will answer any questions the Court might have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection so that it was received by the deadline, it will be before the Court when the Court considers whether to approve the Settlement, the Plan of Allocation, and Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses. You may also pay your own lawyer to attend the hearing, but attendance is not necessary.

## 27. May I speak at the Settlement Hearing?

If you are a Class Member, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be filed with the Clerk of the Court and sent to the counsel listed above in the answer to Question 23 so it is *received* by the Court and counsel no later than _____, 2013. You cannot speak at the hearing if you have asked to be excluded from the Class.

## IF YOU DO NOTHING

## 28. What happens if I do nothing at all?

If you are a member of the Class and do nothing in response to this Notice, you will not be eligible to participate in the distribution of the proceeds of the Settlement, if it is approved, but you

23

will be bound by the Settlement which means that you will not be able to start, continue, or be part of any other lawsuit or arbitration against Defendants or the other Defendants' Releasees based on the Released Plaintiffs' Claims in the Action.

In order for a Class Member to be eligible to receive a payment from the Settlement, a properly completed and documented Claim Form postmarked on or before _____, 2013, must be submitted.

## GETTING MORE INFORMATION

### 29.  Are there more details about the Settlement?

This Notice contains only a summary of the proposed Settlement. The complete terms of the Settlement are set out in the Stipulation and Agreement of Settlement dated June 3, 2013. You may request a copy of the stipulation in writing to *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*, P.O. Box 4178, Portland, OR 97208-4178. There may be a charge for copying and mailing the stipulation.   Copies of the Stipulation may be obtained for free at www.merckvytorinsecuritieslitigation.com.

### 30.  How do I get more information?

You can also call the Claims Administrator toll free at (877) 866-5915, write to the Claims Administrator at the above address, or visit the website at www.merckvytorinsecuritieslitigation.com, where you will find copies of the Stipulation, the Complaint, and certain other documents relating to the Action and the Settlement. Anyone interested in more detail regarding the Action is invited to visit the Office of the Clerk of the United States District Court for the District of New Jersey at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, during regular business hours, to inspect the stipulations, the pleadings, and the other papers maintained there in Case No. 2:08-cv-2177 (DMC) (JAD).

**PLEASE DO NOT CALL OR WRITE THE COURT OR
THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

The Class Notice advised you that if, for the beneficial interest of any person or entity other than yourself, you purchased or otherwise acquired Merck common stock, call options, and/or sold Merck put options during the period between December 6, 2006 through and including March 28, 2008, you must either (a) within seven (7) calendar days of receipt of the Class Notice, request from the Administrator sufficient copies of the Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and addresses of all such beneficial owners to the administrator at *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*, P.O. Box 4178, Portland, OR 97208-4178 or via email to info@merckvytorinsecuritieslitigation.com, in which event the Administrator would mail the Class Notice to such beneficial owners.

If you chose the first option, *i.e.*, you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action. If you elected that option, Epiq will forward the

24

same number of this Notice and Claim Form (together, the "Notice Packet") to you to send to the beneficial owners. If you require more copies than you previously requested, please contact Epiq toll-free at (877) 866-5915 and let them know how many additional Notice Packets you require. You must mail the Notice Packets to the beneficial owners within seven (7) calendar days of your receipt of the packets. Upon mailing of the Notice Packets, you may seek reimbursement of your reasonable expenses actually incurred, by providing Epiq with proper documentation supporting the expenses for which reimbursement is sought.

If you chose the second option, Epiq will send a copy of the Notice and the Claim Form to the beneficial owners whose names and addresses you previously supplied. Unless you believe that you purchased or acquired Merck common stock or call options and/or sold Merck put options during the Class Period for beneficial owners whose names you did not previously provide to Epiq, you need do nothing further at this time. If you believe that you did purchase or acquire Merck common stock or call options and/or sell Merck put options during the Class Period for beneficial owners whose names you did not previously provide to Epiq, you must within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to Epiq at *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*, P.O. Box 4178, Portland, OR 97208-4178 or via email to info@merckvytorinsecuritieslitigation.com. Upon full compliance with these directions, you may seek reimbursement of your reasonable expenses actually incurred, by providing Epiq with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website for this Action, www.merckvytorinsecuritieslitigation.com, or by calling the claims administrator, Epiq, toll-free at (877) 866-5915.

Dated: _____          BY ORDER OF THE COURT


                                     UNITED STATES DISTRICT COURT
                                     DISTRICT OF NEW JERSEY


# 716248

25

## TABLE 1

### Common Stock Daily Artificial Inflation

| Date | Daily Artificial Inflation |
|---|---|
| 12/6/06 – 1/29/07 | $8.79 |
| 1/30/07 – 4/18/07 | $9.35 |
| 4/19/07 – 7/22/07 | $10.02 |
| 7/23/07 – 10/21/07 | $10.80 |
| 10/22/07 – 1/16/08 | $11.13 |
| 1/17/08 – 1/28/08 | $8.62 |
| 1/29/08 – 3/28/08 | $7.11 |

**TABLE 2**

**Merck Common Stock Price and Rolling Average Closing Price
from March 31, 2008 through June 27, 2008**

| Date | Merck Common Stock Price | Average Closing Price from March 31, 2008 through June 27, 2008 | Date | Merck Common Stock Price | Average Closing Price from March 31, 2008 through June 27, 2008 |
|---|---|---|---|---|---|
| 3/31/2008 | $37.95 | $37.95 | 5/14/2008 | $39.83 | $39.55 |
| 4/1/2008 | $38.32 | $38.14 | 5/15/2008 | $40.00 | $39.56 |
| 4/2/2008 | $37.10 | $37.79 | 5/16/2008 | $40.00 | $39.57 |
| 4/3/2008 | $38.36 | $37.93 | 5/19/2008 | $40.02 | $39.58 |
| 4/4/2008 | $40.00 | $38.35 | 5/20/2008 | $39.74 | $39.59 |
| 4/7/2008 | $40.78 | $38.75 | 5/21/2008 | $39.13 | $39.58 |
| 4/8/2008 | $40.90 | $39.06 | 5/22/2008 | $39.03 | $39.56 |
| 4/9/2008 | $40.94 | $39.29 | 5/23/2008 | $38.74 | $39.54 |
| 4/10/2008 | $41.71 | $39.56 | 5/27/2008 | $38.62 | $39.52 |
| 4/11/2008 | $41.14 | $39.72 | 5/28/2008 | $38.66 | $39.50 |
| 4/14/2008 | $41.40 | $39.87 | 5/29/2008 | $38.92 | $39.49 |
| 4/15/2008 | $41.22 | $39.99 | 5/30/2008 | $38.96 | $39.47 |
| 4/16/2008 | $40.31 | $40.01 | 6/2/2008 | $38.17 | $39.44 |
| 4/17/2008 | $39.22 | $39.95 | 6/3/2008 | $38.35 | $39.42 |
| 4/18/2008 | $39.76 | $39.94 | 6/4/2008 | $38.17 | $39.39 |
| 4/21/2008 | $39.63 | $39.92 | 6/5/2008 | $38.89 | $39.38 |
| 4/22/2008 | $38.51 | $39.84 | 6/6/2008 | $37.49 | $39.35 |
| 4/23/2008 | $38.62 | $39.77 | 6/9/2008 | $36.99 | $39.30 |
| 4/24/2008 | $39.97 | $39.78 | 6/10/2008 | $36.39 | $39.24 |
| 4/25/2008 | $40.72 | $39.83 | 6/11/2008 | $35.73 | $39.17 |
| 4/28/2008 | $41.44 | $39.90 | 6/12/2008 | $35.40 | $39.10 |
| 4/29/2008 | $37.14 | $39.78 | 6/13/2008 | $35.53 | $39.04 |
| 4/30/2008 | $38.04 | $39.70 | 6/16/2008 | $35.01 | $38.96 |
| 5/1/2008 | $38.95 | $39.67 | 6/17/2008 | $34.68 | $38.89 |
| 5/2/2008 | $39.37 | $39.66 | 6/18/2008 | $34.86 | $38.82 |
| 5/5/2008 | $38.98 | $39.63 | 6/19/2008 | $35.60 | $38.76 |
| 5/6/2008 | $38.84 | $39.60 | 6/20/2008 | $35.13 | $38.70 |
| 5/7/2008 | $39.01 | $39.58 | 6/23/2008 | $35.83 | $38.65 |
| 5/8/2008 | $39.09 | $39.57 | 6/24/2008 | $37.03 | $38.62 |
| 5/9/2008 | $38.99 | $39.55 | 6/25/2008 | $36.98 | $38.60 |
| 5/12/2008 | $39.62 | $39.55 | 6/26/2008 | $36.20 | $38.56 |
| 5/13/2008 | $39.17 | $39.54 | 6/27/2008 | $36.98 | $38.54 |

