IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. VYTORIN/ ZETIA SECURITIES LITIGATION | No. Civil Action· No. 08-cv-2177 (DMC) (JAD) |

**OBJECTIONS TO PROPOSED SETTLEMENT AND MOTION FOR ATTORNEYS FEES, NOTICE OF INTENT TO APPEAR THROUGH COUNSEL BY UNNAMED CLASS MEMBERS: ORLOFF FAMILY TRUST DTD 12/13/01 DR MARSHALL J ORLOFF IRA R/O**

**INTRODUCTION**

ORLOFF FAMILY TRUST DTD 12/13/01 and DR MARSHALL J ORLOFF IRA R/O ("Objectors"), through their counsel (i) file these Objections to the Proposed Class Action Settlement (the "Proposed Settlement") (ii) object to Class Counsel's notice of motion and motion for attorneys' fees; and (iii) give notice of their counsel's intent to appear at the final fairness settlement hearing.

Objector represents to the court they are each class member who purchased the stock as defined in the Settlement Agreement. Marshall Orloff, MD certifies class membership has been confirmed by the administrator and the Orloff objectors will provide their trade information in a supplemental filing prior to the final approval hearing as soon as it is provided by the brokers. A copy of the notice sent to objectors is attached as Exhibit A.

**A.   THE SETTLEMENT IS NOT FAIR TO CLASS MEMBERS**

It is well established that the court has a duty under Rule 23 of the Federal Rules of Civil Procedure as the guardian of the absent class members' interests to

independently determine whether the settlement agreement is fair, reasonable, and in the best interests of the class.

The court has a "duty under Rule 23 of the Federal Rules of Civil Procedure to protect absent class members and to police class action proceedings." *Strong v. BellSouth Telecommunications*, Inc., 137 F.3d 844, 849 (5th Cir. 1998). In order to approve a proposed settlement, the court must be satisfied that the agreement is "fair, adequate, and reasonable," and not the product of fraud or collusion. *Stoetzner* v. *United States Steel Corp.,* 897 F.2d 115, 118 (3d Cir.1990); *Walsh* v. *Great Atlantic & Pacific Tea Co.*, 726 F.2d 956, 965 (3d Cir.1983); *Greenfield* v. *Villager Industries, Inc*., 483 F.2d 824, 833 (3d Cir.1973). The duty requires a review of substantive claims included in the agreement and an investigation into the manner in which fees of class counsel are to be paid and the dollar amount for such services. *Strong v. BellSouth Telecommunications*, Inc., 137 F.3d 844, 849 (5th Cir. 1998). The 2003 Committee Notes to Rule 23(h) state that "[a]ctive judicial involvement in measuring fee awards is singularly important to the proper operation of the class-action process. Continued reliance on case law development of fee-award measures does not diminish the court's responsibility. In a class action, the district court must ensure that the amount and mode of payment of attorney fees are fair and proper whether the fees come from a common fund or are otherwise paid. Even in the absence of objections, the court bears this responsibility." Committee Notes to Rule 23(h), 2003.

Rule 23(e) of the Federal Rules of Civil Procedure provides that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such

2

manner as the court directs." A settlement may only be approved after the court finds it is fundamentally fair, adequate and reasonable. Id. This rule has been read as a requirement for the court to " 'independently and objectively analyze the evidence and circumstances before it in order to determine whether the settlement is in the best interest of those whose claims will be extinguished.' " *In Re Cendant Corp. Litig.*, 264 F.3d 201, 231 (3rd 2001), citing *In re General Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 785 (3rd Cir. 1995). (emphasis added)

**B.      ATTORNEYS FEE REQUEST MUST BE CLOSELY EXAMINED**

    **1.      The Court Must Act as a Fiduciary for the Class**

Every dollar paid to attorneys is unavailable to the class, thereby demonstrating a direct and inverse relationship between the amount of relief and the amount of attorney fee. Dozens of cases have confirmed and identified this fiduciary role. For example:

> Before considering the proper methodology for awarding attorney's fees out of a common fund, the Court feels compelled to define its role in these proceedings. When an attorney makes a claim for fees from a common fund, his interest is adverse to the interest of the class in obtaining recovery because the fees come out of the common fund set up for the benefit of the class. *Rawlings v. Prudential-Bache Properties, Inc*., 9 F.3d 513, 516 (6th Cir. 1993). This divergence of interests requires a court to assume a fiduciary role when reviewing a fee application because there is often no one to argue for the interests of the class: class members with small individual stakes in the outcome will often fail to file objections because they lack the interest or resources to do so and the defendant who contributed to the fund will usually have scant interest in how the fund is divided between the plaintiffs and class counsel." *In Re Copley Pharmaceutical, Inc*. 1 F.Supp.2d 1407 (Wyoming 1998). (emphasis added.)

