| | |
|---|---|
| James E. Cecchi<br>Lindsey H. Taylor<br>CARELLA, BYRNE, CECCHI<br>  OLSTEIN, BRODY & AGNELLO, PC<br>5 Becker Farm Road<br>Roseland, NJ  07068-1739<br>(973) 994-1700<br>*Liaison Counsel for the Class*<br><br>Jay W. Eisenhofer<br>Daniel L. Berger<br>John C. Kairis<br>Jeff A. Almeida<br>GRANT & EISENHOFER P.A.<br>485 Lexington Avenue<br>New York, NY 10017<br>(646) 722-8500<br>*Lead Counsel for the Lead Plaintiffs<br>and Class* | Salvatore J. Graziano<br>Adam H. Wierzbowski<br>Laura H. Gundersheim<br>BERNSTEIN LITOWITZ BERGER<br>  & GROSSMANN LLP<br>1285 Avenue of the Americas<br>New York, NY  10019<br>(212) 554-1400<br>*Lead Counsel for the Lead Plaintiffs and<br>Class* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE MERCK & CO., INC<br>VYTORIN/ZETIA SECURITIES<br>LITIGATION | Civil Action No. 08-2177(DMC) (JAD)<br><br>**DECLARATION OF<br><u>JAMES E. CECCHI</u>** |

JAMES E. CECCHI, of full age, hereby declares under penalty of perjury as follows:

1.  I am an attorney licensed to practice in New Jersey and am a member of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, Liaison Counsel for the Class in this matter.  In such capacity, I am fully familiar with the facts contained herein.

2.  The objection, Dkt. No. 338, filed on behalf of the Orloff Objectors in this matter was signed by Forrest S. Turkish.  However, our research has revealed that Dr. Orloff and/or the Orloff Trust have previously been represented with respect to objections to class action settlements by Darrell Palmer, an attorney from Solano Beach, California, near San Diego.  *See e.g., In re Am. Int'l Grp. Sec. Litig.*, No. 04-cv-8141 (DAB)(AJP) (S.D.N.Y. Mar. 6, 2013) (Dkt.

No. 671, Ex. 1)[1]; *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, No. 09-md-2058 (PKC) (S.D.N.Y. Mar. 5, 2013) (Dkt. No. 842, Ex. 3); *In re Tremont Sec. Law, State Law & Ins. Litig.*, No. 08-cv-11117 (TPG) (S.D.N.Y. May 11, 2011) (Dkt. No. 464, Ex. 5); *In re Micron Tech., Inc. Sec. Litig.*, No. 06-cv-85-WFD (D. Idaho Jan. 19, 2011) (Dkt. No. 173, Ex. 7); *In re Mercury Interactive Corp. Sec, Litig.,* No. 05-cv-03395-JF (N.D. Cal. Jan. 13, 2011) (Dkt. No. 401, Ex. 8).

3. This is not my first experience with objections to settlements filed by Messrs. Turkish and Palmer. In *Eoff v. Sprint Nextel Corp.*, No. 10-cv-1190 (SDW) (MCA) (D.N.J.), an action against Sprint relating to alleged overcharges on Sprint messaging plans, Mr. Turkish filed an objection on behalf of three supposed class members, Katherine Franco, Fatima Dorego, and Robert Byrne (*Eoff*, Dkt. No. 44, Ex. 9). We were advised by Sprint that it had no record of any of the purported objectors ever being customers and, thus, it was questionable whether the objectors were even class members.

4. As a result, my co-counsel in that case, Paul Weiss, contacted Mr. Turkish to attempt to obtain further information with respect to this objection. Mr. Turkish told Mr. Weiss that he had no knowledge with respect to the objection and that he had filed the objection on behalf of Mr. Palmer. Mr. Weiss also attempted to contact Mr. Palmer to obtain information with respect to the objectors' class membership, but those calls were ignored. *See Eoff*, (D.N.J. Nov. 16, 2012) (Dkt. No. 47-2, Ex. 10).

---

[1] In *AIG, Bank of America*, and *Tremont Securities*, Mr. Turkish filed the objection on behalf of the Orloff objectors in the District Court and Mr. Palmer entered an appearance on behalf of the Orloffs in the Second Circuit. *See AIG*, No. 13-1929 (2d Cir. June 4, 2013) (Dkt. No. 8, Ex. 2); *In re Bank of America*, No. 13-1830 (2d Cir. May, 23, 2013) (Dkt. No. 26, Ex. 4); *In re Tremont Securities Law*, No. 11-3899 (2d Cir. Oct. 10, 2011) (Dkt. No. 53, Ex. 6).

5.    Neither Mr. Turkish nor Mr. Palmer appeared at the final approval hearing in *Eoff* and, indeed, we had no further communications from them.

6.    As the Court will note, the Orloff objectors failed to provide any of the required information with respect their stock ownership along with their objection. Based upon my past experience, I called Mr. Turkish to attempt to obtain information with respect to the Orloff objectors' Merck stock ownership. I left messages at Mr. Turkish's office on Tuesday, August 6 and on Thursday, August 8, but those calls were not returned.

