UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO. INC. VYTORIN /ZETIA SECURITIES LITIGATION | ) ) Civil Action No. 08-2177 (DMC)(JAD) ) ) |

MOTION FOR RECONSIDERATION AND/OR
CLARIFICATION OF BOND ORDER

Class member Franklin DeJulius hereby moves for reconsideration of the Order entered on January 9, 2014 imposing a $50,000 joint and several appeal bond on Appellant DeJulius. The order improperly imposes a bond that is double the amount of bonds that have been imposed by other district courts within this Circuit, and makes Appellant DeJulius responsible for amounts that should be borne by the Oroloff Appellants. Appellant DeJulius does not object to the payment of an appeal bond of $25,000, and is willing to post a bond of this amount to secure any reasonable costs associated with *his* appeal. However, it is improper to impose a bond on Appellant DeJulius that is double the amount of the maximum bond imposed by every other court within this Circuit that has imposed an appeal bond, and it is improper to make DeJulius responsible for posting the bond for the Orloff Appellants.

In *In re: American Investors Life Ins. Co.*, 695 F. Supp. 2d 157 (E.D. Pa. 2010), the court imposed a $25,000 appeal bond, relying on *In re Ins. Brokerage Antitrust Litig.*, 2007 WL 1963063 (D.N.J. 2007)(imposing $25,000 appeal bond). An identical amount was imposed in *In re Diet Drugs*, 2000 WL 1665134 (E.D. Pa. 2000). In addition, the bond in *In re Ins. Brokerage* was shared by 8 separate appellants, making the amount of the bond manageable for each appellant. As the District of New Jersey has noted in imposing a $22,500 bond on ten objectors, "[s]uch an amount is not so high as to

preclude the Objectors from taking an appeal – especially considering that the bond is shared by the ten appealing Objectors..." *In re Nutella Mktg. and Sales Practices*, 2012 U.S. Dist. LEXIS 172006 (D.N.J. 2012) at *6.

Here, in contrast to *Nutella* and all of the other cases from this Circuit cited in Plaintiffs' Memorandum, the customary bond of $25,000, which is typically shared among several appellants, has been doubled and imposed upon each objector jointly and severally. Not only will this preclude DeJulius' appeal, in violation of FRAP 7 and this Circuit's jurisprudence, but it improperly imposes upon DeJulius costs that are created by and should be paid by the Orloff Appellants.

Finally, to the extent that the Court's bond includes administrative delay costs, those costs are not permissible in this Circuit absent a request for a stay, or an underlying statute that defines those things as costs that are shifted to a party in violation of that statute. *See In re Am. Investors Life Ins. Co.*, 695 F. Supp. 2d at 161-162 (when no request for a stay is made, appeal bond may not include delay costs of any kind). Because no such statute exists here, and Appellant DeJulius has obviously not moved for a stay pursuant to FRAP 8, it is improper for an appeal bond to include anything other than costs of appeal defined under FRAP 39(e). *See Hirschensohn v Lawyers Title Ins. Corp.*, 1997 U.S. App. LEXIS 13793 (3rd Cir. June 10, 1997)("costs" in FRAP 7 are limited to those listed in FRAP 39(e)).[1]

---

[1] *Hirschensohn* is the only Third Circuit decision ever to address the permissibility of appeal bonds, and presumably still constitutes the governing law in this Circuit.

WHEREFORE, Appellant DeJulius requests clarification of the Court's Bond Order to make clear that Appellant DeJulius is not responsible for paying any more than $25,000, or his fair pro rata share, of the $50,000 appeal bond entered by this Court. In the alternative, Appellant DeJulius requests that this Court reduce the bond to the maximum reasonable amount permitted in this Circuit of $25,000.

Franklin DeJulius
By his attorneys,

/s/ Vincent S. Verdiramo
VINCENT S. VERDIRAMO
VERDIRAMO & VERDIRAMO ESQS, PA
3163 Kennedy Blvd.
Jersey City NJ 07306
(201) 798-7082
(201) 798-4627
mmf036@aol.com

John J. Pentz,
19 Widow Rites Lane
Sudbury, MA 01776
Phone: (978) 261-5725
Fax: (978) 405-5161
Clasaxn@earthlink.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the ECF filing system on January 15, 2014, and that as a result electronic notice of the filing was served upon all attorneys of record.

/s/ Vincent S. Verdiramo
Vincent S. Verdiramo