UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. VYTORIN/ZETIA SECURITIES LITIGATION | Civil Action No. 08-2177 (DMC) (JBC) |

_____

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEJULIUS'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF BOND ORDER**

_____

Jay Eisenhofer
Daniel L. Berger
John C. Kairis
**GRANT & EISENHOFER P.A.**
485 Lexington Ave.
New York, NY  10017
(646) 722-8500
*Lead Counsel for Lead Plaintiffs and the Class*

James E. Cecchi
Lindsey H. Taylor
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ  07068
(973) 994-1700
*Co-Liaison Counsel for Plaintiffs*

Max W. Berger
Salvatore J. Graziano
Laura H. Gundersheim
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1285 Avenue of the Americas
New York, NY  10019
(212) 554-1400

*Lead Counsel for Lead Plaintiffs and the Class*

Lead Plaintiffs, Stichting Pensioenfonds ABP, International Fund Management, S.A. (Luxemburg), the Jacksonville Police and Fire Retirement System, and the General Retirement System of the City of Detroit (collectively, "Lead Plaintiffs"), respectfully submit this Memorandum of Law in opposition to the motion filed by Franklin DeJulius ("DeJulius") for reconsideration and/or clarification of the Court's Order executed on January 8, 2014 and entered on January 9, 2014, granting Lead Plaintiffs' motion requiring DeJulius, Dr. Marshall J. Orloff IRA R/O and the Orloff Family Trust DTD 12/31/01 ("Orloffs", and together with DeJulius, the "Appealing Objectors") to "jointly and severally" post an appeal bond "in the amount of $50,000…"  Order at 2 (Docket No. 362).

## LEGAL ARGUMENT

### I. DEJULIUS' MOTION FOR RECONSIDERATION SHOULD BE DENIED

While Objector DeJulius admits that it is appropriate for him to pay an appeal bond, he has moved for "reconsideration and/or clarification" of the Court's Order.  DeJulius's motion should be denied because:  (1) neither he, nor any of the Appealing Objectors, ever filed any opposition to Lead Plaintiffs' motion for entry of an order requiring the Appealing Objectors to post a bond for costs on appeal which specifically set forth the amount of the bond requested (*i.e,* $50,000) and

1

ordered the Appealing Objectors "jointly and severally" liable for the bond;[1] and (2) he has not satisfied any of the requirements for the extraordinary remedy of reconsideration.[2]

### A. STANDARD FOR RECONSIDERATION

Local Civil Rule 7.1(i) governs motions for reconsideration. The rule requires the moving party to set forth "the matter or controlling decisions which the party believes the [court] has overlooked." L. Civ. R. 7.1(i). A court may grant a motion under Rule 7.1(i) only if:

> [(1)] an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.

*Feit v. Great-West Life & Annuity Ins. Co.*, 460 F. Supp. 2d 632, 643 (D.N.J. 2006); *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). Reconsideration is "'an extraordinary remedy'" that should be granted "'very sparingly.'" *Joyce v. City of Sea Isle City*, No. 04-cv-5345, 2008 WL 2875456, at *2 (D.N.J. July 23, 2008) (quoting *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). As made clear below,

---

[1] Lead Plaintiffs filed their motion for a bond order and supporting brief on November 20, 2013 (Docket Nos. 359 and 359-1). The Court set the motion for December 16, 2013 and, under Local Civil Rule 7.1(d)(2), any opposition was due December 2, 2013.

[2] DeJulius has not identified any portion of the Court's Order which he claims is unclear or requires "clarification" (because the Order is explicit and clear). Rather, DeJulius merely seeks reconsideration, notwithstanding the title of his motion.

DeJulius has not satisfied any of the requirements for the extraordinary relief of reconsideration.

### B. THE COURT DID NOT OVERLOOK ANY FACTUAL MATTER OR CONTROLLING DECISION

A motion for reconsideration will "fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached." *Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2010). As explained in *Feit*:

> [M]otions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." ... Thus, matters may not be introduced for the first time on a reconsideration motion….

460 F. Supp. 2d at 643 (internal citation omitted). "In short, the initial motion is the 'main event', not a 'tryout on the road' to a motion for reargument." *Bowers v. N.C.A.A. Act, Inc.*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

Despite ample opportunity, DeJulius never filed any opposition to Lead Plaintiffs' motion for an appeal bond. Therefore, DeJulius cannot raise *any* argument opposing the entry or questioning the amount of the bond Order.[3] *See Bapu Corp. v. Choice Hotels Int'l, Inc.*, No. 07-cv-5938, 2010 WL 3259799, at *1

---

[3] As noted above, Lead Plaintiffs' motion explicitly set forth the amount of the bond and that joint and several liability was requested. DeJulius was on notice of the specific terms of the bond requested. Nonetheless, he elected not to file any opposition. Not only is there no legal basis to support DeJulius's motion, but there is no equitable basis either.

