NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. VYTORIN/ZETIA SECURITIES LITIGATION | Civil Action No.: 08-2177 (ES)(JAD)  **OPINION & ORDER** |

**SALAS, DISTRICT JUDGE**

This matter is before the Court on class member Franklin DeJulius's ("DeJulius") motion for reconsideration, (D.E. No. 364), of this Court's Order to impose an appeal bond, (D.E. No. 362).[1] That Order required DeJulius, as well as Dr. Marshall J. Orloff and the Orloff Family Trust DTD 12/13/01 (collectively, the "Orloffs")—as the appealing objectors in this class action—to jointly and severally post a single bond in the amount of $50,000 pursuant to Federal Rule of Appellate Procedure 7. (*See* D.E. No. 362). For the reasons below, DeJulius's motion is DENIED.

**I.     Factual Background and Procedural History**

The facts and procedural history of this class action have been detailed elsewhere and therefore will be provided in summary fashion. (*See, e.g.*, D.E. Nos. 64 & 250). Briefly, in 2008, two actions were brought against Merck & Co., Inc. relating to the drugs Vytorin® and Zetia®. (*See* Civil Action No. 08-2177, D.E. No. 1; Civil Action No. 08-2260, D.E. No. 1). On October 21, 2008, the Court consolidated these actions, ordering the matter be identified as *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*. (D.E. No. 37).

---

[1] This matter was originally before the Honorable Dennis M. Cavanaugh, U.S.D.J. On May 5, 2014, it was reassigned to this Court. For the sake of convenience, however, this Opinion refers to Judge Cavanaugh's orders as having been made by this Court.

1

After extensive litigation, the parties submitted a stipulation and agreement of settlement (the "Settlement") and requested, *inter alia*, that the Court approve the settlement. (*See, e.g.*, D.E. No. 328 (motion seeking preliminary approval); D.E. No. 333 (motion seeking final approval of class action settlement and plan of allocation)). On October 1, 2013, the Court found that "the Settlement set forth in the Stipulation . . . is in all respects fair, reasonable, and adequate." (D.E. No. 353 (the "Settlement Order") at 4). On the same day, the Court also approved a Plan of Allocation of Net Settlement Fund, (D.E. No. 351 (the "Plan Order")), and granted Lead Plaintiffs' motion for attorneys' fees and expenses, (D.E. No. 352 (the "Fee Order")).[2]

On October 25, 2013, DeJulius appealed the Settlement Order to the United States Court of Appeals for the Third Circuit. (D.E. No. 355).[3] And, on October 30, 2013, the Orloffs appealed the Settlement Order, the Plan Order, and the Fee Order to the Third Circuit. (D.E. No. 356).

On November 20, 2013, Lead Plaintiffs filed a motion requesting that the Court order DeJulius and the Orloffs to post an appeal bond pursuant to Federal Rule of Appellate Procedure 7. (D.E. No. 359). This motion went unopposed. Thereafter, on January 8, 2014, the Court granted Lead Plaintiffs' motion and imposed a bond of $50,000 on DeJulius and the Orloffs. (D.E. No. 362). Specifically, the Court ordered that DeJulius and the Orloffs "are jointly and severally responsible for the posting of a single bond in the amount of $50,000 pursuant to Fed. R. App. P. 7." (*Id.* at 2).

---

[2] Lead Plaintiffs are Stichting Pensioenfonds APB, International Fund Management, S.A. (Luxemburg), the Jacksonville Police and Fire Retirement System, and the General Retirement System of the City of Detroit. (D.E. No. 365 at 1).

[3] DeJulius's notice of appeal cites docket entry number 353 (i.e., the Settlement Order)—but references the Court's "Order granting Motion for Attorneys' Fees and Expenses." (*See* D.E. No. 355). This difference, however, is immaterial to the issue raised by DeJulius's motion for reconsideration.

On January 17, 2014, DeJulius filed the instant motion, "seeking reconsideration and/or clarification" of the Court's January 8, 2014 bond order. (D.E. No. 364). DeJulius primarily argues that $25,000 is the "maximum bond imposed by every other court within this Circuit that has imposed an appeal bond" and that "it is improper to make DeJulius responsible for posting the bond for the Orloff Appellants." (*See id.* at 1). Lead Plaintiffs opposed this motion. (D.E. No. 365).