**TABLE 3**

**Call Option Daily Artificial Inflation and Holding Prices**

| | | Artificial Inflation | | | | | | | Holding |
|---|---|---|---|---|---|---|---|---|---|
| | | 12/6/06 - | 1/30/07 - | 4/19/07 - | 7/23/07 - | 10/22/07 - | 1/17/08 - | 1/29/08 - | |
| Expiration | Strike | 1/29/07 | 4/18/07 | 7/22/07 | 10/21/07 | 1/16/08 | 1/28/08 | 3/28/08 | Price |
| 1/19/2008 | $20.00 | $1.98 | $2.11 | $2.26 | $2.43 | $2.51 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $22.50 | $1.98 | $2.11 | $2.26 | $2.43 | $2.51 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $25.00 | $1.98 | $2.10 | $2.26 | $2.43 | $2.51 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $27.50 | $1.98 | $2.10 | $2.25 | $2.43 | $2.51 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $30.00 | $1.98 | $2.10 | $2.25 | $2.43 | $2.50 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $32.50 | $1.98 | $2.10 | $2.25 | $2.43 | $2.50 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $35.00 | $1.98 | $2.10 | $2.25 | $2.43 | $2.50 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $37.50 | $1.98 | $2.10 | $2.25 | $2.43 | $2.50 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $40.00 | $1.98 | $2.10 | $2.25 | $2.43 | $2.50 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $42.50 | $1.98 | $2.10 | $2.25 | $2.43 | $2.50 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $45.00 | $1.98 | $2.10 | $2.25 | $2.43 | $2.50 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $47.50 | $1.98 | $2.10 | $2.25 | $2.43 | $2.50 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $50.00 | $1.98 | $2.10 | $2.25 | $2.43 | $2.50 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $52.50 | $1.95 | $2.07 | $2.22 | $2.39 | $2.47 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $55.00 | $1.67 | $1.78 | $1.90 | $2.05 | $2.11 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $57.50 | $0.79 | $0.84 | $0.90 | $0.97 | $1.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $60.00 | $0.06 | $0.06 | $0.07 | $0.07 | $0.07 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $62.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $65.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $70.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/16/2008 | $40.00 | $1.15 | $1.22 | $1.31 | $1.41 | $1.45 | $1.45 | $0.00 | $0.00 |
| 2/16/2008 | $42.50 | $1.07 | $1.14 | $1.22 | $1.31 | $1.35 | $1.35 | $0.00 | $0.00 |
| 2/16/2008 | $45.00 | $0.93 | $0.99 | $1.06 | $1.15 | $1.18 | $1.18 | $0.00 | $0.00 |
| 2/16/2008 | $47.50 | $2.66 | $2.82 | $3.02 | $3.26 | $3.36 | $0.91 | $0.00 | $0.00 |
| 2/16/2008 | $50.00 | $2.27 | $2.42 | $2.59 | $2.79 | $2.88 | $0.60 | $0.00 | $0.00 |
| 2/16/2008 | $52.50 | $1.91 | $2.03 | $2.18 | $2.34 | $2.42 | $0.33 | $0.00 | $0.00 |
| 2/16/2008 | $55.00 | $1.46 | $1.56 | $1.67 | $1.80 | $1.85 | $0.13 | $0.00 | $0.00 |
| 2/16/2008 | $57.50 | $1.01 | $1.08 | $1.16 | $1.25 | $1.28 | $0.05 | $0.00 | $0.00 |
| 2/16/2008 | $60.00 | $0.56 | $0.60 | $0.64 | $0.69 | $0.71 | $0.00 | $0.00 | $0.00 |
| 2/16/2008 | $62.50 | $0.25 | $0.27 | $0.29 | $0.31 | $0.32 | $0.00 | $0.00 | $0.00 |
| 2/16/2008 | $65.00 | $0.09 | $0.10 | $0.11 | $0.11 | $0.12 | $0.00 | $0.00 | $0.00 |
| 2/16/2008 | $70.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/16/2008 | $75.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/22/2008 | $40.00 | $1.03 | $1.10 | $1.18 | $1.27 | $1.31 | $1.31 | $0.00 | $0.00 |
| 3/22/2008 | $42.50 | $0.95 | $1.01 | $1.09 | $1.17 | $1.21 | $1.21 | $0.00 | $0.00 |
| 3/22/2008 | $45.00 | $0.84 | $0.89 | $0.96 | $1.03 | $1.06 | $1.06 | $0.00 | $0.00 |
| 3/22/2008 | $47.50 | $0.69 | $0.73 | $0.79 | $0.85 | $0.87 | $0.87 | $0.00 | $0.00 |
| 3/22/2008 | $50.00 | $0.52 | $0.55 | $0.59 | $0.64 | $0.66 | $0.66 | $0.00 | $0.00 |