In *Wise v. Popoff, et al*. 835 F. Supp. 977 (E.D. Mich. 1993) the court describes the roles as follows:

> An attorney's role changes once he files a fee petition. No longer a fiduciary for his client, he becomes nothing more complex than another

3

> claimant against the fund created for the client's benefit. The court must, in turn, become "the fiduciary for the fund's beneficiaries and must carefully monitor disbursement to the attorneys by scrutinizing the fee applications." *Skelton v. General Motors Corp.*, 860 F 2d 250, 253 (7th Cir. 1988), cert denied, 493 US 810, 110 S. Ct. 53, 107 L. Ed. 2d 22 (1989). A court should not "rubber stamp" fee applications. *In re Cincinnati Gas & Electric Co. Securities Litigation*, 643 F. Supp. 148, 152 (S.D. Ohio 1986).

The fact that the settling defendant may agree with the fee application (or, as in this case, be persuaded to remain silent about it) is irrelevant to the Court's analysis because the defendant, having already paid the settlement amount, has little interest in the portion of the fund that Class Counsel is allowed to retain. This Court, therefore, must act as a fiduciary to the Class, carefully evaluating the basis for the fee amount. The Court should at least determine what the lodestar amount is (hours expended time hourly billing rate) and whether that bears a rational relationship to the fee requested. The Court must examine not only the amount of time expended, but by whom it was expended. That is, was it by a partner, an associate or a contract attorney, and were the rates reasonable for the locale?

### 2. Plaintiff's Counsel's Fee Request Is Unreasonably High

There are two basic methods for calculating attorneys' fees-the percentage-of-recovery method and the lodestar method. Each method has distinct advantages for certain kinds of actions. The percentage-of-recovery method is generally favored in cases involving a common fund, and is designed to allow courts to award fees from the fund "in a manner that rewards counsel for success and penalizes it for failure. The lodestar method is more commonly applied in statutory fee-shifting cases, and is designed to reward counsel for undertaking socially beneficial litigation in cases where the expected

4

relief has a small enough monetary value that a percentage-of-recovery method would provide inadequate compensation." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998).

Class counsel fails to disclose their actual lodestar in their motion, but even their vague math does not justify the 28% request ($60,200,000.00). The court must engage in a detailed analysis of counsel's billing to determine the reasonable of the lodestar calculation. Under such an analysis the billed charges are unreasonably high. Further, there is no justification for using the multiplier. In a settlement this large, percentages should not persuade; the court must award a reasonable fee based on the actual time and effort by counsel.

### C. NOTICE OF JOINDER IN OTHER OBJECTIONS

These Objectors join in and adopt as though fully stated here the objections, arguments and motions stated in all other meritorious, bona fide objections, specifically including Docket No. 337.

### D. CONCLUSION

WHEREFORE, this Objector respectfully requests this Court:

A. Upon proper hearing, sustain these Objections;

B. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

      C. Award an incentive fee to these Objectors for service in improving the settlement for the class, if any.

Dated:   August 5, 2013        By: ____/s/ Forrest S. Turkish_____
                                            Law Office of Forrest S. Turkish
                                            595 Broadway Bayonne, NJ 07002
                                            Phone: (201) 339-8866
                                            Fax: (201) 339-8456
                                            Email: fsturkish@aol.com

## CERTIFICATE OF SERVICE

     I hereby certify that on August 5, 2013, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the District of New Jersey by using the USDC CM/ECF system.

     I certify that all participants in the case who are registered CM/ECF users that service will be accomplished by the USDC CM/ECF system.


                                            ____/s/ Forrest S. Turkish_____
                                            Forrest S. Turkish
                                            Attorney for Objector