7.    Based upon Mr. Palmer's and Mr. Turkish's past representation of Dr. Orloff with respect to objections and the form of the objections indicating that they were not drafted by a New Jersey attorney, it is our belief that, in fact, the Orloff objectors are being represented by Mr. Palmer.

8.    Mr. Turkish and/or the Orloffs have submitted similar objections in other class actions. Copies of some of those objections are attached, as follows:

- Ex. 11, *In re Citigroup Inc. Sec. Litig.*, No. 07-cv-09901 (SHS) (S.D.N.Y. Mar. 15, 2013), Dkt. No. 226;

- Ex. 12, *In re L.G. Philips LCD Co., Ltd. Sec. Litig.*, No. 07-cv-00909-RJS (S.D.N.Y. Mar. 3, 2011), Dkt. No. 76;

- Ex. 13, *Brody v. Merck & Co.*, No. 12-cv-4774 (D.N.J. Jan. 31, 2013), Dkt. No. 27;

- Ex. 14, *Alin v. Honda Motor Co.*, No. 08-cv-4825 (D.N.J. Feb. 27, 2012), Dkt. No. 147[2];

- Ex. 16, *In re Ins. Brokerage Antitrust Litig.*, No. 04-md-5184 (D.N.J. Aug. 30, 2011), Dkt. No. 1894; and

---

[2]    Mr. Turkish's objection in *Alin v. Honda* was filed with another notorious serial objector, Gary Sibley, who, like Mr. Palmer, has appeared through straw men to avoid *pro hac vice* admission. *See In re Nutella Mktg. & Sales Practices Litig.*, No. 11-cv-1086, 2012 WL 6013276 (D.N.J. Nov. 20, 2012); *Id.*, No. 11-cv-1086 (FLW), (Dkt. No. 141, Ex. 15).

- Ex. 17, *In re Resort Condos. Int'l, LLC*, No. 06-cv-1222 (D.N.J. Nov. 20, 2009), Dkt. No. 453.

9. Annexed as Exhibit 18 is a chart which was previously filed in *In Re: Aftermarket Filters Antitrust Litigation*, No. 08-cv-04883 (N.D. Ill. Sept. 10, 2012), Dkt. No. 1003-7, setting forth cases where Mr. Palmer has filed objections that were subsequently dismissed, abandoned or withdrawn without attaining settlement changes or additional benefits for the class.

10. *Eoff* and the cases set forth in Exhibit 18 are not the only examples of Mr. Palmer filing objections to class action settlements through straw men. *See In re Uponor, Inc. F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11-md-2247, 2012 WL 3984542, at *3 (D. Minn. Sept. 11, 2012) ("Moreover, the Palmer Objectors appear to be represented by an attorney who has not entered an appearance in this case and who is believed to be a serial objector in other cases. This attorney, Darrell Palmer, paid the appellate filing fee on behalf of the Palmer Objectors, and the documents filed on their behalf bear his California mailing address rather than the Texas addresses of the Palmer Objectors.") (internal citations omitted).

11. One of the reasons Mr. Palmer has filed objections to class action settlements through straw men appears to be the fact that he has engaged in "bad faith and vexatious conduct." *See In re Oil Spill By The Oil Rig "Deepwater Horizon,"* No. 10-mdl-2179, 2013 WL 144042, at *48 n.40 (E.D. La. Jan. 11, 2013) (excerpts of transcript referenced in footnote 40 attached as Ex. 19) ("Mr. Palmer has been deemed a 'serial objector' by several courts"); *Uponor*, *id.*

12. Mr. Palmer has also had *pro hac vice* applications either denied or revoked for lack of candor to the court. *Herfert v. Crayola LLC*, No. C11-1301-JCC (W.D. Wash. Aug. 17. 2012) (Dkt. No. 74, Ex. 20) (Palmer failed to advise court that he had been suspended from the practice of law as a result of a felony conviction); *Arthur v. Sallie Mae Inc.*, No. C10-198JLR

(W.D. Wash. Sept. 21, 2012), Tr. Sept. 14, 2012, at 3-10 (Dkt. No. 268, Ex. 21) (Palmer failed to advise court of suspensions and made false statements about court proceedings).

13. *Eoff* and the cases set forth on Exhibit 18 are also not the only instances of Palmer objectors failing to provide adequate information to demonstrate that they are class members or filing objections on behalf of non-class members. *See Uponor, id.* (imposing appeal bond because Palmer Objectors not class members); *Ruwe v. Cellco P'ship*, No. 07-cv-03679 JSW (N.D. Cal. Nov. 2, 2012), Dkt. No. 130, at 5-6 (Ex. 22); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-1827 SI (N.D. Cal. Oct. 2, 2012; Feb. 19. 2013), Dkt. Nos. 6884, 7618 (together Ex. 23) (finding Palmer in contempt for failure to provide discovery regarding standing of Palmer's wife and mother to assert objections and bases for objections to settlement).

14. Attached hereto as Ex. 24 is the Declaration of Professor Samuel Issacharoff from *In re Checking Account Overdraft Litigation*, No. 09-md-02036-JLK (S.D. Fla. Sept. 16, 2011), Dkt. No. 1885-7.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: August 13, 2013

                                                   /s/ James E. Cecchi
                                                 JAMES E. CECCHI