3

(D.N.J. Aug. 17, 2010) (denying motion for reconsideration where movant's arguments were raised "for the first time" on reconsideration and movant "never raised [any] defense in opposition to the [original] motion"); *Joyce*, 2008 WL 2875456, at *2 (while movant's "claim may have merit . . . this Court cannot entertain it for the first time on a motion for reconsideration"); *Polizzi Meats, Inc. v. Aetna Life & Cas. Co.*, 931 F. Supp. 328, 329 n. 2 (D.N.J. 1996) ("If plaintiff's counsel chose not to include this report in support of plaintiff's motion for partial summary judgment, it cannot now ask the court to consider it on a motion for reargument").

Quite simply, the Court cannot have "overlooked" an argument which was never presented. *See Cafaro v. HMC Int'l LLC*, No. 07-cv-2793, 2009 WL 2382247, at *1 (D.N.J. July 30, 2009) ("When the assertion is that the Court overlooked something, the Court must have overlooked 'some dispositive factual or legal matter *that was presented to it*.'") (quoting *McGovern v. City of Jersey City*, No. 98-cv-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008)); *see also D'Alessandro v. Bugler Tobacco Co.*, No. 05-cv-5051, 2007 WL 130798, at *1 (D.N.J. Jan. 12, 2007) ("[T]he Court did not simply 'overlook' this brief; rather [movant] failed to properly file the brief."). Thus, DeJulius cannot satisfy the Local Rule 7.1(i) requirement for reconsideration.

4

### C. EVEN IF THE COURT COULD CONSIDER DEJULIUS'S MOTION, NONE OF HIS ARGUMENTS WARRANT RECONSIDERATION OF THE COURT'S ORDER

Even if the Court could consider any of the arguments raised by DeJulius for the first time in his motion for reconsideration, which it cannot, the arguments have no merit.

First, citing only a few district court cases, DeJulius argues that it is improper to impose a bond on him in excess of what he contends is "the customary bond of $25,000." DeJulius Mot. at 2 (Docket No. 364). Those cases are not "controlling decisions" for purposes of L. Civ. R. 7.1(i). *See In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d, 624, 629-30 (D.N.J. 2005) (no "controlling decision" where Third Circuit has not ruled on the issue); *Owens v. City of Atlantic City*, No. 05-cv-3132, 2008 WL 4205797, at *4 (D.N.J. Sept. 8, 2008) ("another district court's decision on a similar issue is not a sufficient basis for reconsideration, as the other court's opinion is not a 'controlling decision'"). Indeed, Lead Plaintiffs cited several cases where courts have imposed bonds of $50,000 or more. *See* Docket No. 359-1 at 18-20. Furthermore, a total appeal bond in the amount of $50,000 is appropriate here given the substantial costs and expenses associated with DeJulius's appeal. *Id.* (identifying the "significant costs, including copying costs for briefs and compilation of the substantial appellate record" and "substantial increased administrative expenses from the delay caused

5

by the … appeals" estimated at "approximately $89,000" by the Court-approved Claims Administrator).

Second, citing no authority at all, much less a "controlling decision," DeJulius argues that appeal bonds may not be imposed jointly and severally. DeJulius Mot. at 2. DeJulius is wrong. Indeed, courts "may make objectors jointly and severally liable for the bond payment." *In re Uponor, Inc. F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11-md-2247, 2012 WL 3984542, at *2 (D. Minn. Sept. 11, 2012) (citing *In re Ins. Brokerage Antitrust Litig.*, No. 04-cv-5184, 2007 WL 1963063, at *3 (D.N.J. July 2, 2007)); *see also Tenille v. Western Union Co.*, No. 09-cv-938, 2013 WL 4829190, at *1 (D. Colo. Sept. 10, 2013) ("The $1,007,294 bond shall be payable jointly and severally by the two appealing objectors"); *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, 2010 WL 1253741, at *3 (S.D.N.Y. Mar. 5, 2010) (ordering "appellants jointly and severally responsible for posting this [$50,000] bond"). In fact, in *Heekin v. Anthem, Inc.*, No. 05-cv-1908, 2013 WL 752637, at *4 (S.D. Ind. Feb. 27, 2013), DeJulius and another objector were "required to each post a bond, jointly and severally in the amount of $250,000.00."