While this motion was pending—but before it was reassigned from the Honorable Dennis M. Cavanaugh, U.S.D.J.—the Third Circuit directed DeJulius to pay the appeal bond in the full amount or face dismissal. (D.E. No. 369). DeJulius paid the bond in full. (*See* D.E. No. 371). Thereafter, the Orloffs' appeal was dismissed pursuant to the parties' agreement. (D.E. No. 374).

## II. Discussion

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."

To succeed on a motion for reconsideration, the movant must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Catlett v. N.J. State Police*, No. 12-153, 2013 WL 6095824, at *2 (D.N.J. Nov. 19, 2013) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d. 349, 353 (D.N.J. 2001)).

But, "a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached." *Fletcher v. St. Joseph Reg'l Med. Ctr.*, No. 10-1499, 2013 WL 3146879, at *3 (D.N.J. June 19, 2013); *see also Warren v. Fisher*, No. 10-5343, 2013 WL 6805668, at *3 (D.N.J. Dec. 20, 2013) ("Reconsideration is not . . . an opportunity to present new legal arguments that were available but not advanced when the underlying motion was decided."). Indeed, "[a] motion for reconsideration is 'an extraordinary remedy to be granted very sparingly.'" *Watkins v. DineEquity, Inc.*, No. 11-7182, 2013 WL 396012, at *2 (D.N.J. Jan. 31, 2013) (quoting *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005)).

Here, DeJulius failed to oppose Lead Plaintiffs' motion for an appeal bond. In fact, *all* of DeJulius's arguments were raised for the first time on a motion for reconsideration. And, to be sure, DeJulius provides no reason for failing to oppose Lead Plaintiffs' bond motion.

Dejulius's reconsideration motion thus suffers from a fatal flaw that warrants denial of his motion. *See Kandil v. Yurkovic*, No. 06-4701, 2013 WL 6448074, at *2 (D.N.J. Dec. 9, 2013) ("[T]here was nothing for this Court to overlook, as Plaintiff never submitted an opposition to defendants' motions for summary judgment. This alone is a fatal flaw in Plaintiff's Motion for Reconsideration."); *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 07-5938, 2010 WL 3259799, at *1 (D.N.J. Aug. 17, 2010) ("Rule 7.1(i) . . . does not contemplate a Court looking to matters which were not originally presented. Thus, Plaintiffs' arguments . . . are not properly raised for the first time on a motion for reconsideration.") (citations and quotations marks); *Joyce v. Sea Isle City*, No. 04-5345, 2008 WL 2875456, at *2 (D.N.J. July 23, 2008) (denying motion for reconsideration in relevant part where, although the party's argument "may have merit," the court "cannot entertain it for the first time on a motion for reconsideration").

4

Furthermore, DeJulius's motion is deficient under Local Civil Rule 7.1 for other reasons. Local Civil Rule 7.1 provides that "[n]o application will be heard unless the moving papers and a brief [are] prepared in accordance with L.Civ.R. 7.2" and that the "brief shall be a separate document for submission to the Court, and shall note the motion day on the cover page." L. Civ. R. 7.1(d)(1). This Rule also requires a movant to file a separate "Notice of Motion." *See* L. Civ. R. 7.1(b)(2) ("The Notice of Motion and all papers in support of or in opposition to the motion, including briefs, must be filed electronically with the Clerk."); L. Civ. R. 7.1(i) ("A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.").

Here, DeJulius's entire submission is a three-page brief, without any reference to a motion date and without a separate Notice of Motion. Thus, DeJulius's motion plainly fails to meet the requirements of Local Civil Rule 7.1. And this further supports denying DeJulius's motion for reconsideration. *See Developers Sur. & Indem., Co. v. NDK Gen. Contractors, Inc.*, No. 06-0086, 2007 WL 542381, at *2 (D.N.J. Feb. 15, 2007) ("Because Plaintiff's application does not meet the requirements of Local Civil Rule 7.1(d)(1), the Court will not hear Plaintiff's application.").

Accordingly, IT IS on this 23rd day of July 2014,

**ORDERED** that, Franklin DeJulius's motion for reconsideration, (D.E. No. 364), is DENIED.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**