28

| Expiration | Strike | Artificial Inflation | | | | | | | Holding Price |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | 12/6/06 - 1/29/07 | 1/30/07 - 4/18/07 | 4/19/07 - 7/22/07 | 7/23/07 - 10/21/07 | 10/22/07 - 1/16/08 | 1/17/08 - 1/28/08 | 1/29/08 - 3/28/08 | |
| 3/22/2008 | $52.50 | $0.35 | $0.37 | $0.40 | $0.43 | $0.44 | $0.44 | $0.00 | $0.00 |
| 3/22/2008 | $55.00 | $0.21 | $0.22 | $0.24 | $0.26 | $0.27 | $0.27 | $0.00 | $0.00 |
| 3/22/2008 | $57.50 | $0.12 | $0.12 | $0.13 | $0.14 | $0.15 | $0.15 | $0.00 | $0.00 |
| 3/22/2008 | $60.00 | $0.06 | $0.06 | $0.06 | $0.07 | $0.07 | $0.07 | $0.00 | $0.00 |
| 3/22/2008 | $62.50 | $0.03 | $0.03 | $0.03 | $0.04 | $0.04 | $0.04 | $0.00 | $0.00 |
| 3/22/2008 | $65.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/22/2008 | $70.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/22/2008 | $75.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4/19/2008 | $32.50 | $5.57 | $5.93 | $6.35 | $6.84 | $7.05 | $7.05 | $7.05 | $5.70 |
| 4/19/2008 | $35.00 | $5.37 | $5.71 | $6.12 | $6.60 | $6.80 | $6.80 | $6.80 | $3.45 |
| 4/19/2008 | $37.50 | $7.64 | $8.13 | $8.71 | $9.38 | $9.67 | $7.29 | $5.95 | $1.73 |
| 4/19/2008 | $40.00 | $6.27 | $6.67 | $7.14 | $7.70 | $7.94 | $5.56 | $4.29 | $0.65 |
| 4/19/2008 | $42.50 | $4.86 | $5.16 | $5.53 | $5.96 | $6.15 | $3.82 | $2.65 | $0.20 |
| 4/19/2008 | $45.00 | $3.62 | $3.85 | $4.13 | $4.45 | $4.58 | $2.31 | $1.28 | $0.08 |
| 4/19/2008 | $47.50 | $2.76 | $2.94 | $3.15 | $3.39 | $3.50 | $1.32 | $0.45 | $0.00 |
| 4/19/2008 | $50.00 | $2.25 | $2.40 | $2.57 | $2.77 | $2.85 | $0.81 | $0.12 | $0.00 |
| 4/19/2008 | $52.50 | $1.91 | $2.03 | $2.17 | $2.34 | $2.41 | $0.57 | $0.07 | $0.00 |
| 4/19/2008 | $55.00 | $1.51 | $1.61 | $1.72 | $1.85 | $1.91 | $0.33 | $0.00 | $0.00 |
| 4/19/2008 | $57.50 | $1.17 | $1.25 | $1.34 | $1.44 | $1.48 | $0.21 | $0.00 | $0.00 |
| 4/19/2008 | $60.00 | $0.84 | $0.90 | $0.96 | $1.03 | $1.07 | $0.12 | $0.00 | $0.00 |
| 4/19/2008 | $62.50 | $0.57 | $0.60 | $0.65 | $0.70 | $0.72 | $0.06 | $0.00 | $0.00 |
| 4/19/2008 | $65.00 | $0.36 | $0.38 | $0.41 | $0.44 | $0.45 | $0.04 | $0.00 | $0.00 |
| 4/19/2008 | $70.00 | $0.10 | $0.10 | $0.11 | $0.12 | $0.12 | $0.00 | $0.00 | $0.00 |
| 5/17/2008 | $32.50 | $5.14 | $5.47 | $5.86 | $6.31 | $6.51 | $6.51 | $6.51 | $6.20 |
| 5/17/2008 | $35.00 | $4.75 | $5.05 | $5.41 | $5.83 | $6.01 | $6.01 | $6.01 | $4.20 |
| 5/17/2008 | $37.50 | $4.08 | $4.34 | $4.65 | $5.01 | $5.16 | $5.16 | $5.16 | $2.70 |
| 5/17/2008 | $40.00 | $3.30 | $3.51 | $3.76 | $4.05 | $4.18 | $4.18 | $4.18 | $1.50 |
| 5/17/2008 | $42.50 | $2.43 | $2.59 | $2.77 | $2.99 | $3.08 | $3.08 | $3.08 | $0.80 |
| 5/17/2008 | $45.00 | $1.60 | $1.70 | $1.82 | $1.97 | $2.03 | $2.03 | $2.03 | $0.38 |
| 5/17/2008 | $47.50 | $0.95 | $1.01 | $1.09 | $1.17 | $1.21 | $1.21 | $1.21 | $0.20 |
| 5/17/2008 | $50.00 | $0.51 | $0.54 | $0.58 | $0.63 | $0.64 | $0.64 | $0.64 | $0.08 |
| 5/17/2008 | $52.50 | $0.29 | $0.30 | $0.33 | $0.35 | $0.36 | $0.36 | $0.36 | $0.00 |
| 7/19/2008 | $32.50 | $4.59 | $4.88 | $5.23 | $5.64 | $5.81 | $5.81 | $5.81 | $6.70 |
| 7/19/2008 | $35.00 | $4.23 | $4.50 | $4.82 | $5.19 | $5.36 | $5.36 | $5.36 | $4.90 |
| 7/19/2008 | $37.50 | $4.75 | $5.05 | $5.41 | $5.83 | $6.01 | $6.01 | $4.76 | $3.45 |
| 7/19/2008 | $40.00 | $4.10 | $4.36 | $4.68 | $5.04 | $5.19 | $5.19 | $4.01 | $2.33 |
| 7/19/2008 | $42.50 | $3.40 | $3.62 | $3.87 | $4.18 | $4.31 | $4.31 | $3.22 | $1.50 |
| 7/19/2008 | $45.00 | $2.67 | $2.84 | $3.05 | $3.28 | $3.38 | $3.38 | $2.41 | $0.93 |
| 7/19/2008 | $47.50 | $3.62 | $3.85 | $4.13 | $4.45 | $4.58 | $2.55 | $1.69 | $0.58 |
| 7/19/2008 | $50.00 | $2.96 | $3.15 | $3.37 | $3.63 | $3.74 | $1.85 | $1.12 | $0.35 |
| 7/19/2008 | $52.50 | $2.40 | $2.55 | $2.73 | $2.94 | $3.04 | $1.31 | $0.71 | $0.23 |
| 7/19/2008 | $55.00 | $1.94 | $2.07 | $2.21 | $2.39 | $2.46 | $0.93 | $0.46 | $0.13 |
| 7/19/2008 | $57.50 | $1.54 | $1.64 | $1.76 | $1.89 | $1.95 | $0.64 | $0.28 | $0.08 |