Third, DeJulius argues that administrative delay costs "are not permissible in this Circuit absent a request for a stay, or an underlying statute that defines those things as costs that are shifted to a third party in violation of that statute." DeJulius

Mot. at 2. Once again, DeJulius cites no controlling authority for this proposition.[4] Conversely, Lead Plaintiffs cited numerous cases where courts have required a bond that covered administrative costs resulting from delays on appeal. *See* Lead Plaintiffs' Br. at 18-20. Among these cases is a District of New Jersey case, *In re Nutella Mktg. & Sales Practices*, also cited by DeJulius (DeJulius Mot. at 2), which held that "administrative costs" from a "'delayed disbursement of settlement funds' . . . can be secured by a Rule 7 bond." No. 11-cv-1086, 2012 WL 6013276, at *2 (D.N.J. Nov. 20, 2012) (citation omitted). Indeed, in the *Heekin* case discussed above, the court held that "the excess administrative costs created by the

---

[4]  The decision in *In re American Investors Life Insurance Co. Annuity Marketing & Sales Practices Litigation*, 695 F. Supp. 2d 157, 161-62 (E.D. Pa. 2010) is not "controlling" because it was not issued by the Third Circuit. Moreover, that case involved a supersedeas bond under Fed. R. App. P. 8 and Fed. R. Civ. P. 62(d), while Lead Plaintiffs here moved for an appeal or "cost" bond under Fed. R. App. P. 7. As explained in *Adsani v. Miller*, 139 F.3d 67, 70 n.2 (2d Cir. 1998), a "cost bond" under Rule 7 is "also known as an 'appeal bond'" while a supersedeas bond is issued under Rule 8. The court noted:

> cost bonds and supersedeas bonds "should not be confused …." Wright, Miller & Cooper, 16A *Federal Practice and Procedure: Jurisdiction 2d* § 3953 at 278 (1976). It appears that a "supersedeas bond" is retrospective covering sums related to the merits of the underlying judgment (and stay of its execution), whereas a "cost bond" is prospective relating to the potential expenses of litigating an appeal.

*Id.* Lead Plaintiffs here clearly sought a Rule 7 cost bond covering the prospective expenses and delays resulting from the Appealing Objectors' appeal.

7

delay incident to the appeal, can be characterized as a 'cost of appeal' under Rule 7." *Heekin*, 2013 WL 752637, at *2.

In sum, DeJulius has failed to identify any matter or controlling decision the Court purportedly overlooked which is required for reconsideration under Local Civil Rule 7.1(i). Nor has DeJulius identified any intervening change in controlling law, nor any evidence not previously available, nor any clear error of law or manifest injustice that must be corrected. As explained in *Bapu*, "[d]isagreement is not a proper basis for reconsideration." 2010 WL 3259799, at *1; *see also In re Lord Abbett*, 417 F. Supp. 2d at 627 ("It is improper on a motion for reconsideration to 'ask the Court to rethink what it had already thought through – rightly or wrongly.'") (quoting *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). While DeJulius may belatedly disagree with the amount and manner in which the Court ordered the appeal bond, that is not a basis for reconsideration. DeJulius had his chance to oppose the motion for an appeal bond in accordance with the time frame of L. Civ. R. 7.1 but failed to do so. The Local Rules simply do not allow him to stand back to see what the Court will do on an unopposed motion, then belatedly file his opposition as a motion for reconsideration.

## CONCLUSION

For all the foregoing reasons, DeJulius's motion for reconsideration should be denied.

Dated:  January 27, 2014

                                                CARELLA, BYRNE, CECCHI,
                                                OLSTEIN, BRODY & AGNELLO, P.C.
                                                *Co-Liaison Counsel for Plaintiffs*

                                                By:  /s/ *James E. Cecchi*
                                                          JAMES E. CECCHI

                                                Jay Eisenhofer
                                                Daniel L. Berger
                                                John C. Kairis
                                                GRANT & EISENHOFER P.A.
                                                485 Lexington Ave.
                                                New York, NY 10017
                                                (646) 722-8500

                                                Max W. Berger
                                                Salvatore J. Graziano
                                                Laura H. Gundersheim
                                                BERNSTEIN LITOWITZ BERGER &
                                                GROSSMANN LLP
                                                1285 Avenue of the Americas
                                                New York, NY  10019
                                                (212) 554-1400

                                                *Lead Counsel for Lead Plaintiffs and the Class*