29

| | | Artificial Inflation | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Expiration | Strike | 12/6/06 - 1/29/07 | 1/30/07 - 4/18/07 | 4/19/07 - 7/22/07 | 7/23/07 - 10/21/07 | 10/22/07 - 1/16/08 | 1/17/08 - 1/28/08 | 1/29/08 - 3/28/08 | Holding Price |
| 7/19/2008 | $60.00 | $1.18 | $1.25 | $1.34 | $1.45 | $1.49 | $0.41 | $0.14 | $0.08 |
| 7/19/2008 | $62.50 | $0.91 | $0.96 | $1.03 | $1.11 | $1.15 | $0.28 | $0.10 | $0.00 |
| 7/19/2008 | $65.00 | $0.62 | $0.66 | $0.71 | $0.76 | $0.79 | $0.13 | $0.00 | $0.00 |
| 7/19/2008 | $70.00 | $0.31 | $0.33 | $0.36 | $0.39 | $0.40 | $0.06 | $0.00 | $0.00 |
| 7/19/2008 | $75.00 | $0.12 | $0.12 | $0.13 | $0.14 | $0.15 | $0.00 | $0.00 | $0.00 |
| 10/18/2008 | $32.50 | $4.40 | $4.67 | $5.01 | $5.40 | $5.56 | $5.56 | $5.56 | $7.20 |
| 10/18/2008 | $35.00 | $4.05 | $4.30 | $4.61 | $4.97 | $5.12 | $5.12 | $5.12 | $5.55 |
| 10/18/2008 | $37.50 | $3.62 | $3.85 | $4.12 | $4.44 | $4.58 | $4.58 | $4.58 | $4.20 |
| 10/18/2008 | $40.00 | $3.14 | $3.34 | $3.58 | $3.86 | $3.98 | $3.98 | $3.98 | $3.10 |
| 10/18/2008 | $42.50 | $2.64 | $2.81 | $3.01 | $3.24 | $3.34 | $3.34 | $3.34 | $2.20 |
| 10/18/2008 | $45.00 | $2.14 | $2.27 | $2.43 | $2.62 | $2.71 | $2.71 | $2.71 | $1.53 |
| 10/18/2008 | $47.50 | $1.69 | $1.80 | $1.92 | $2.07 | $2.14 | $2.14 | $2.14 | $1.05 |
| 10/18/2008 | $50.00 | $1.27 | $1.35 | $1.44 | $1.56 | $1.60 | $1.60 | $1.60 | $0.65 |
| 10/18/2008 | $52.50 | $0.93 | $0.99 | $1.06 | $1.14 | $1.18 | $1.18 | $1.18 | $0.40 |
| 10/18/2008 | $55.00 | $0.66 | $0.70 | $0.75 | $0.81 | $0.84 | $0.84 | $0.84 | $0.25 |
| 10/18/2008 | $57.50 | $0.46 | $0.49 | $0.53 | $0.57 | $0.59 | $0.59 | $0.59 | $0.15 |
| 10/18/2008 | $60.00 | $0.31 | $0.33 | $0.35 | $0.38 | $0.39 | $0.39 | $0.39 | $0.10 |
| 10/18/2008 | $62.50 | $0.22 | $0.24 | $0.26 | $0.28 | $0.28 | $0.28 | $0.28 | $0.00 |
| 10/18/2008 | $65.00 | $0.14 | $0.15 | $0.16 | $0.17 | $0.18 | $0.18 | $0.18 | $0.00 |
| 1/17/2009 | $25.00 | $7.75 | $8.25 | $8.83 | $9.52 | $9.82 | $7.49 | $6.12 | $13.55 |
| 1/17/2009 | $30.00 | $7.34 | $7.80 | $8.36 | $9.01 | $9.29 | $7.00 | $5.68 | $9.45 |
| 1/17/2009 | $35.00 | $6.65 | $7.07 | $7.57 | $8.16 | $8.41 | $6.18 | $4.95 | $6.15 |
| 1/17/2009 | $37.50 | $6.21 | $6.60 | $7.07 | $7.62 | $7.86 | $5.65 | $4.48 | $4.80 |
| 1/17/2009 | $40.00 | $5.70 | $6.06 | $6.49 | $7.00 | $7.22 | $5.07 | $3.96 | $3.80 |
| 1/17/2009 | $42.50 | $2.70 | $2.88 | $3.08 | $3.32 | $3.42 | $3.42 | $3.42 | $2.85 |
| 1/17/2009 | $45.00 | $4.61 | $4.90 | $5.25 | $5.66 | $5.84 | $3.84 | $2.90 | $2.13 |
| 1/17/2009 | $47.50 | $1.87 | $1.99 | $2.13 | $2.29 | $2.36 | $2.36 | $2.36 | $1.58 |
| 1/17/2009 | $50.00 | $3.50 | $3.73 | $3.99 | $4.30 | $4.43 | $2.66 | $1.90 | $1.18 |
| 1/17/2009 | $55.00 | $2.55 | $2.71 | $2.90 | $3.13 | $3.23 | $1.73 | $1.16 | $0.60 |
| 1/17/2009 | $60.00 | $1.76 | $1.87 | $2.01 | $2.16 | $2.23 | $1.05 | $0.65 | $0.33 |
| 1/17/2009 | $65.00 | $1.17 | $1.24 | $1.33 | $1.43 | $1.48 | $0.60 | $0.33 | $0.18 |
| 1/17/2009 | $70.00 | $0.74 | $0.79 | $0.85 | $0.91 | $0.94 | $0.34 | $0.17 | $0.15 |
| 1/17/2009 | $75.00 | $0.46 | $0.49 | $0.52 | $0.57 | $0.58 | $0.19 | $0.09 | $0.00 |
| 1/17/2009 | $80.00 | $0.24 | $0.26 | $0.27 | $0.30 | $0.30 | $0.06 | $0.00 | $0.00 |
| 1/16/2010 | $30.00 | $6.79 | $7.22 | $7.73 | $8.34 | $8.59 | $6.43 | $5.21 | $10.80 |
| 1/16/2010 | $40.00 | $5.50 | $5.84 | $6.26 | $6.75 | $6.96 | $4.98 | $3.95 | $5.95 |
| 1/16/2010 | $42.50 | $5.10 | $5.43 | $5.81 | $6.27 | $6.46 | $4.55 | $3.58 | $4.85 |
| 1/16/2010 | $45.00 | $4.75 | $5.05 | $5.41 | $5.83 | $6.01 | $4.17 | $3.26 | $4.25 |
| 1/16/2010 | $50.00 | $3.93 | $4.18 | $4.48 | $4.82 | $4.97 | $3.31 | $2.54 | $2.93 |
| 1/16/2010 | $55.00 | $3.21 | $3.41 | $3.65 | $3.94 | $4.06 | $2.60 | $1.95 | $1.95 |
| 1/16/2010 | $60.00 | $2.56 | $2.72 | $2.92 | $3.14 | $3.24 | $1.98 | $1.47 | $1.28 |
| 1/16/2010 | $65.00 | $1.98 | $2.10 | $2.25 | $2.43 | $2.50 | $1.47 | $1.07 | $0.88 |
| 1/16/2010 | $70.00 | $1.45 | $1.54 | $1.65 | $1.78 | $1.84 | $1.01 | $0.71 | $0.48 |

30

## TABLE 4

### Put Option Daily Artificial Deflation and Holding Prices

| Expiration | Strike | Artificial Deflation | | | | | | | Holding Price |
| | | 12/6/06 - 1/29/07 | 1/30/07 - 4/18/07 | 4/19/07 - 7/22/07 | 7/23/07 - 10/21/07 | 10/22/07 - 1/16/08 | 1/17/08 - 1/28/08 | 1/29/08 - 3/28/08 | |
|---|---|---|---|---|---|---|---|---|---|
| 1/19/2008 | $20.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $22.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $25.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $27.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $30.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $32.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $35.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $37.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $40.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $42.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $45.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $47.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $50.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $52.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $55.00 | $0.04 | $0.04 | $0.04 | $0.04 | $0.05 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $57.50 | $1.18 | $1.26 | $1.35 | $1.45 | $1.50 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $60.00 | $1.92 | $2.05 | $2.19 | $2.36 | $2.44 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $62.50 | $1.94 | $2.07 | $2.21 | $2.39 | $2.46 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $65.00 | $1.94 | $2.07 | $2.21 | $2.39 | $2.46 | $0.00 | $0.00 | $0.00 |
| 1/19/2008 | $70.00 | $1.94 | $2.07 | $2.21 | $2.39 | $2.46 | $0.00 | $0.00 | $0.00 |
| 2/16/2008 | $40.00 | $0.07 | $0.07 | $0.08 | $0.09 | $0.09 | $0.09 | $0.00 | $0.00 |
| 2/16/2008 | $42.50 | $0.13 | $0.14 | $0.15 | $0.16 | $0.16 | $0.16 | $0.00 | $0.00 |
| 2/16/2008 | $45.00 | $0.26 | $0.28 | $0.30 | $0.32 | $0.33 | $0.33 | $0.00 | $0.00 |
| 2/16/2008 | $47.50 | $0.57 | $0.61 | $0.65 | $0.70 | $0.73 | $0.59 | $0.00 | $0.00 |
| 2/16/2008 | $50.00 | $0.90 | $0.96 | $1.03 | $1.11 | $1.14 | $0.91 | $0.00 | $0.00 |
| 2/16/2008 | $52.50 | $1.28 | $1.36 | $1.46 | $1.58 | $1.62 | $1.19 | $0.00 | $0.00 |
| 2/16/2008 | $55.00 | $1.70 | $1.81 | $1.94 | $2.09 | $2.16 | $1.37 | $0.00 | $0.00 |
| 2/16/2008 | $57.50 | $2.16 | $2.29 | $2.46 | $2.65 | $2.73 | $1.46 | $0.00 | $0.00 |
| 2/16/2008 | $60.00 | $2.61 | $2.77 | $2.97 | $3.20 | $3.30 | $1.51 | $0.00 | $0.00 |
| 2/16/2008 | $62.50 | $2.90 | $3.08 | $3.30 | $3.56 | $3.67 | $1.51 | $0.00 | $0.00 |
| 2/16/2008 | $65.00 | $3.10 | $3.29 | $3.53 | $3.80 | $3.92 | $1.51 | $0.00 | $0.00 |
| 2/16/2008 | $70.00 | $3.14 | $3.33 | $3.57 | $3.85 | $3.97 | $1.51 | $0.00 | $0.00 |
| 2/16/2008 | $75.00 | $3.14 | $3.33 | $3.57 | $3.85 | $3.97 | $1.51 | $0.00 | $0.00 |
| 3/22/2008 | $40.00 | $0.15 | $0.16 | $0.17 | $0.18 | $0.19 | $0.19 | $0.00 | $0.00 |
| 3/22/2008 | $42.50 | $0.23 | $0.24 | $0.26 | $0.28 | $0.29 | $0.29 | $0.00 | $0.00 |
| 3/22/2008 | $45.00 | $0.35 | $0.37 | $0.40 | $0.43 | $0.44 | $0.44 | $0.00 | $0.00 |
| 3/22/2008 | $47.50 | $0.50 | $0.53 | $0.57 | $0.61 | $0.63 | $0.63 | $0.00 | $0.00 |
| 3/22/2008 | $50.00 | $0.66 | $0.70 | $0.76 | $0.81 | $0.84 | $0.84 | $0.00 | $0.00 |
| 3/22/2008 | $52.50 | $0.82 | $0.87 | $0.94 | $1.01 | $1.04 | $1.04 | $0.00 | $0.00 |

| Expiration | Strike | Artificial Deflation | | | | | | | Holding Price |
|---|---|---|---|---|---|---|---|---|---|
| | | 12/6/06 - 1/29/07 | 1/30/07 - 4/18/07 | 4/19/07 - 7/22/07 | 7/23/07 - 10/21/07 | 10/22/07 - 1/16/08 | 1/17/08 - 1/28/08 | 1/29/08 - 3/28/08 | |
| 3/22/2008 | $55.00 | $0.96 | $1.02 | $1.09 | $1.18 | $1.22 | $1.22 | $0.00 | $0.00 |
| 3/22/2008 | $57.50 | $1.04 | $1.10 | $1.18 | $1.27 | $1.31 | $1.31 | $0.00 | $0.00 |
| 3/22/2008 | $60.00 | $1.09 | $1.16 | $1.24 | $1.34 | $1.38 | $1.38 | $0.00 | $0.00 |
| 3/22/2008 | $62.50 | $1.12 | $1.19 | $1.27 | $1.37 | $1.42 | $1.42 | $0.00 | $0.00 |
| 3/22/2008 | $65.00 | $1.13 | $1.20 | $1.21 | $1.39 | $1.43 | $1.43 | $0.00 | $0.00 |
| 3/22/2008 | $70.00 | $1.15 | $1.22 | $1.31 | $1.41 | $1.45 | $1.45 | $0.00 | $0.00 |
| 3/22/2008 | $75.00 | $1.12 | $1.19 | $1.28 | $1.38 | $1.42 | $1.42 | $0.00 | $0.00 |
| 4/19/2008 | $32.50 | $0.01 | $0.01 | $0.01 | $0.01 | $0.01 | $0.01 | $0.01 | $0.18 |
| 4/19/2008 | $35.00 | $0.06 | $0.07 | $0.07 | $0.08 | $0.08 | $0.08 | $0.08 | $0.43 |
| 4/19/2008 | $37.50 | $1.34 | $1.42 | $1.52 | $1.64 | $1.69 | $1.69 | $1.54 | $1.20 |
| 4/19/2008 | $40.00 | $2.48 | $2.63 | $2.82 | $3.04 | $3.13 | $3.06 | $2.83 | $2.63 |
| 4/19/2008 | $42.50 | $3.87 | $4.12 | $4.41 | $4.76 | $4.90 | $4.79 | $4.46 | $4.70 |
| 4/19/2008 | $45.00 | $5.13 | $5.46 | $5.85 | $6.30 | $6.49 | $6.32 | $5.85 | $7.05 |
| 4/19/2008 | $47.50 | $6.01 | $6.39 | $6.85 | $7.38 | $7.61 | $7.33 | $6.70 | $9.55 |
| 4/19/2008 | $50.00 | $6.48 | $6.89 | $7.38 | $7.95 | $8.20 | $7.77 | $6.95 | $12.05 |
| 4/19/2008 | $52.50 | $6.90 | $7.34 | $7.86 | $8.47 | $8.73 | $8.09 | $7.10 | $14.55 |
| 4/19/2008 | $55.00 | $7.24 | $7.70 | $8.25 | $8.89 | $9.17 | $8.26 | $7.10 | $17.05 |
| 4/19/2008 | $57.50 | $7.58 | $8.06 | $8.64 | $9.31 | $9.60 | $8.37 | $7.11 | $19.55 |
| 4/19/2008 | $60.00 | $7.85 | $8.35 | $8.95 | $9.64 | $9.94 | $8.40 | $7.05 | $22.05 |
| 4/19/2008 | $62.50 | $8.16 | $8.67 | $9.29 | $10.01 | $10.32 | $8.49 | $7.11 | $24.55 |
| 4/19/2008 | $65.00 | $8.36 | $8.89 | $9.52 | $10.26 | $10.58 | $8.52 | $7.11 | $27.05 |
| 4/19/2008 | $70.00 | $8.60 | $9.15 | $9.80 | $10.56 | $10.89 | $8.53 | $7.10 | $32.05 |
| 5/17/2008 | $32.50 | $0.50 | $0.54 | $0.57 | $0.62 | $0.64 | $0.64 | $0.64 | $0.55 |
| 5/17/2008 | $35.00 | $0.90 | $0.95 | $1.02 | $1.10 | $1.13 | $1.13 | $1.13 | $1.15 |
| 5/17/2008 | $37.50 | $1.51 | $1.61 | $1.72 | $1.86 | $1.91 | $1.91 | $1.91 | $2.03 |
| 5/17/2008 | $40.00 | $2.31 | $2.46 | $2.64 | $2.84 | $2.93 | $2.93 | $2.93 | $3.35 |
| 5/17/2008 | $42.50 | $3.20 | $3.40 | $3.65 | $3.93 | $4.05 | $4.05 | $4.05 | $5.20 |
| 5/17/2008 | $45.00 | $4.05 | $4.30 | $4.61 | $4.97 | $5.12 | $5.12 | $5.12 | $7.30 |
| 5/17/2008 | $47.50 | $4.67 | $4.96 | $5.32 | $5.73 | $5.91 | $5.91 | $5.91 | $9.55 |
| 5/17/2008 | $50.00 | $5.21 | $5.54 | $5.94 | $6.40 | $6.60 | $6.60 | $6.60 | $12.05 |
| 5/17/2008 | $52.50 | $5.41 | $5.75 | $6.17 | $6.64 | $6.85 | $6.85 | $6.85 | $14.55 |
| 7/19/2008 | $32.50 | $0.79 | $0.84 | $0.90 | $0.97 | $1.00 | $1.00 | $1.00 | $1.18 |
| 7/19/2008 | $35.00 | $1.21 | $1.29 | $1.38 | $1.49 | $1.53 | $1.53 | $1.53 | $1.95 |
| 7/19/2008 | $37.50 | $1.94 | $2.06 | $2.21 | $2.38 | $2.45 | $2.45 | $2.23 | $3.03 |
| 7/19/2008 | $40.00 | $2.63 | $2.80 | $3.00 | $3.23 | $3.33 | $3.33 | $3.03 | $4.40 |
| 7/19/2008 | $42.50 | $3.38 | $3.60 | $3.85 | $4.15 | $4.28 | $4.28 | $3.88 | $6.10 |
| 7/19/2008 | $45.00 | $4.12 | $4.38 | $4.69 | $5.06 | $5.21 | $5.21 | $4.71 | $8.00 |
| 7/19/2008 | $47.50 | $5.16 | $5.49 | $5.88 | $6.33 | $6.53 | $6.10 | $5.47 | $10.10 |
| 7/19/2008 | $50.00 | $5.81 | $6.18 | $6.62 | $7.13 | $7.35 | $6.78 | $6.02 | $12.35 |
| 7/19/2008 | $52.50 | $6.38 | $6.78 | $7.26 | $7.83 | $8.07 | $7.32 | $6.43 | $14.75 |
| 7/19/2008 | $55.00 | $6.87 | $7.30 | $7.82 | $8.43 | $8.69 | $7.74 | $6.73 | $17.15 |
| 7/19/2008 | $57.50 | $7.23 | $7.69 | $8.24 | $8.88 | $9.15 | $7.98 | $6.86 | $19.60 |
| 7/19/2008 | $60.00 | $7.59 | $8.07 | $8.65 | $9.32 | $9.61 | $8.21 | $7.00 | $22.15 |

32

| Expiration | Strike | 12/6/06 - 1/29/07 | 1/30/07 - 4/18/07 | 4/19/07 - 7/22/07 | 7/23/07 - 10/21/07 | 10/22/07 - 1/16/08 | 1/17/08 - 1/28/08 | 1/29/08 - 3/28/08 | Holding Price |
|---|---|---|---|---|---|---|---|---|---|
| 7/19/2008 | $62.50 | $7.85 | $8.35 | $8.95 | $9.64 | $9.94 | $8.32 | $7.03 | $24.55 |
| 7/19/2008 | $65.00 | $8.11 | $8.62 | $9.24 | $9.96 | $10.26 | $8.45 | $7.11 | $27.05 |
| 7/19/2008 | $70.00 | $8.41 | $8.94 | $9.58 | $10.32 | $10.64 | $8.52 | $7.11 | $32.05 |
| 7/19/2008 | $75.00 | $8.59 | $9.13 | $9.79 | $10.55 | $10.87 | $8.51 | $7.11 | $37.05 |
| 10/18/2008 | $32.50 | $1.01 | $1.07 | $1.15 | $1.24 | $1.27 | $1.27 | $1.27 | $1.85 |
| 10/18/2008 | $35.00 | $1.41 | $1.50 | $1.61 | $1.73 | $1.79 | $1.79 | $1.79 | $2.78 |
| 10/18/2008 | $37.50 | $1.87 | $1.99 | $2.13 | $2.30 | $2.37 | $2.37 | $2.37 | $3.90 |
| 10/18/2008 | $40.00 | $2.38 | $2.53 | $2.71 | $2.92 | $3.01 | $3.01 | $3.01 | $5.30 |
| 10/18/2008 | $42.50 | $2.92 | $3.10 | $3.32 | $3.58 | $3.69 | $3.69 | $3.69 | $6.90 |
| 10/18/2008 | $45.00 | $3.43 | $3.64 | $3.90 | $4.21 | $4.34 | $4.34 | $4.34 | $8.65 |
| 10/18/2008 | $47.50 | $3.90 | $4.15 | $4.44 | $4.79 | $4.94 | $4.94 | $4.94 | $10.75 |
| 10/18/2008 | $50.00 | $4.34 | $4.62 | $4.95 | $5.33 | $5.50 | $5.50 | $5.50 | $12.80 |
| 10/18/2008 | $52.50 | $4.67 | $4.97 | $5.32 | $5.74 | $5.91 | $5.91 | $5.91 | $15.05 |
| 10/18/2008 | $55.00 | $4.96 | $5.27 | $5.64 | $6.08 | $6.27 | $6.27 | $6.27 | $17.35 |
| 10/18/2008 | $57.50 | $5.13 | $5.46 | $5.85 | $6.30 | $6.50 | $6.50 | $6.50 | $19.75 |
| 10/18/2008 | $60.00 | $5.28 | $5.62 | $6.02 | $6.49 | $6.69 | $6.69 | $6.69 | $22.15 |
| 10/18/2008 | $62.50 | $5.41 | $5.75 | $6.16 | $6.64 | $6.84 | $6.84 | $6.84 | $24.70 |
| 10/18/2008 | $65.00 | $5.43 | $5.77 | $6.18 | $6.66 | $6.87 | $6.87 | $6.87 | $27.05 |
| 1/17/2009 | $25.00 | $0.53 | $0.56 | $0.60 | $0.65 | $0.67 | $0.63 | $0.55 | $0.78 |
| 1/17/2009 | $30.00 | $1.03 | $1.09 | $1.17 | $1.26 | $1.30 | $1.22 | $1.08 | $1.78 |
| 1/17/2009 | $35.00 | $1.81 | $1.93 | $2.07 | $2.23 | $2.30 | $2.15 | $1.92 | $3.50 |
| 1/17/2009 | $37.50 | $2.30 | $2.45 | $2.62 | $2.83 | $2.92 | $2.72 | $2.43 | $4.65 |
| 1/17/2009 | $40.00 | $2.85 | $3.03 | $3.24 | $3.50 | $3.61 | $3.34 | $2.98 | $6.05 |
| 1/17/2009 | $42.50 | $2.80 | $2.98 | $3.19 | $3.44 | $3.55 | $3.55 | $3.55 | $7.70 |
| 1/17/2009 | $45.00 | $4.00 | $4.25 | $4.56 | $4.91 | $5.06 | $4.63 | $4.11 | $9.40 |
| 1/17/2009 | $47.50 | $3.65 | $3.89 | $4.16 | $4.49 | $4.63 | $4.63 | $4.63 | $11.35 |
| 1/17/2009 | $50.00 | $5.14 | $5.47 | $5.86 | $6.31 | $6.51 | $5.84 | $5.13 | $13.45 |
| 1/17/2009 | $55.00 | $6.14 | $6.52 | $6.99 | $7.53 | $7.77 | $6.82 | $5.92 | $17.75 |
| 1/17/2009 | $60.00 | $6.95 | $7.39 | $7.91 | $8.53 | $8.79 | $7.52 | $6.45 | $22.45 |
| 1/17/2009 | $65.00 | $7.58 | $8.06 | $8.63 | $9.30 | $9.59 | $8.01 | $6.81 | $27.15 |
| 1/17/2009 | $70.00 | $8.01 | $8.51 | $9.12 | $9.83 | $10.13 | $8.29 | $6.99 | $32.15 |
| 1/17/2009 | $75.00 | $8.27 | $8.80 | $9.42 | $10.16 | $10.47 | $8.44 | $7.11 | $37.05 |
| 1/17/2009 | $80.00 | $8.42 | $8.95 | $9.59 | $10.34 | $10.66 | $8.40 | $7.07 | $42.05 |
| 1/16/2010 | $30.00 | $1.39 | $1.47 | $1.58 | $1.70 | $1.76 | $1.59 | $1.41 | $3.60 |
| 1/16/2010 | $40.00 | $2.83 | $3.01 | $3.23 | $3.48 | $3.59 | $3.20 | $2.82 | $8.60 |
| 1/16/2010 | $42.50 | $3.25 | $3.46 | $3.71 | $3.99 | $4.12 | $3.66 | $3.21 | $10.30 |
| 1/16/2010 | $45.00 | $3.68 | $3.91 | $4.19 | $4.51 | $4.65 | $4.12 | $3.61 | $11.95 |
| 1/16/2010 | $50.00 | $4.51 | $4.80 | $5.14 | $5.54 | $5.71 | $5.00 | $4.35 | $15.40 |
| 1/16/2010 | $55.00 | $5.34 | $5.68 | $6.09 | $6.56 | $6.76 | $5.84 | $5.05 | $19.50 |
| 1/16/2010 | $60.00 | $6.08 | $6.46 | $6.92 | $7.46 | $7.69 | $6.55 | $5.63 | $23.80 |
| 1/16/2010 | $65.00 | $6.69 | $7.11 | $7.62 | $8.21 | $8.46 | $7.09 | $6.05 | $28.15 |
| 1/16/2010 | $70.00 | $7.28 | $7.74 | $8.29 | $8.94 | $9.21 | $7.63 | $6.49 | $32.70 |

33

# Exhibit 2

**EXHIBIT 2**

**In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation**
**c/o Epiq Systems, Inc.**
**Claims Administrator**
**P.O. Box 4178**
**Portland, OR 97208-4178**
**Toll Free Number:  (877) 866-5915**
Settlement Website: www.merckvytorinsecuritieslitigation.com
**Email:**  info@merckvytorinsecuritieslitigation.com

## PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST BE A CLASS MEMBER AND COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, **POSTMARKED NO LATER THAN _____, 2013.**

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE SETTLING PARTIES OR THEIR COUNSEL.   SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

### PART I – CLAIMANT INFORMATION

Beneficial Owner's First Name                    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name                 Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                             State      Zip Code

Foreign Country (only if not USA)

Social Security Number              Taxpayer Identification Number

                        OR

Telephone Number (home)             Telephone Number (work)

Email address

Claimant Account Type (check appropriate box):
☐   Individual (includes joint owner accounts)    ☐   Pension Plan      ☐   Trust
☐   Corporation                                   ☐   Estate
☐   IRA/401K                                       ☐   Other _____ (please specify)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice. The Settlement Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons or entities that purchased or acquired Merck & Co., Inc. ("Merck") common stock ("Common Stock") or Merck call options ("Call Options"), and/or sold Merck put options ("Put Options"), during the period between December 6, 2006 through and including March 28, 2008 (the "Class Period"), and who did not sell all of their stock and/or close out their positions in options on or before January 14, 2008, and who were damaged thereby (the "Class"). Merck Common Stock, Call Options, and Put Options are referred to collectively as "Merck Securities.". All persons and entities that are members of the Class are referred to as "Class Members."

3.      Excluded from the Class by definition are:  (a) Defendants in the Action; (b) members of the Immediate Families of the Individual Defendants; (c)  the subsidiaries and affiliates of Defendants, as these terms are defined by the federal securities laws, including the 401(k) plans of Merck and/or Schering-Plough Corporation ("Schering"); (d) any person or entity who was a partner, executive officer, director, or controlling person of Merck, M/S-P, or Schering (including any of their subsidiaries or affiliates), or any other Defendants; (e) any entity in which any Defendant has a controlling interest; (f) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class are persons and entities that previously submitted a request for exclusion from the Class in connection with the previously disseminated Notice of Pendency of Class Action ("Class Notice") who do not opt-back into the Class in accordance with the provisions set forth in the Settlement Notice. The list of persons and entities who previously submitted requests for exclusion from the Class in connection with the Class Notice is attached as Appendix 1 to the Stipulation, which can be viewed      at      and      downloaded      from      the      Settlement      website, www.merckvytorinsecuritieslitigation.com. If you believe that you previously submitted a request for exclusion but your name does not appear on Appendix 1 to the Stipulation, you can contact the Claims Administrator at (877) 866-5915 for assistance.

4.      IF YOU ARE NOT A CLASS MEMBER, OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, PREVIOUSLY SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS IN CONNECTION WITH THE CLASS NOTICE AND YOU DO NOT OPT-BACK INTO THE CLASS IN ACCORDANCE WITH THE PROVISIONS SET FORTH IN THE SETTLEMENT NOTICE, DO NOT SUBMIT A CLAIM FORM. YOU MAY NOT,

DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless your name appears on Appendix 1 to the Stipulation and you do not opt-back into the Class. As described in the Settlement Notice, the Judgment will release and enjoin the filing or continued prosecution of the Released Plaintiffs' Claims against the Defendants' Releasees.

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

8.      Use the Schedules of Transactions in Parts III – V of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Merck Securities. On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable Merck Securities, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.      **Please note:**  Only Merck Common Stock and Call Options purchased/acquired, and Merck Put Options sold, during the Class Period (*i.e.*, December 6, 2006 through and including March 28, 2008) are eligible under the Settlement. However, under the PSLRA "90 day look-back period" (described in the Plan of Allocation set forth in the Settlement Notice), your sales of Merck Common Stock during the period between March 31, 2008 through and including June 27, 2008 will be used for purposes of calculating your Recognized Loss Amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90 day look-back period must also be provided.

10.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the applicable Merck Securities set forth in the Schedules of Transactions in Parts III – V of this Claim Form. Documentation may consist of copies of brokerage confirmations or monthly statements. The Parties and the Claims Administrator do not independently have information about your investments in Merck Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the**

**Claim Form or any supporting documents.**

11.　　Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.　　All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired Merck Common Stock or Call Options, or sold Merck Put Options, during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Merck Common Stock or Call Options, or sold Merck Put Options, during the Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13.　　Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

　　　　(a)　　expressly state the capacity in which they are acting;

　　　　(b)　　identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Merck Securities; and

　　　　(c)　　furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.　　By submitting a signed Claim Form, you will be swearing that you:

　　　　(a)　　own(ed) the Merck Securities you have listed in the Claim Form; or

　　　　(b)　　are expressly authorized to act on behalf of the owner thereof.

15.　　By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.　　If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

17.　　**PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant

shall receive his/her/its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, Epiq Systems, Inc., Claims Administrator, at P.O. Box 4178, Portland, OR 97208-4178, or by toll-free phone at (877) 866-5915, or you may download the documents from the Settlement website, www.merckvytorinsecuritieslitigation.com.

19.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.merckvytorinsecuritieslitigation.com or you may email the Claims Administrator's electronic filing department at info@ merckvytorinsecuritieslitigation.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@ www.merckvytorinsecuritieslitigation.com to inquire about your file and confirm it was received and acceptable.

## PART III – SCHEDULE OF TRANSACTIONS IN MERCK COMMON STOCK

Complete this Part III if and only if you purchased/acquired Merck Common Stock during the period from December 6, 2006 through and including March 28, 2008.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Merck Common Stock.

| 1.  BEGINNING HOLDINGS – State the total number of shares of Merck Common Stock held as of the opening of trading on December 6, 2006. (Must be documented.) _____ | IF NONE, CHECK HERE ○ |
|---|---|

**2.    PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Merck Common Stock from after the opening of trading on December 6, 2006 through and including the close of trading on March 28, 2008.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

| 3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOKBACK PERIOD – State the total number of shares of Merck Common Stock purchased/acquired (including free receipts) from after the opening of trading on March 31, 2008 through and including the close of trading on June 27, 2008.  (Must be documented.)[1] _____ | IF NONE, CHECK HERE ○ |
|---|---|

| 4.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD – Separately list each and every sale/disposition (including free deliveries) of Merck Common Stock from after the opening of trading on December 6, 2006 through and including the close of trading on June 27, 2008. (Must be documented.) | IF NONE, CHECK HERE ○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

---

[1] **Please note**:  Information requested with respect to your purchases/acquisitions of Merck Common Stock from after the opening of trading on March 31, 2008 through and including the close of trading on June 27, 2008 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

6

| 5. **ENDING HOLDINGS** – State the total number of shares of Merck Common Stock held as of the close of trading on June 27, 2008. (Must be documented.) _____ | **IF NONE, CHECK HERE** ○ |
| --- | --- |

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

7

## PART IV– SCHEDULE OF TRANSACTIONS IN MERCK CALL OPTIONS

Complete this Part IV if and only if you purchased/acquired Merck Call Options during the period from December 6, 2006 through and including March 28, 2008.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Merck Call Options.

**1. BEGINNING HOLDINGS** – Separately list all positions in Merck Call Option contracts in which you had an open interest as of the opening of trading on December 6, 2006.  (Must be documented.)

**IF NONE, CHECK HERE** ○

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|
| $ | / / | |
| $ | / / | |
| $ | / / | |
| $ | / / | |

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Merck Call Option contracts from after the opening of trading on December 6, 2006 through and including the close of trading on March 28, 2008. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts Purchased /Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |

**3. SALES DURING THE CLASS PERIOD** – Separately list each and every sale/disposition (including free deliveries) of Merck Call Options from after the opening of trading on December 6, 2006 through and including the close of trading on March 28, 2008. (Must be documented.)

**IF NONE, CHECK HERE** ○

8

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|
| /    / | $ | /    / | | $ | $ |
| /    / | $ | /    / | | $ | $ |
| /    / | $ | /    / | | $ | $ |
| /    / | $ | /    / | | $ | $ |

**4. ENDING HOLDINGS** – Separately list all positions in Merck Call Option contracts in which you had an open interest as of the close of trading on March 28, 2008.  (Must be documented.)

**IF NONE, CHECK HERE** ○

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART V – SCHEDULE OF TRANSACTIONS IN MERCK PUT OPTIONS

Complete this Part V if and only if you sold (wrote) Merck Put Options during the period from December 6, 2006 through and including March 28, 2008.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Merck Put Options.

| 1. BEGINNING HOLDINGS – Separately list all positions in Merck Put Option contracts in which you had an open interest as of the opening of trading on December 6, 2006.  (Must be documented.) | | IF NONE, CHECK HERE ◯ |
|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |

| 2. SALES (WRITING) DURING THE CLASS PERIOD – Separately list each and every sale (writing) (including free deliveries) of Merck Put Option contracts from after the opening of trading on December 6, 2006 through and including the close of trading on March 28, 2008. (Must be documented.) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised  Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
| /    / | $ | /    / | | | $ | | /    / |
| /    / | $ | /    / | | | $ | | /    / |
| /    / | $ | /    / | | | $ | | /    / |
| /    / | $ | /    / | | | $ | | /    / |

10

**3.   PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Merck Put Option contracts from after the opening of trading on December 6, 2006 through and including the close of trading on March 28, 2008. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts Purchased/ Acquired | Purchase/Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|
| /    / | $ | /    / | | | $ |
| /    / | $ | /    / | | | $ |
| /    / | $ | /    / | | | $ |
| /    / | $ | /    / | | | $ |

**4. ENDING HOLDINGS** – Separately list all positions in Merck Put Option contracts in which you had an open interest as of the close of trading on March 28, 2008.  (Must be documented.)

**IF NONE, CHECK HERE** ○

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts in Which You Had an Open Interest |
|---|---|---|
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART VI – RELEASE OF CLAIMS AND SIGNATURE

### YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Settlement Notice) against the Defendants and the other Defendants' Releasees (as defined in the Stipulation and in the Settlement Notice) and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against the Defendants or the other Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1.  that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.  that the claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page __ of this Claim Form, and is (are) not excluded by definition from the Class as set forth in the Settlement Notice and in paragraph 3 on page __ of this Claim Form;

3.  that the claimant **did not** previously submit a request for exclusion from the Class in connection with the Class Notice and is not included in Appendix 1 to the Stipulation;

4.  that I (we) own(ed) the Merck Common Stock and Call Options and had an interest in the Put Options identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.  that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Merck Common Stock or Call Options, or sales of Merck Put Options, and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.  that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.  that I (we) agree to furnish such additional information with respect to this Claim Form as Co-Lead Counsel, the Claims Administrator or the Court may require;

8.  that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.  that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

12

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she or he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____          _____
Signature of claimant                                                                      Date

_____
Print your name here

_____          _____
Signature of joint claimant, if any                                                     Date

_____
Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____          _____
Signature of person signing on behalf of claimant                            Date

_____
Print your name here

_____
Capacity of person signing on behalf of claimant, if other than an individual, e.g., executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see paragraph 13 on page ___ of this Claim Form.)

13

**REMINDER CHECKLIST:**

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (877) 866-5915.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address by email at info@merckvytorinsecuritieslitigation.com, or toll-free at (877) 866-5915, or visit www.merckvytorinsecuritieslitigation.com.  Please DO NOT call Merck or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN** _____, **2013**, ADDRESSED AS FOLLOWS:

In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation
c/o Epiq Systems, Inc.
Claims Administrator
P.O. Box 4178
Portland, OR 97208-4178

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2013 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

   You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# **Exhibit 3**

EXHIBIT 3

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. VYTORIN/ZETIA SECURITIES LITIGATION | Civil Action No. 08-2177 (DMC) (JAD) |

### SUMMARY NOTICE OF
### (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:**  ALL PERSONS OR ENTITIES THAT PURCHASED OR ACQUIRED MERCK & CO., INC. COMMON STOCK, OR CALL OPTIONS, AND/OR SOLD MERCK PUT OPTIONS, DURING THE PERIOD BETWEEN DECEMBER 6, 2006 THROUGH AND INCLUDING MARCH 28, 2008 (THE "CLASS PERIOD"), AND WHO DID NOT SELL THEIR STOCK AND/OR OPTIONS ON OR BEFORE JANUARY 14, 2008, AND WHO WERE DAMAGED THEREBY (THE "CLASS")

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED that the Lead Plaintiffs in the above-captioned class action (the "Action"), on behalf of themselves and the Court-certified Class, have reached a proposed Settlement of the Action with Defendants Merck & Co., Inc., Merck/Schering-Plough Pharmaceuticals, MSP Distribution Services (C) LLC, MSP Singapore Company LLC, Richard T. Clark, and Deepak Khanna (collectively, "Defendants"). The Settlement provides for a total payment of $215,000,000 for the benefit of the Class. In return, Class Members will dismiss with prejudice the claims asserted in this Action against Defendants and grant the Releases specified and described in the Stipulation and Agreement of Settlement dated June 3, 2013 (the "Stipulation").

A hearing will be held on _____, 2013 at __:__ _.m., before the Honorable Dennis M. Cavanaugh in Courtroom PO 04 of the Martin Luther King, Jr. U.S. Courthouse and Federal Building, 50 Walnut Street, Newark, NJ 07101, to determine: (1) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (2) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation should be granted; (3) whether the proposed Plan of Allocation for the proceeds of the Settlement should be approved as fair and reasonable; and (4) whether Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be granted.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice"), you may obtain copies by contacting the Claims Administrator at:

> In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation
> P.O. Box 4178
> Portland, OR 97208-4178
> (877) 866-5915

Copies of the Settlement Notice and the Proof of Claim Form ("Claim Form") are also available at www.merckvytorinsecuritieslitigation.com.

If you are a member of the Class, in order to be eligible to share in the distribution of the proceeds of the Settlement you must submit a Claim Form postmarked no later than _____.

2

If you previously submitted a request for exclusion from the Class in connection with the Notice of Pendency of Class Action ("Class Notice") and you wish to remain excluded, no further action is required.  Please note that the Court, in its discretion, ordered that there shall not be a second opportunity to request exclusion from the Class.  However, if you previously submitted a request for exclusion from the Class in connection with the Class Notice and you want to opt-back into the Class for the purpose of being eligible to receive a payment from the Settlement Fund, you may do so.  In order to opt-back into the Class, you must submit a request to opt-back into the Class in writing such that it is received no later than _____, 2013, in accordance with the instructions set forth in the Settlement Notice.  If you previously submitted a request for exclusion from the Class in connection with the Class Notice and do not opt-back into the Class in accordance with the instructions set forth in the Settlement Notice, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or the application for attorneys' fees and reimbursement of expenses must be filed with the Court and delivered to Co-Lead Counsel and Defendants' Counsel such that they are received no later than _____, 2013, in accordance with the instructions set forth in the Settlement Notice.

Inquiries, other than requests for copies of the Settlement Notice and Claim Form, may be directed to Co-Lead Counsel:

| | |
|---|---|
| Jay W. Eisenhofer, Esquire | Salvatore J. Graziano, Esquire |
| Daniel L. Berger, Esquire | BERNSTEIN LITOWITZ BERGER |
| GRANT & EISENHOFER P.A. | & GROSSMANN LLP |
| 485 Lexington Avenue | 1285 Avenue of the Americas |
| New York, NY 10017 | New York, NY 10019 |

Dated: _____, 2013                    BY ORDER OF THE COURT

# 716249